ORIGINAL

FILED

07 DEC -7 PM 3: 39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _PDL_ DEPUTY

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **LAW OFFICES OF LYNN HUBBARD**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5
6  Attorneys for Plaintiff
7
8
9            UNITED STATES DISTRICT COURT
10           SOUTHERN DISTRICT OF CALIFORNIA
11
12
13  A. J. OLIVER,                    No. **07 CV 2301 JLS POR**
14        Plaintiff,
15                                   **Plaintiff's Complaint**
    vs.
16
    RALPHS GROCERY COMPANY
17  dba FOOD 4 LESS #780; CYPRESS
    CREEK CO., LP dba PTC
18  INVESTMENTS COMPANY,
19        Defendants.
20
21
22
23
24
25
26
27
28

*Oliver v. Food 4 Less*
**Plaintiff's Complaint**
                              Page 1

# I. SUMMARY

1.      This is a civil rights action by plaintiff A. J. Oliver ("Oliver") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Food 4 Less #780
660 Palomar
Chula Vista, CA 91911
(hereafter "the Store")

2.      Oliver seeks damages, injunctive and declaratory relief, attorney fees and costs, against Ralphs Grocery Company dba Food 4 Less #780 and Cypress Creek Co., LP dba PTC Investments Company (collectively "Food 4 Less") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

# II. JURISDICTION

3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.      Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.      Oliver's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6.      All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7.      Food 4 Less owns, operates, or leases the Store, and consists of a person (or persons), firm(s), or corporation(s).

*Oliver v. Food 4 Less*
**Plaintiff's Complaint**

1    8.    Oliver suffered a stroke approximately 13 years ago.  The stroke
2 left him paralyzed, speech impaired, and unable to stand or walk.  Oliver
3 requires the use of a motorized wheelchair when traveling about in public.
4 Consequently, Oliver is "physically disabled," as defined by all applicable
5 California and United States laws, and a member of the public whose rights are
6 protected by these laws.

7                                    V. FACTS

8    9.    The Store is a sales or retail establishment, open to the public,
9 which is intended for nonresidential use and whose operation affects commerce.

10    10.    Oliver visited the Store and encountered barriers (both physical and
11 intangible) that interfered with—if not outright denied—his ability to use and
12 enjoy the goods, services, privileges, and accommodations offered at the
13 facility.   To the extent known by Oliver, the barriers at the Food 4 Less
14 included, but are not limited to, the following:

15    • The tow away signage provided at the facility is incorrect;

16    • The signage in the van accessible stall is incorrect;

17    • There is no stop sign painted on the pavement where the accessible
18      route crosses the vehicular way;

19    • There are no detectable warnings where the accessible route
20      crosses the vehicular way;

21    • The pay point machine is mounted too high and out of reach;

22    • There is no directional signage leading to the accessible restrooms;

23    • The signage at the men's restroom's entrance door is incorrect;

24    • The door into the men's restroom requires too much force to
25      operate and does not completely close;

26    • The stall door is not self closing;

27    • The handle and lock on the stall door requires pinching and
28      twisting to operate;

*Oliver v. Food 4 Less*
**Plaintiff's Complaint**

- The side grab bar is mounted more than 12 inches from the back wall;
- The side grab bar does not extend 24 inches beyond the toilet tissue dispenser;
- The toilet tissue dispenser protrudes into the clear floor space needed at the water closet;
- The trash receptacle protrudes into the clear floor space needed at the water closet;
- The pipes underneath the lavatory are not wrapped to prevent burns;
- The handles to operate the lavatory controls require twisting and grasping;
- The soap dispenser's operable part is mounted at more than 40 inches from the floor; and,
- The operable part of the hand dryer is mounted at more than 40 inches from the floor.

These barriers prevented Oliver from enjoying full and equal access.

11.    Oliver was also deterred from visiting the Store because he knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12.    Oliver also encountered barriers at the Store, which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that Oliver is seeking to remove barriers unrelated to his disability.

13.    Food 4 Less knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to

*Oliver v. Food 4 Less*
**Plaintiff's Complaint**

1  the physically disabled.  Moreover, Food 4 Less has the financial resources to
2  remove these barriers from the Store (without much difficulty or expense), and
3  make the facility accessible to the physically disabled.  To date, however, Food
4  4 Less refuses to either remove those barriers or seek an unreasonable hardship
5  exemption to excuse non-compliance.

6      14.    At all relevant times, Food 4 Less has possessed and enjoyed
7  sufficient control and authority to modify the subject property to remove
8  impediments to wheelchair access and to comply with the Americans with
9  Disabilities Act Accessibility Guidelines and Title 24 regulations.  Food 4 Less
10  has not removed such impediments and has not modified the subject property to
11  conform to accessibility standards.  Food 4 Less has intentionally maintained
12  the subject property in its current condition and has intentionally refrained from
13  altering the subject property so that it complies with the accessibility standards.

14      15.    Oliver further alleges that the (continued) presence of barriers at
15  the facility is so obvious as to establish Food 4 Less' discriminatory intent.[1]  On
16  information and belief, Oliver avers that evidence of this discriminatory intent
17  includes Food 4 Less' refusal to adhere to relevant building standards; disregard
18  for the building plans and permits issued for the facility; conscientious decision
19  to the architectural layout (as it currently exists) at the facility; decision not to
20  remove barriers from the facility; and allowance that Food 4 Less' property
21  continues to exist in its non-compliant state.  Oliver further alleges, on
22  information and belief, that Food 4 Less is not in the midst of a remodel, and
23  that the barriers present at the facility are not isolated (or temporary)
24  interruptions in access due to maintenance or repairs.[2]

25  ///
26  ///
27

28  
[1]  E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[2]  Id.; 28 C.F.R. § 36.211(b)

*Oliver v. Food 4 Less*
Plaintiff's Complaint

1

## VI. FIRST CLAIM

2

### Americans with Disabilities Act of 1990

3

Denial of "Full and Equal" Enjoyment and Use

4       16.    Oliver incorporates the allegations contained in paragraphs 1

5   through 15 for this claim.

6       17.    Title III of the ADA holds as a "general rule" that no individual

7   shall be discriminated against on the basis of disability in the full and equal

8   enjoyment    (or    use)    of    goods,    services,    facilities,    privileges,    and

9   accommodations offered by any person who owns, operates, or leases a place of

10   public accommodation. 42 U.S.C. § 12182(a).

11      18.    Food 4 Less discriminated against Oliver by denying "full and

12   equal enjoyment" and use of the goods, services, facilities, privileges or

13   accommodations of the Store during each visit and each incident of deterrence.

14       Failure to Remove Architectural Barriers in an Existing Facility

15      19.    The ADA specifically prohibits failing to remove architectural

16   barriers, which are structural in nature, in existing facilities where such removal

17   is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).    The term "readily

18   achievable" is defined as "easily accomplishable and able to be carried out

19   without much difficulty or expense." Id. § 12181(9).

20      20.    When an entity can demonstrate that removal of a barrier is not

21   readily achievable, a failure to make goods, services, facilities, or

22   accommodations available through alternative methods is also specifically

23   prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

24      21.    Here, Oliver alleges that Food 4 Less can easily remove the

25   architectural barriers at the Store without much difficulty or expense, and that

26   Food 4 Less violated the ADA by failing to remove those barriers, when it was

27   readily achievable to do so.

28

*Oliver v. Food 4 Less*
*Plaintiff's Complaint*

22.     In the alternative, if it was not "readily achievable" for Food 4 Less to remove the Store's barriers, then Food 4 Less violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

23.     On information and belief, the Store was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24.     The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.     Here, Food 4 Less violated the ADA by designing or constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public—including Oliver—when it was structurally practical to do so.[3]

<u>Failure to Make an Altered Facility Accessible</u>

26.     On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

///

///

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Oliver v. Food 4 Less*
**Plaintiff's Complaint**

28.    Here, Food 4 Less altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public— including Oliver—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.    Here, Food 4 Less violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.    Oliver seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.    Oliver also seeks a finding from this Court (*i.e.*, declaratory relief) that Food 4 Less violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

VII. SECOND CLAIM

**Disabled Persons Act**

33.    Oliver incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.    California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

*Oliver v. Food 4 Less*
**Plaintiff's Complaint**

35.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37.   Here, Food 4 Less discriminated against the physically disabled public—including Oliver—by denying them full and equal access to the Store. Food 4 Less also violated Oliver's rights under the ADA, and, therefore, infringed upon or violated (or both) Oliver's rights under the Disabled Persons Act.

38.   For each offense of the Disabled Persons Act, Oliver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.   He also seeks to enjoin Food 4 Less from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

40.   Oliver incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.    Food 4 Less' aforementioned acts and omissions denied the physically disabled public—including Oliver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Oliver by violating the Unruh Act.

46.    Oliver was damaged by Food 4 Less' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47.    Oliver also seeks to enjoin Food 4 Less from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

48.    Oliver incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

*Oliver v. Food 4 Less*
*Plaintiff's Complaint*

1    51.    Oliver alleges the Store is a public accommodation constructed,
2    altered, or repaired in a manner that violates Part 5.5 of the Health and Safety
3    Code or Government Code § 4450 (or both), and that the Store was not exempt
4    under Health and Safety Code § 19956.

5    52.    Food 4 Less' non-compliance with these requirements at the Store
6    aggrieved (or potentially aggrieved) Oliver and other persons with physical
7    disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant
8    to Health and Safety Code § 19953.

9                                    X. PRAYER FOR RELIEF
10    WHEREFORE, Oliver prays judgment against Food 4 Less for:
11    1.    Injunctive relief, preventive relief, or any other relief the Court deems
12    proper.
13    2.    Declaratory relief that Food 4 Less violated the ADA for the purposes of
14    Unruh Act or Disabled Persons Act damages.
15    3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the
16    California Civil Code (but not both) according to proof.
17    4.    Attorneys' fees, litigation expenses, and costs of suit.[4]
18    5.    Interest at the legal rate from the date of the filing of this action.
19
20    DATED: December 6, 2007            LAW OFFICES OF LYNN HUBBARD
21
22
23                                       LYNN HUBBARD, III
24                                       Attorney for Plaintiff, A.J. Oliver
25
26
27
28

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Oliver v. Food 4 Less*
**Plaintiff's Complaint**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| A.J. Oliver | Ralphs Grocery Company dba Food 4 Less #780; Cypress Creek Co., LP dba PTC Investments Company |

**(b)** County of Residence of First Listed Plaintiff  **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

'07 DEC 7 PM 2:46

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY: _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF LYNN HUBBARD  (530) 895-3252
12 WILLIAMSBURG LANE CHICO, CA 95926

Attorneys (If Known)

'07 CV 2301 JLS POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | | Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE ____    DOCKET NUMBER Excess of $75,000

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12/06/2007 | _(signature)_ |

**FOR OFFICE USE ONLY**

RECEIPT # 145288    AMOUNT 350.    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

12/7/07

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145288    — SR
* * C O P Y * *
December 07, 2007
16:03:03**

**Civ Fil Non-Pris**
USAO #.: 07CV2301 CIV. FIL.
Judge..: LOUISA S PORTER
Amount.:                    $350.00 CK
Check#.: BC#20522

**Total—>  $350.00**

FROM: OLIVER V. RALPHS GROCERY, ET A
      CIVIL FILING