GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
MICHAEL DRURY (SBN 177993)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
Email:  hurleyg@gtlaw.com; drurym@gtlaw.com

Attorneys for Defendant,
Ralphs Grocery Company DBA Food 4 Less #780

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.J. Oliver,<br><br>          Plaintiff,<br><br>vs.<br><br>RALPH'S GROCERY COMPANY dba FOOD 4 LESS #780; CYPRESS CREEK CO., LP dba PTC INVESTMENTS COMPANY,<br><br>          Defendants. | CASE NO. 07 CV 2301 JLS POR<br><br>**DEFENDANT RALPHS GROCERY COMPANY'S <u>AMENDED</u> ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Defendant RALPHS GROCERY COMPANY, DBA FOOD 4 LESS # 780 ("Defendant"), pursuant to Fed. R. Civ. P. 15(a), and hereby files this <u>Amended</u> Answer to the Complaint on file herein and alleges as follows:

## I. SUMMARY

1. In response to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies each and every allegation in this paragraph.

2. In response to Paragraph 2 of the Complaint, the allegations purport to summarize the Complaint to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies each and every allegation in this paragraph.

## II. JURISDICTION

3. In response to Paragraph 3 of the Complaint, Defendant admits only that original jurisdiction in this Court would appear to be appropriate for the alleged violations of the Americans With Disabilities Act (ADA) claims.

4. In response to Paragraph 4 of the Complaint, Defendant states that supplemental jurisdiction in this Court may be appropriate pursuant to 28 U.S.C. § 1367.

5. In response to Paragraph 5 of the Complaint, Defendant admits only that plaintiff's allegations/claims appear to be authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. In response to Paragraph 6 of the Complaint, Defendant admits only that venue in this Court would appear to be proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

## IV. PARTIES

7. Responding to Paragraph 7 of the Complaint, Food 4 Less admits that it operates a store located at 660 Palomar Street in Chula Vista California.

8.   Responding to Paragraph 8 of the Complaint, Food 4 Less lacks the information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis denies all the allegations in this paragraph.

## V. FACTS

9.   Responding to Paragraph 9 of the Complaint, Defendant admits only that the store is a retail establishment and that it is open to the public.

10.   Responding to Paragraph 10 of the Complaint, Defendant denies all the allegations therein.

11.   Responding to Paragraph 11 of the Complaint, Defendant denies all the allegations therein.

12.   Responding to Paragraph 12 of the Complaint, Defendant denies all the allegations therein.

13.   Responding to Paragraph 13 of the Complaint, Defendant denies all the allegations therein.

14.   Responding to Paragraph 14 of the Complaint, Defendant denies all the allegations therein.

15.   Responding to Paragraph 15 of the Complaint Defendant denies all the allegations therein and further states that the store is currently in the process of being remodeled.

## VI. FIRST CLAIM

16.   Responding to Paragraph 16 of the Complaint, Defendant realleges and reincorporates herein paragraphs 1 through 15 of this Answer as set forth above.

17.   Responding to Paragraph 17 of the Complaint, the Americans With Disabilities Act speaks for itself.  Defendant denies Plaintiff's characterization of the Act to the extent that such characterization is inconsistent with the provisions of the Act.

18.    Responding to Paragraph 18 of the Complaint, Defendant denies all the allegations therein.

19. Responding to Paragraph 19 of the Complaint, the Americans With Disabilities Act speaks for itself. Defendant denies Plaintiff's characterization of the Act to the extent that such characterization is inconsistent with the provisions of the Act.

20. Responding to Paragraph 20 of the Complaint, the Americans With Disabilities Act speaks for itself. Defendant denies Plaintiff's characterization of the Act to the extent that such characterization is inconsistent with the provisions of the Act.

21. Responding to Paragraph 21 of the Complaint, Defendant denies all the allegations therein.

22. Responding to Paragraph 22 of the Complaint, Defendant denies all the allegations therein.

23. Responding to Paragraph 23 of the Complaint, Defendant lacks the information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis denies the allegations.

24. Responding to Paragraph 24 of the Complaint, the Americans With Disabilities Act speaks for itself. Defendant denies Plaintiff's characterization of the Act to the extent that such characterization is inconsistent with the provisions of the Act.

25. Responding to Paragraph 25 of the Complaint, Defendant denies all the allegations alleged therein.

26. Responding to Paragraph 26 of the Complaint, Defendant lacks the information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis denies the allegations.

27. Responding to Paragraph 27 of the Complaint, the Americans With Disabilities Act speaks for itself. Defendant denies Plaintiff's characterization of the Act to the extent that such characterization is inconsistent with the provisions of the Act.

28. Responding to Paragraph 28 of the Complaint, Defendant denies all of the allegations therein.

29. Responding to Paragraph 29 of the Complaint, the Americans With Disabilities Act speaks for itself. Defendant denies Plaintiff's characterization of the Act

to the extent that such characterization is inconsistent with the provisions of the Act.

30. Responding to Paragraph 30 of the Complaint, Defendant denies all of the allegations therein.

31. Responding to Paragraph 31 of the Complaint, Defendant acknowledges that Plaintiff "seeks" certain relief, but denies that he is entitled to any such relief and denies the remaining allegations in this paragraph.

32. Responding to Paragraph 32 of the Complaint, Defendant acknowledges that Plaintiff "seeks" certain relief, but denies that he is entitled to any such relief and denies the remaining allegations in this paragraph.

## VII. SECOND CLAIM

### Disabled Persons Act

33. Responding to Paragraph 33 of the Complaint, Defendant realleges and reincorporates herein paragraphs 1 through 32 of this Answer as set forth above.

34. Responding to Paragraph 34 of the Complaint, Civil Code §§ 54, et seq. speak for themselves. Defendant denies Plaintiff's characterization of these sections to the extent such characterization is inconsistent with the provisions of these sections.

35. Responding to Paragraph 35 of the Complaint, Civil Code §§ 54, et seq. speak for themselves. Defendant denies Plaintiff's characterization of these sections to the extent such characterization is inconsistent with the provisions of these sections.

36. Responding to Paragraph 36 of the Complaint, Civil Code §§ 54, et seq. speak for themselves. Defendant denies Plaintiff's characterization of these sections to the extent such characterization is inconsistent with the provisions of these sections.

37. Responding to Paragraph 37 of the Complaint, Defendant denies all of the allegations therein.

38. Responding to Paragraph 38 of the Complaint, Defendant acknowledges that Plaintiff "seeks" certain relief, but denies that he is entitled to any such relief and denies the remaining allegations in this paragraph.

39. Responding to Paragraph 39 of the Complaint, Defendant acknowledges that Plaintiff "seeks" certain relief, but denies that he is entitled to any such relief and denies the remaining allegations in this paragraph.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

40. Responding to Paragraph 40 of the Complaint, Defendant realleges and reincorporates herein paragraphs 1 through 39 of this Answer as set forth above.

41. Responding to Paragraph 41 of the Complaint, the Unruh Civil Rights Act speaks for itself. Defendant denies Plaintiff's characterization of the Act to the extent such characterization is inconsistent with the provisions of the Act.

42. Responding to Paragraph 42 of the Complaint, the Unruh Civil Rights Act speaks for itself. Defendant denies Plaintiff's characterization of the Act to the extent such characterization is inconsistent with the provisions of the Act.

43. Responding to Paragraph 43 of the Complaint, the Unruh Civil Rights Act speaks for itself. Defendant denies Plaintiff's characterization of the Act to the extent such characterization is inconsistent with the provisions of the Act.

44. Responding to Paragraph 44 of the Complaint, Defendant denies all the allegations therein.

45. Responding to Paragraph 45 of the Complaint, Defendant denies all the allegations therein.

46. Responding to Paragraph 46 of the Complaint, Defendant denies all the allegations therein.

47. Responding to Paragraph 47 of the Complaint, Defendant acknowledges that Plaintiff "seeks" certain relief, but denies that he is entitled to any such relief and denies the remaining allegations in this paragraph.

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48. Responding to Paragraph 48 of the Complaint, Defendant realleges and

reincorporates herein paragraphs 1 through 47 of this Answer as set forth above.

49. Responding to Paragraph 49 of the Complaint, Health & Safety Code §§ 19955, et seq. speak for themselves. Defendant denies Plaintiff's characterization of these sections to the extent such characterization is inconsistent with the provisions of these sections.

50. Responding to Paragraph 50 of the Complaint, Health & Safety Code §§ 19955, et seq. speak for themselves. Defendant denies Plaintiff's characterization of these sections to the extent such characterization is inconsistent with the provisions of these sections.

51. Responding to Paragraph 51 of the Complaint, Defendant admits only that the subject store is a "public accommodation," but denies all remaining allegations contained in this paragraph.

52. Responding to Paragraph 52 of the Complaint, Defendant acknowledges that Plaintiff "seeks" certain relief, but denies that he is entitled to any such relief and denies the remaining allegations in this paragraph.

## **AFFIRMATIVE DEFENSES**

For a further answer to Plaintiff's Complaint and by way of affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

As a First Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that the Complaint and said causes of action fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

As a Second Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that plaintiff failed, subsequent to the occurrence described in the Complaint, to properly mitigate his damages, if any, and thereby is precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on his part.

## THIRD AFFIRMATIVE DEFENSE

As a Third Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that plaintiff voluntarily and with full knowledge of the matters referred to in the Complaint assumed any and all of the risk, hazards, and perils of the circumstances referred to in the Complaint and, therefore, assumed the risk of any injuries or damages sustained by said plaintiff, if any at all.

## FOURTH AFFIRMATIVE DEFENSE

As a Fourth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that this incident(s) was caused by the negligence and/or fault of other persons, corporations, and entities, whether named or not named in the Complaint, and that Defendant's liability, if any, should be reduced accordingly.

## FIFTH AFFIRMATIVE DEFENSE

As a Fifth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that said Complaint is barred by the Statute of Limitations; including but not limited to, §§ 335.1, 337.1, 338, 339, 340, and 343 of the California Code of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

As a Sixth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that if any injuries or damages were sustained by plaintiff, those injuries and damages were proximately caused and contributed to by plaintiff himself. Any recovery to which plaintiff is entitled, if any, should be reduced by the amount proportionate to the amount by which plaintiff's fault contributed to the damages plaintiff alleges he sustained.

## SEVENTH AFFIRMATIVE DEFENSE

As a Seventh Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that in the event Defendant prevails in this action, Defendant shall be entitled to recover reasonable attorneys' fees for the defense of this matter under the provisions of the ADA and California Civil Code Sections 51, 52 and 54.

### EIGHTH AFFIRMATIVE DEFENSE

As an Eighth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

### NINTH AFFIRMATIVE DEFENSE

As a Ninth Affirmative Defense, it is alleged that plaintiff's Complaint and each cause of action alleged therein, is barred by reason of the issuance by local building authorities of appropriate building permits and Certificates of Occupancy for said facilities.

### TENTH AFFIRMATIVE DEFENSE

As a Tenth Affirmative Defense, it is alleged that any and all injuries or damages, if any, suffered by plaintiff were caused, in whole or in part, by other persons or entities for whose acts or omissions Defendant has no responsibility.

### ELEVENTH AFFIRMATIVE DEFENSE

As an Eleventh Affirmative Defense, it is alleged that the Complaint and each cause of action alleged therein, is barred by reason of Defendant's good faith reliance upon the advice of architects with respect to said facilities.

### TWELFTH AFFIRMATIVE DEFENSE

As a Twelfth Affirmative Defense, it is alleged that the Complaint and each cause of action alleged therein is barred because the relief demanded in plaintiff's complaint would, if granted result in a fundamental alteration of Defendant's services.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a Thirteenth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that plaintiff's claims are barred, in whole or in part, because of their failure to name indispensable parties pursuant to Fed. R. Civ. P., Rule 19.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a Fourteenth Affirmative Defense to the Complaint and each cause of action

alleged therein, it is alleged that plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a Fifteenth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a Sixteenth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a Seventeenth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As an Eighteenth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that plaintiff's claims are barred, in whole or in part, because Defendant was justified in acting as it did, in that Defendant acted in good faith and in the lawful exercise of their legitimate rights in connection with all matters alleged in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

As a Nineteenth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that plaintiff's claims are barred, in whole or in part, because the laws that plaintiff seeks to enforce are unconstitutionally vague and/or unconstitutionally overbroad

### TWENTIETH AFFIRMATIVE DEFENSE

As a Twentieth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that plaintiff's claims are barred, in whole or in part, because

Defendant relied in good faith on the law as it existed at the time of the construction of the facilities at issue.

### TWENTY FIRST AFFIRMATIVE DEFENSE

As a Twenty First Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### TWENTY SECOND AFFIRMATIVE DEFENSE

As a Twenty Second Affirmative Defense to the Complaint and each cause of action, it is alleged that plaintiff's claims are barred as a matter of law because plaintiff lacks standing to seek the relief he requests.

### TWENTY THIRD AFFIRMATIVE DEFENSE

As a further, separate and distinct Twenty Third Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that the features identified in the Complaint substantially comply with the applicable law and are within "dimensional tolerances."

### TWENTY FOURTH AFFIRMATIVE DEFENSE

As a Twenty Fourth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that plaintiff's claims are barred as a matter of law because plaintiff failed to provide any notice to Defendant regarding the alleged accessibility issues prior to filing this lawsuit.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

As a Twenty Fifth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that plaintiffs' claims for damages under the Unruh Act are barred as a matter of law because plaintiff cannot meet his burden of establishing intentional conduct on the part of Defendant.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

As a Twenty Sixth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that any allegedly wrongful acts or omissions performed by

Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of alleged architectural barriers was not readily achievable.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

As a Twenty Seventh Affirmative Defense to the Complaint and each cause of action alleged therein, Defendant reserves the right to amend this Answer to assert additional affirmative defenses as such additional defenses are discovered during the course of this case.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

As a Twenty Eighth Affirmative Defense to the Complaint and each cause of action alleged therein, pursuant to 42 U.S.C. § 12182(b)(3), Defendant is not required to permit Plaintiff to participate in or benefit from the goods, services, facilities, privileges, advantages and/or accommodations where Plaintiff poses a direct threat to the health and safety of Plaintiff and others.

**WHEREFORE**, Defendant prays:

1. That the Complaint be dismissed with prejudice;
2. That Plaintiff take nothing by way of his Complaint;
3. That Defendant recover its cost of suit, including attorneys' fees; and,
4. For such other and further relief as the Court deems just and equitable.

DATED: January 15, 2008            GREENBERG TAURIG, LLP

By /s/ Michael Drury
   Gregory F. Hurley
   Michael Drury
   Attorneys for Defendant Ralphs Grocery
   Company, DBA Food 4 Less # 780

11

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

DATED: January 15, 2008            GREENBERG TRAURIG, LLP

By /s/ Michael Drury
    Gregory F. Hurley
    Michael Drury
    Attorneys for Defendant Ralphs Grocery
    Company, DBA Food 4 Less # 780

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3161 Michelson Drive, Suite 1000, Irvine, California 92612.

On the below date, I served: **DEFENDANT RALPHS GROCERY COMPANY'S AMENDED ANSWER TO COMPLAINT** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Lynn Hubbard, III
Law Offices of Lynn Hubbard
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Fax: (530) 894-8244

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**

In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)**

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court and at whose direction the service was made.

Executed on January 14, 2008, at Irvine, California.

/s/ Michael Drury
Signature