Robert P. Lowell, Esq. - State Bar No. 030547
**LOWELL & ROBBIN**
Attorney at Law
707 Broadway, Suite 1800
San Diego, California 92101-5314
Tel. (619) 236-1142
Fax (619) 233-0700

**Attorney for** Defendant CYPRESS CREEK CO., L.P., dba PTC INVESTMENTS COMPANY



FILED
MAR 1 7 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. J. OLIVER,<br><br>  Plaintiff,<br>vs.<br><br>RALPHS GROCERY COMPANY dba FOOD 4 LESS #780; CYPRESS CREEK CO., LP dba PTC INVESTMENTS COMPANY,<br><br>  Defendants. | Case No. 07 CV 2301 JLS POR<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT** |

Comes now CYPRESS CREEK CO., L.P., a Delaware limited partnership, doing business as PTC INVESTMENTS COMPANY ("this Answering Defendant"), and for its answer herein, admits, alleges and denies as follows:

1. In answer to the allegations of Paragraph 1 of the Complaint, this Answering Defendant admits that Plaintiff has filed this Complaint alleging discrimination at the Store. This Answering Defendant specifically denies that there has been, and is, any discrimination. Except as expressly admitted or specifically denied, this Answering Defendant generally and specifically denies each and every allegation of said Paragraph 1.

2. In answer to the allegations of Paragraph 2 of the Complaint, this Answering Defendant admits that Plaintiff is seeking the relief therein alleged and specifically denies that Plaintiff is entitled to

ANSWER TO PLAINTIFF'S COMPLAINT

1

any such relief. Except as expressly admitted or specifically denied, this Answering Defendant generally and specifically denies each and every allegation of said Paragraph 2.

   3.   This Answering Defendant admits the allegations of Paragraph 3 of the Complaint.

   4.   This Answering Defendant admits the allegations of Paragraph 4 of the Complaint.

   5.   In answer to the allegations of Paragraph 5 of the Complaint, this Answering Defendant specifically alleges that Plaintiff's claims are without any support in fact. Except as expressly alleged, this Answering Defendant generally and specifically denies each and every allegation of said Paragraph 5.

   6.   This Answering Defendant generally and specifically denies each and every allegation of Paragraph 6 of the Complaint.

   7.   This Answering Defendant admits the allegations of Paragraph 7 of the Complaint.

   8.   In answer to the allegations of Paragraph 8 of the Complaint, this Answering Defendant has no information or belief as to the allegations therein alleged, and basing its answer thereon, generally and specifically denies each and every allegation of said Paragraph 8.

   9.   This Answering Defendant admits the allegations of Paragraph 9 of the Complaint.

   10.  In answer to the allegations of Paragraph 10 of the Complaint, this Answering Defendant alleges as follows:

   10.1. This Answering Defendant has no information or belief as to whether Plaintiff ever, if at all, visited the Store, and on that basis generally and specifically denies that Plaintiff ever visited the Store.

   10.2. This Answering Defendant has no information or belief as to whether Plaintiff ever visited the Store and ascertained whether barriers, if any, existed, or exist, and on that basis specifically denies Plaintiff ever knew, or would have known, of any barriers.

   10.3. Based on the allegations of Paragraph 10 of the Complaint, it appears that the first four alleged barriers constitute Plaintiff's sole claim against this Answering Defendant.

      (a) This Answering Defendant specifically denies that any stop sign is required to be painted on the pavement where the accessible route crosses the vehicular way.

2

ANSWER TO PLAINTIFF'S COMPLAINT

      (b)    This Answering Defendant specifically denies that it has created or maintained any barrier.

      (c)    This Answering Defendant expressly alleges that (i) the tow away signs are correct and (ii) the van accessible signs are correct.

10.4   This Answering Defendant generally and specifically denies each and every other allegation of said Paragraph 10.

11.    This Answering Defendant generally and specifically denies each and every allegation of Paragraph 11 of the Complaint.

12.    This Answering Defendant generally and specifically denies each and every allegation of Paragraph 12 of the Complaint.

13.    This Answering Defendant has no information or belief as to the allegations of Paragraph 13 of the Complaint and on that basis generally and specifically denies each and every allegation of said Paragraph 13.

14.    In answer to the allegations of Paragraph 14 of the Complaint, this Answering Defendant has no information or belief as to the allegations therein contained, and basing its denial on that ground, generally and specifically denies each and every allegation therein contained.

15.    In answer to the allegations of Paragraph 15 of the Complaint, this Answering Defendant has no information or belief as to the allegations therein contained, and basing its denial on that ground, generally and specifically denies each and every allegation therein contained.

## ANSWER TO FIRST CLAIM

16.    In answer to the allegations of Paragraph 16 of the Complaint, this Answering Defendant incorporates herein by this reference Paragraphs 1 through 15 of this Answer.

17.    This Answering Defendant admits the allegations of Paragraph 17 of the Complaint.

18.    This Answering Defendant has no information or belief as to the allegations of Paragraph 18 of the Complaint and on that basis generally and specifically denies each and every allegation therein contained.

19.    This Answering Defendant admits the allegations of Paragraph 19 of the Complaint.

20.    This Answering Defendant admits the allegations of Paragraph 20 of the complaint.

ANSWER TO PLAINTIFF'S COMPLAINT

3

21. This Answering Defendant has no information or belief as to the allegations of Paragraph 21 of the Complaint and on that basis, generally and specifically denies each and every allegation of said Paragraph 21.

22. This Answering Defendant has no information or belief as to the allegations of Paragraph 22 of the Complaint and on that basis, generally and specifically denies each and every allegation of said Paragraph 22.

23. This Answering Defendant admits the allegations of Paragraph 23.

24. This Answering Defendant admits the allegations of Paragraph 24 of the Complaint.

25. This Answering Defendant generally and specifically denies each and every allegation of Paragraph 25 of the Complaint.

26. This Answering Defendant admits the allegations of Paragraph 26 of the Complaint.

27. In answer to the allegations of Paragraph 27 of the Complaint, the law speaks for itself. This Answering Defendant specifically denies that any such law has been violated. Except as expressly admitted or specifically denied, this Answering Defendant generally and specifically denies each and every allegation of said Paragraph 27.

28. This Answering Defendant has no information or belief as to the allegations of Paragraph 28 of the Complaint and on that basis generally and specifically denies each and every allegation of said Paragraph 28.

29. This Answering Defendant admits the allegations of Paragraph 29 of the Complaint.

30. This Answering Defendant has no information or belief as to the allegations of Paragraph 30 of the Complaint and on that basis generally and specifically denies each and every allegation of said Paragraph 30.

31. In answer to the allegations of Paragraph 31 of the Complaint, this Answering Defendant acknowledges that Plaintiff seeks the relief therein alleged but specifically denies that he is entitled to any such relief. This Answering Defendant generally and specifically denies each and every other allegation of said Paragraph 31.

32. In answer to the allegations of Paragraph 32 of the Complaint, this Answering Defendant acknowledges that Plaintiff seeks the relief therein alleged but specifically denies that he is entitled to

ANSWER TO PLAINTIFF'S COMPLAINT

any such relief. This Answering Defendant generally and specifically denies each and every other allegation of said Paragraph 32.

## ANSWER TO SECOND CLAIM

33. In answer to the allegations of Paragraph 33 of the Complaint, this Answering Defendant incorporates herein by this reference as though set forth in full Paragraphs 1 through 30 of this Answer.

34. This Answering Defendant admits the allegations of Paragraph 34 of the Complaint.

35. This Answering Defendant admits the allegations of Paragraph 35 of the Complaint.

36. This Answering Defendant admits the allegations of Paragraph 36 of the Complaint.

37. In answer to the allegations of Paragraph 37 of the Complaint, this Answering Defendant has no information or belief as to the allegations therein stated and on that basis, generally and specifically denies each and every allegation therein contained.

38. In answer to the allegations of Paragraph 38 of this Complaint, this Answering Defendant admits that Plaintiff seeks the relief therein alleged but specifically denies that Plaintiff is entitled to any such relief. This Answering Defendant generally and specifically denies each and every other allegation of said Paragraph 38.

39. In answer to the allegations of Paragraph 39 of this Complaint, this Answering Defendant admits that Plaintiff seeks the relief therein alleged but specifically denies that Plaintiff is entitled to any such relief. This Answering Defendant generally and specifically denies each and every other allegation of said Paragraph 39.

## ANSWER TO THIRD CLAIM

40. In answer to the allegations of Paragraph 40 of the Complaint, this Answering Defendant incorporates herein by this reference as though set forth in full Paragraphs 1 through 30 of this Answer.

41. This Answering Defendant admits the allegations of Paragraph 41 of the Complaint.

42. This Answering Defendant admits the allegation of Paragraph 42 of the Complaint.

43. This Answering Defendant admits the allegations of Paragraph 43 of the Complaint.

44. In answer to the allegations of Paragraph 44 of the Complaint, this Answering Defendant has no information or belief as to the allegations therein contained, and basing its denial on that ground, generally and specifically denies each and every allegation therein contained.

5

ANSWER TO PLAINTIFF'S COMPLAINT

45. In answer to the allegations of Paragraph 45 of the Complaint, this Answering Defendant has no information or belief as to the allegations therein contained, and basing its denial on that ground, generally and specifically denies each and every allegation therein contained.

46. In answer to the allegations of Paragraph 46 of the Complaint, this Answering Defendant admits that Plaintiff seeks the damages therein alleged but denies that Plaintiff is entitled to any relief whatsoever. This Answering Defendant generally and specifically denies each and every other allegation of said Paragraph 46.

47. In answer to the allegations of Paragraph 47 of the Complaint, this Answering Defendant admits that Plaintiff seeks an injunction, attorneys' fees and costs as therein alleged but denies that Plaintiff is entitled to any relief whatsoever. This Answering Defendant generally and specifically denies each and every other allegation of said Paragraph 47.

## ANSWER TO FOURTH CLAIM

48. In answer to the allegations of Paragraph 48 of the Complaint, this Answering Defendant incorporates herein by this reference as though set forth in full Paragraphs 1 through 13 of this Answer.

49. This Answering Defendant admits the allegations of Paragraph 49 of the Complaint.

50. In answer to the allegations of Paragraph 50 of the Complaint, this Answering Defendant alleges that the Store was constructed after July 1, 1970. Except as expressly alleged, this Answering Defendant admits the allegations of said Paragraph 50.

51. In answer to the allegations of Paragraph 51 of the Complaint, this Answering Defendant admits that Plaintiff claims certain violations as therein alleged but specifically denies that any such violations existed, or now exist. This Answering Defendant generally and specifically denies each and every other allegation of said Paragraph 51.

52. In answer to the allegations of Paragraph 52 of the Complaint, this Answering Defendant admits that Plaintiff seeks the relief therein alleged but specifically denies that Plaintiff is entitled to any such relief. This Answering Defendant generally and specifically denies each and every other allegation of said Paragraph 52.

///

///

## FIRST AFFIRMATIVE DEFENSE

### (No Claim)

I.

The Complaint, and each claim therein contained, fails to state facts sufficient to constitute a claim against this Answering Defendant or any other defendant.

II.

Plaintiff has not alleged when, if at all, he visited the Store. On that basis, there can be no claim.

## SECOND AFFIRMATIVE DEFENSE

### (Property is in Compliance with Applicable Law)

This Answering Defendant's property which is the subject of this legal action is in full compliance with the legal requirements of the Americans with Disabilities Act, the Unruh Act, the Disabled Persons Act and all other federal and state statutes and laws applicable to disabled persons.

## THIRD AFFIRMATIVE DEFENSE

### (No Damages)

Although this Answering Defendant denies that there is any violation of the statutes and laws referenced in the Second Affirmative Defense, in any event, Plaintiff has suffered no damages. There is no allegation when, if at all, Plaintiff even visited the Store.

## FOURTH AFFIRMATIVE DEFENSE

### (Acts or Omissions)

This Answering Defendant is not legally responsible for the acts and/or omissions of those Defendants named herein.

## FIFTH AFFIRMATIVE DEFENSE

### (Bad Faith Action [C.C.P. § 128.5])

This Answering Defendant is informed and believes and thereon alleges that the Complaint, and

each purported claim contained therein, was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the law to warrant the filing of said Complaint against this Answering Defendant. Therefore, Plaintiff is responsible for all necessary and reasonable defense costs, including attorneys' fees, incurred by this Answering Defendant, as more particularly set forth in Code of Civil Procedure § 128.5.

### SIXTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

I.

This Answering Defendant alleges that Plaintiff's action is barred under the applicable statutes of limitations including, but not limited to Code of Civil Procedure §§ 336, 336a, 337, 337a, 337.1, 337.15, 337.2, 338, 339, 339.5, 340, 340.1, 340.2, 340.3, 340.5, 340.6, 343, 346 and 347.

II.

This Answering Defendant further alleges that the specific statute of limitations applicable to legal actions filed under the Americans with Disabilities Act, the Unruh Act, the Disabled Persons Act, and related statutes had expired prior to the filing of this action. Thus, this action is barred by the applicable statute(s) of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

**(Doctrine of Laches)**

Some or all of Plaintiff's claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

**(Waiver; Estoppel)**

Plaintiff has waived, or should be estopped from asserting, some or all of the claims set forth in the Complaint.

///

## Reservation of Rights

This Answering Defendant reserves the right to amend this Answer to assert additional affirmative defenses and to supplement, alter or change this Answer and defenses upon revelation of more definitive facts and/or upon discovery and investigation in this matter.

**WHEREFORE,** this Answering Defendant prays for judgment as follows:

1. That Plaintiff take nothing by this legal action;

2. That this Answering Defendant recover its legal costs, including its attorneys' fees incurred herein; and

3. For such other and further relief as the Court may deem proper.

DATED: March 17, 2008

LOWELL & ROBBIN

By: /s/ Robert P. Lowell
Robert P. Lowell
Attorneys for Defendant CYPRESS CREEK CO., L.P., a Delaware limited Partnership, doing business in California as PTC INVESTMENTS COMPANY

ANSWER TO PLAINTIFF'S COMPLAINT

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| **Title of Case (Abbreviated)**<br>A. J. Oliver v. Ralphs Grocery Company dba Food for Less #780 | <br>FILED<br>MAR 17 2008<br>CLERK<br>SOUTHERN ... IFORNIA<br>BY _____ DEPUTY |
| **Attorney(s) Names and Address and Telephone**<br>Robert P. Lowell, Esq. (SBN: 030547)<br>LOWELL & ROBBIN<br>707 Broadway, Suite 1800<br>San Diego, CA 92101-5314<br>Tel: (619) 236-1142<br>Fax: (619) 233-0700<br>E-Mail: rpl@lowell-robbin.com | |
| **Attorney(s) For Defendant:** CYPRESS CREEK CO., L.P., dba PTC INVESTMENTS COMPANY | **Case Number:** 07 CV2301 JLS (POR) |

## DECLARATION OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Lowell & Robbin, 707 Broadway, Eighteenth Floor, San Diego, California 92101-5314.

On March 17, 2008, I served the following document(s):

**ANSWER TO PLAINTIFF'S COMPLAINT**

on the parties listed below as follows:

> Lynn Hubbard III
> Scottlynn J. Hubbard IV
> LAW OFFICES OF LYNN HUBBARD, III
> 12 Williamsburg Lane
> Chico, CA 95926
> Tel: (530) 895-3252
> Fax: (530) 894-8244
> **Attorneys for Plaintiff**

☐ **By facsimile machine (FAX)** by personally transmitting a true copy thereof via an electronic facsimile machine.

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at San Diego, California.

☐ **By personal service** by personally delivering a true copy thereof to the addressee(s) listed herein at the location listed herein.

☐ **By Federal Express** or overnight mail.

☐ *(State)*   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ *(Federal)*   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 17, 2008, at San Diego, California.

_____
SALLY E. BOWLBY