Robert P. Lowell, Esq. - State Bar No. 030547
**LOWELL & ROBBIN**
Attorney at Law
707 Broadway, Suite 1800
San Diego, California 92101-5314
Tel. (619) 236-1142
Fax (619) 233-0700

**Attorney for** Defendant CYPRESS CREEK CO., L.P., dba PTC INVESTMENTS COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. J. OLIVER,<br><br>          Plaintiff,<br>vs.<br><br>RALPHS GROCERY COMPANY dba FOOD 4 LESS #780; CYPRESS CREEK CO., LP dba PTC INVESTMENTS COMPANY,<br><br>          Defendants. | Case No. 07 CV 2301 JLS (POR)<br><br>MEMO OF POINTS AND AUTHORITIES OF DEFENDANT CYPRESS CREEK CO., LP dba PTC INVESTMENT COMPANY IN OPPPOSITION TO CLAIMS OF DISCRIMINATION MADE BY PLAINTIF<br><br>Date: April 1, 2008<br>Time: 3:30 p.m.<br>Dept:<br>Honorable Magistrate Louisa Parker |

Comes now Defendant CYPRESS CREEK CO., L.P., a Delaware limited partnership, doing business as PTC INVESTMENTS COMPANY by its attorney, Robert P. Lowell, and for its Memorandum in Opposition to the claims of Plaintiff herein, respectfully represents to the Court as follows:

### STATEMENT OF FACTS

Based on two "meet and confer" meetings, including one meeting between attorneys for the respective parties at the Chula Vista Trolley Station (the location of the alleged violations), Plaintiff is alleging only two violations of the ADA and Title 24. They are:

1.      <u>Van Accessible Sign</u>.  According to Mr. Hubbard (attorney for Plaintiff), the Van Accessible sign is properly located, it is painted in the correct colors, the letters are the correct size and

the sign is the correct width. The sign is six inches high. However, Mr. Hubbard claims it must be eight inches high. A colored photo of the sign will be produced at the ENE Conference.

2. <u>Entrance Sign</u>. The entry signs are properly located and proper in size and print in every respect. They are printed: white print on a blue background. Mr. Hubbard's only issue is that he claims that the signs should be: black print on white background. A copy of the sign will be produced at the ENE Conference.

## APPLICABLE LAW

The law applicable to the two alleged violations is found in Title 24 Regulations and the applicable provisions of the California Vehicle Code. In neither instance do the Regulations or the law support Plaintiff's position.

1. <u>Van Accessible Sign</u>. Section 1129B.4 of the Title 24 Regulations provides (in part):

> "Spaces complying with Section 1129B.3 Item 2 shall have an additional sign stating "Van Accessible" mounted below the symbol of accessibility. . . ."

Note: There is no reference in Title 24 to the size or dimensions of the sign. Also please note that California Vehicle Code § 22511.7 which deals with the disabled parking sign at the head of the parking stall does not discuss "Van Accessible". Thus, the only reference in the law (Title 24) to "Van Accessible" does not prescribe the dimensions of the "Van Accessible" sign.

2. <u>Entry Sign</u>. The issue of the Entry sign is discussed in both Section 1129B.4 of Title 24 and in Section 22511.8(e) of the California Vehicle Code. There is no mention of what colors of print and background are required. Thus, it seems that the only requirement would require that the signs, size and print (including specified language presently on the sign) be readily (easily) visible and readable. This Defendant's signs meet those qualifications.

///
///
///

## WHAT IS NOT THE LAW

Plaintiff (through Mr. Hubbard) now claims that portions of the Chula Vista Municipal Code and regulations of the State Department of Transportation apply (without identifying why they are even relevant or as a matter of law apply to the pending case). Plaintiff's claims are improper for the following reasons.

    A.    <u>The Chula Vista Municipal Code ("CVMC") is Irrelevant in Respect to the Present Action</u>.

In his effort to find some statute or regulation to support Plaintiff's claim, Mr. Hubbard now claims support from the Chula Vista Municipal Code.

He cites CVMC § 10.04.020 which merely provides that:

> "These rules and regulations are intended to supplement the regulations found in the Vehicle Code . . . in those instances where the subject matter is not covered by state traffic laws . . . ."

The same regulation then provides that if there is a conflict between the Vehicle Code and the CVMC, the State Vehicle Code shall prevail.

Plaintiff's attempt to use the CVMC is fatal in at least two respects.

    1.    Plaintiff does not cite any provision of the Vehicle Code or its regulations that make reference to the CVMC in respect to the applicable provisions of the Vehicle Code.

    2.    Plaintiff does not provide any provision of any law which makes the plaintiff in this action a private policeman to enforce the CVMC. In short, this Court in this action does not have the authority to enforce the CVMC. In addition, there is no authority provided that the CVMC can be brought into this action by the reference to supplemental jurisdiction in the case. Clearly, that was never the intention of "supplemental jurisdiction" in ADA/Title 24 cases.

    B.    <u>Plaintiff Now Tries to Bolster his Case by Reference to Regulations of the State Department of Transportation Which he Claims is Applicable in this Action</u>.

Plaintiff claims that the California Department of Transportation Uniform Traffic Control Devices standards are applicable to this case.

Again, however, whatever traffic standards which are included generally apply to public thoroughfares (and not to private property).

And more importantly, there are no provisions in Title 24 (including its references to specific Vehicle Code sections) which make reference or incorporate provisions of the Uniform Traffic Control Devices standards. Thus, they do not, and cannot, apply.

### Conclusion

A. <u>Summary</u>. Thus, Defendant submits that in order for it to be held responsible for the claims that Plaintiff makes, Plaintiff has the burden to prove that the provisions of the Chula Vista Municipal Code and the Regulations of the State Department of Transportation standards applies to the present case. Then Plaintiff must prove that those laws/regulations are a part of the supplemental jurisdiction normally pleaded in these ADA/Title 24 cases.

Most importantly, as can be seen by the lack of any viable claim of violations by Defendant, this Defendant, as the owner of the shopping center has endeavored to keep the Center in compliance. If Plaintiff claims that there is some change in the law to support its claim, then Plaintiff also has the burden to prove how this Defendant has any "notice" of such law in order to require compliance. Plaintiff has failed to do so.

Clearly, Plaintiff's claims are without merit and should be dismissed.

B. <u>Attorney's Fees</u>.

As noted in Plaintiff's complaint, he has pleaded his case under Civil Code § 52. Under that code section, because this Defendant is the prevailing party, this Defendant is entitled to recover its attorney's fees from the Plaintiff. This Defendant requests a Court order to that effect.

Respectfully submitted,

LOWELL & ROBBIN

By _____
ROBERT P. LOWELL, Attorney for
Defendant CYPRESS CREEK CO., L.P., dba
PTC INVESTMENTS COMPANY