UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RALPHS GROCERY COMPANY dba FOOD 4 LESS #780; CYPRESS CREEK CO., LP dba PTC INVESTMENTS COMPANY,<br><br>　　　　　Defendants. | Civil No.   07cv2301-JLS (POR)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

**PLEASE NOTE THAT SOME DATES HAVE CHANGED SINCE THE CASE MANAGEMENT CONFERENCE**

On May 14, 2008, the Court held a Case Management Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. Appearing before the Court were: Scott Hubbard, Esq., counsel for Plaintiff; Michael Chilleen, Esq., counsel for Defendant Ralphs Grocery Company; and Robert Lowell, Esq., counsel for Defendant Cypress Creek Co. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

1.　　Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **June 13, 2008**.

2.　　The parties shall designate their respective experts in writing by **August 15, 2008**. The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is <u>not</u> limited to retained experts. The date

for exchange of rebuttal experts shall be on or before **August 29, 2008**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

  3. On or before **November 3, 2008**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

  4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c)on or before **November 17, 2008**.

  5. **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

  6. A Mandatory Settlement Conference shall be conducted on **August 11, 2008**, at **10:00 a.m.**, in the chambers of the Honorable Louisa S. Porter. Counsel shall lodge settlement statements, if any, <u>directly</u> with the chambers of Judge Porter via email to efile_porter@casd.uscourts.gov on or before **July 31, 2008**. Counsel shall exchange settlement statements. The settlement statements should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and addressing special and general damages where applicable. The settlement statements **shall not** be filed with the Clerk of the Court.

  All parties and claims adjusters for insured defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, *must be present* and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. All conference discussions will be informal, off the record, privileged and confidential.

  Mandatory settlement conferences shall not be rescheduled without a showing of good cause

and adequate notice to the Court. If counsel wish to reschedule this conference, they shall contact the Court at least 10 days prior to the conference. Absent exceptional circumstances, the Court will not reschedule this conference with less than 10 days notice. <u>Only in extreme circumstances will the Court reschedule a mandatory settlement conference with less than 24 hours notice.</u>

7. All discovery shall be completed on or before **December 19, 2008**. *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of this Court no later than thirty days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

8. All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **January 19, 2009**.

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. <u>Be advised that the parties must file their moving papers within three days of receiving the motion hearing date from the Court. Be further advised that the period of time between the date you request a motion date and the hearing date may be</u> **up to two months**. <u>Please plan accordingly.</u>

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed 25 pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed 10 pages without leave of the judge or magistrate judge who will hear the motion.

9. The parties shall file their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2), (3) and (4) and serve a copy on opposing counsel on or before **April 23, 2009**.

10. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **April 23, 2009**. *Failure to*

*comply with these disclosures requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.*

11. Counsel shall meet and confer regarding the preparation of the Pretrial Order, and take the action required by Local Rule 16.1(f)(5), on or before **April 30, 2009**.

12. The final Pretrial Order, including objections any party has to any other parties' Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **May 7, 2009**, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6). Counsel shall also bring a copy of the Pretrial Order for the Court to the Pretrial Conference.

13. The Pretrial Conference shall be held before the **Honorable Janis L. Sammartino**, United States District Court Judge, on **May 14, 2009** at **1:30 p.m.**

14. The dates and times set forth herein will not be further modified except for good cause shown.

15. Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case hereafter.

DATED: May 19, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

cc:   The Honorable Janis L. Sammartino
      all parties