1  Lynn Hubbard III, SBN 69773
2  Scottlynn J Hubbard, IV, SBN 212970
   Law Offices of Lynn Hubbard
3  12 Williamsburg Lane
4  Chico, CA. 95926
5  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
6

7  Attorneys for Plaintiff, A.J. Oliver

8

9
                UNITED STATES DISTRICT COURT
10
              SOUTHERN DISTRICT OF CALIFORNIA
11

12

13

14  A.J. OLIVER,                      ) Case No. 07cv2301 JLS (POR)
                                      )
15                                    )
            Plaintiff,                ) **Plaintiff's Motion to Modify the**
16                                    ) **Scheduling Order and Amend His**
        v.                            ) **Complaint**
17                                    )
                                      )
18  RALPHS GROCERY COMPANY            ) **[FRCP 16(b) & 15(a)]**
    dba FOOD 4 LESS #780; CYPRESS     )
19  CREEK CO., LP dba PTC             )
20  INVESTMENTS COMPANY,              )
                                      ) Date:   August 7, 2008
21                                    ) Time:   1:30 p.m.
                                      ) Ctrm:   6
22          Defendants                )
                                      )
23                                    ) Honorable Janis L. Sammartino

24

25                      **I. INTRODUCTION**

26       Plaintiff A.J. Oliver seeks to add new barriers via a motion to amend.

27  During the instant litigation, defendants have attempted to remove and/or

28  correct the barriers to disabled access as outlined in Oliver's original

    *Oliver v. Ralphs Grocery Copmany, et al,* **Case No. 07CV2301 JLS (POR)**
    **Plaintiff's Motion To Amend His Complaint**

                              Page 1

1  complaint.  However, plaintiff avers that despite defendants' attempts,

2  access barriers remain, and as defendants disagree, he finds it necessary to

3  amend his complaint.  Furthermore, Oliver has discovered and/or learned

4  about additional access barriers on the subject property that were not listed

5  in his original complaint.

6        Unfortunately, the last date to amend set by this Court in its Pre-Trial

7  Scheduling Order was June 13, 2008.   Previous to this date, and upon

8  request by plaintiff, defendants refused to stipulate to an amended

9  complaint. Therefore the instant motion is necessary, and this Court must

10  also agree to modify its scheduling order so that said amendment can be

11  filed.  This Court should grant Oliver's motion not only because said

12  amendments should be granted liberally, but also because no less an

13  authority than the Ninth Circuit has ruled that not only can a party add new

14  barriers through a motion to amend the complaint, but that said motion is

15  essentially *de rigueur* in order to give adequate notice to the opposing party

16  regarding any new barriers.  Furthermore, good cause is present to allow the

17  modification of the scheduling order, as the access barriers present (as

18  alleged by plaintiff) on the subject property go to the heart of the instant

19  lawsuit, and plaintiff could assess the access barriers on the property only

20  *after* defendants had completed their re-model.

21        Finally, there will be absolutely **no prejudice** to defendants if this

22  Court grants leave for amendment; indeed, it is in the defendants' interests to

23  be legally appraised of any alleged remaining access barriers via an amended

24  complaint.[1]

25  ///

26  ///

27

28  [1]  A copy of the proposed amended complaint has been attached hereto as Exhibit A.

*Oliver v. Ralphs Grocery Copmany, et al,* **Case No. 07CV2301 JLS (POR)**
**Plaintiff's Motion To Amend His Complaint**

Page 2

1

**II.  DISCUSSION**

2

**A.     Motion To Amend**

3        Plaintiff is cognizant that this Court is more than aware of the rules

4   governing the amendment of complaints, so will be brief.  As Federal Rule

5   of Civil Procedure 15 states, "leave [to amend] shall be freely given when

6   justice so requires."  This policy is to be applied with "extreme liberality."

7   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F3d 1048, 1051 (9th Cir. 2003).

8   Indeed, the policy is to be construed so liberally, that the burden is on the

9   non-moving party to show that leave to amend should *not* be granted. *See*

10  *Moore v. Baker,* 989 F.2d 1129, 1131 (11th Cir. 1993).

11       Plaintiff also notes that he seeks leave to amend to alter his allegations

12  regarding the architectural barriers to access present on the subject property,

13  and not to amend to add a party.  This is significant because "amendments

14  seeking to add [or modify] *claims* are to be granted more freely than

15  amendments adding *parties*." *Union Pac. R.R. Co. v. Nevada Power Co.*,

16  950 F.2d 1429, 1432 (9th Cir. 1991) (emphasis added).

17       In the instant case, Oliver seeks to amend his complaint to make

18  perfectly clear to defendant – and this Court – what access barriers remain

19  on the subject property following defendants' re-model and corrections.[2]

20  This is no way will prejudice defendants, and, indeed, allowing the amended

21  complaint will ensure that defendants are given adequate notice of Oliver's

22  allegations. *See, e.g., Pickern v. Pier 1 Imports (US), Inc.*, 457 F.3d 963,

23  968-69 (9th Cir. 2006).

24       The facts of the instant litigation support the amendment.  Defendants

25  have undertaken a re-model in an attempt to bring the subject Food 4 Less

26

27

28

---

[2]    These barriers also include newly discovered barriers, learned about after the filing of the complaint.

*Oliver v. Ralphs Grocery Copmany, et al,* **Case No. 07CV2301 JLS (POR)**
**Plaintiff's Motion To Amend His Complaint**

1  grocery store into federal and state compliance. *See* Declaration of Lynn

2  Hubbard, III in Support of Plaintiff's Motion to Modify Scheduling Order

3  and Amend the Complaint (hereinafter "Hubbard Declaration"), ¶¶ 2-4 filed

4  concurrently herewith.  Unfortunately, the parties are in disagreement as to

5  whether any access barriers remain on the subject property, and therefore

6  plaintiff wishes to amend his complaint to make this clear. *See* Hubbard

7  Declaration, ¶ 4.

8       Unfortunately, defendants have spurned Oliver's proposal to amend

9  the complaint via stipulation. *See* Hubbard Declaration, ¶ 6.  Therefore, the

10  instant motion is required pursuant to FRCP 15(a).

11  **B.    Oliver Has Met the Standard of Rule 16(b)**

12       This Court, again, is no doubt aware of the standard for seeking to

13  modify the scheduling order under Rule 16(b): "A schedule shall not be

14  modified except upon a showing of good cause and by leave of the district

15  judge…"

16       Oliver has acted diligently and in good faith in seeking to amend his

17  complaint.  He does not seek this amendment for any dilatory purpose

18  whatsoever.  After learning that ADA violations still existed on the subject

19  property despite defendants' re-model, and discovering other access barriers

20  not known about prior to the filing of the complaint, Oliver sought a

21  stipulation from all parties to amend his complaint.  After being advised that

22  no defendant would stipulate to such an amended complaint, Oliver filed the

23  instant motion.  There has been no "hiding of the ball."  Oliver has acted in

24  good faith, and diligently.

25       Plaintiff acknowledges that he had sufficient time to amend his

26  complaint after learning of the completion of the re-model prior to the cut-

27  off date.  However, the legal staff of plaintiff's counsel went through a

28  complete turnover, and the necessity of new hiring, as well as training, cost

*Oliver v. Ralphs Grocery Copmany, et al,* **Case No. 07CV2301 JLS (POR)**
**Plaintiff's Motion To Amend His Complaint**

1 | plaintiff several weeks of time. *See* Hubbard Declaration, ¶ 5. Plaintiff in no
2 | way offers this information as *justification* as to why he was unable to
3 | amend his complaint prior to June 13, 2008.  Rather, he respectfully offers it
4 | only as an *explanation* as to why plaintiff was unable to get his amended
5 | complaint filed in time.  Again, there was no dilatory motivation, nor bad
6 | faith of any kind.
7 |       Finally, there simply would be no prejudice to defendant should this
8 | Court grant Oliver's motion: the applicable law, and the issues to resolve
9 | will remain exactly the same.  All that will change is the addition of new
10 | violations that relate to Oliver's disability, as well as making clear those
11 | barriers that were not corrected by the re-model, and that he wishes
12 | remedied so that he may patronize the subject store in a full and equal
13 | manner.

### III. CONCLUSION

15 |       Oliver seeks to amend his complaint in order to add new ADA
16 | violations that he has either encountered or learned about from an inspection
17 | of the property, and to make clear which barriers alleged in the original
18 | complaint remain after defendants' re-model.  Oliver has not acted in a
19 | dilatory manner, and is not acting in bad faith.  There will be absolutely no
20 | prejudice to the defendants should this Court allow its scheduling order to be
21 | modified so that Oliver can amend his complaint.
22 |       Therefore, Oliver respectfully asks that this Court **GRANT** his
23 | motion.
24 | Dated: June 30, 2008                    LAW OFFICES OF LYNN HUBBARD
25 |
26 |                                          */s/ Lynn Hubbard, III, Esquire*
                                            LYNN HUBBARD, III
27 |                                          Attorneys for Plaintiff, A.J. Oliver
28 |

*Oliver v. Ralphs Grocery Copmany, et al,* **Case No. 07CV2301 JLS (POR)**
**Plaintiff's Motion To Amend His Complaint**