# EXHIBIT A

1  LYNN HUBBARD, III, SBN 69773
   SCOTTLYNN J HUBBARD, IV, SBN 212970
2  **LAW OFFICES OF LYNN HUBBARD**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5
6  Attorneys for Plaintiff

7

8
                    UNITED STATES DISTRICT COURT
9
                   SOUTHERN DISTRICT OF CALIFORNIA
10

11

12

13 | A. J. OLIVER,                     )  No. 07cv2301 JLS (POR)
                                       )
14 |     Plaintiff,                    )
                                       )  **Plaintiff's First Amended**
15 |     vs.                           )  **Complaint**
                                       )
16 | RALPHS GROCERY COMPANY            )
17 | dba FOOD 4 LESS #780; CYPRESS     )
   | CREEK CO., LP dba PTC             )
18 | INVESTMENTS COMPANY,              )
                                       )
19 |     Defendants.                   )
20

21

22

23

24

25

26

27

28

*Oliver v. Ralphs Grocery Company, et al.*
**Plaintiff's First Amended Complaint**

Page 1

# I. SUMMARY

1. This is a civil rights action by plaintiff A. J. Oliver ("Oliver") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Food 4 Less #780
660 Palomar
Chula Vista, CA 91911
(hereafter "the Store")

2. Oliver seeks damages, injunctive and declaratory relief, attorney fees and costs, against Ralphs Grocery Company dba Food 4 Less #780 and Cypress Creek Co., LP dba PTC Investments Company (collectively "Food 4 Less") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

# II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Oliver's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7. Food 4 Less owns, operates, or leases the Store, and consists of a person (or persons), firm(s), or corporation(s).

8. Oliver suffered a stroke approximately 13 years ago. The stroke left him paralyzed, speech impaired, and unable to stand or walk. Oliver requires the use of a motorized wheelchair when traveling about in public. Consequently, Oliver is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Store is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce. Oliver visited the Store and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Oliver, the barriers at the Food 4 Less included, but are not limited to, the following:

- Improper tow-away signage at all entrances to the parking lot;
- Improper van accessible parking stall signage on the north and west side of the building;
- All International Symbols of Accessibility (ISAs) located on the ground in parking spaces are of improper size;
- A lack of detectable warnings where an accessible route crosses or intersects a vehicular pathway;
- Shopping carts obstruct the way from the disabled parking to the front entrance of the store;
- No accessible check-out lane and/or checkstand;
- There is no 30 by 48 inches of clear space in front of any the self-grocery bagging areas at each checkstand;
- The pay-point machines for each checkstand are mounted to high;
- The deli counter is not accessible;

*Oliver v. Ralphs Grocery Company, et al.*
**Plaintiff's First Amended Complaint**

Page 3

1   • The meat counter/butcher area is not accessible;
2   • No directional signage to the accessible restrooms;
3   • The toilet paper dispenser in the men's restroom accessible stall protrudes too from the wall obstructing clear wheelchair-to-toilet transfer space;
6   • The door to the accessible restroom stall is not self-closing;
7   • The stall door operating mechanism is not accessible, as improper door hardware is used.

These barriers prevented Oliver from enjoying full and equal access.

10.   Oliver was also deterred from visiting the Store because he knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

11.   Oliver also encountered barriers at the Store, which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that Oliver is seeking to remove barriers unrelated to his disability.

12.   Food 4 Less knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Food 4 Less has the financial resources to remove these barriers from the Store (without much difficulty or expense), and make the facility accessible to the physically disabled.  To date, however, Food 4 Less refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

13.   At all relevant times, Food 4 Less has possessed and enjoyed sufficient control and authority to modify the subject property to remove impediments to wheelchair access and to comply with the Americans with

*Oliver v. Ralphs Grocery Company, et al.*
**Plaintiff's First Amended Complaint**

Page 4

1 Disabilities Act Accessibility Guidelines and Title 24 regulations. Food 4 Less
2 has not removed such impediments and has not modified the subject property to
3 conform to accessibility standards. Food 4 Less has intentionally maintained the
4 subject property in its current condition and has intentionally refrained from
5 altering the subject property so that it complies with the accessibility standards.

6     14. Oliver further alleges that the (continued) presence of barriers at the
7 facility is so obvious as to establish Food 4 Less' discriminatory intent.[1] On
8 information and belief, Oliver avers that evidence of this discriminatory intent
9 includes Food 4 Less' refusal to adhere to relevant building standards; disregard
10 for the building plans and permits issued for the facility; conscientious decision
11 to the architectural layout (as it currently exists) at the facility; decision not to
12 remove barriers from the facility; and allowance that Food 4 Less' property
13 continues to exist in its non-compliant state. Oliver further alleges, on
14 information and belief, that Food 4 Less is not in the midst of a remodel, and
15 that the barriers present at the facility are not isolated (or temporary)
16 interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

20     15. Oliver incorporates the allegations contained in paragraphs 1
21 through 15 for this claim.
22     16. Title III of the ADA holds as a "general rule" that no individual
23 shall be discriminated against on the basis of disability in the full and equal
24 enjoyment (or use) of goods, services, facilities, privileges, and accommodations
25 offered by any person who owns, operates, or leases a place of public
26 accommodation. 42 U.S.C. § 12182(a).

---

[1] E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
[2] Id.; 28 C.F.R. § 36.211(b)

*Oliver v. Ralphs Grocery Company, et al.*
**Plaintiff's First Amended Complaint**

Page 5

17. Food 4 Less discriminated against Oliver by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Store during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

18. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

19. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

20. Here, Oliver alleges that Food 4 Less can easily remove the architectural barriers at the Store without much difficulty or expense, and that Food 4 Less violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

21. In the alternative, if it was not "readily achievable" for Food 4 Less to remove the Store's barriers, then Food 4 Less violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

22. On information and belief, the Store was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

23. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and

usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

24. Here, Food 4 Less violated the ADA by designing or constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public—including Oliver—when it was structurally practical to do so.[3]

### Failure to Make an Altered Facility Accessible

25. On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

26. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

27. Here, Food 4 Less altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Oliver—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

28. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

29. Here, Food 4 Less violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Oliver v. Ralphs Grocery Company, et al.*
**Plaintiff's First Amended Complaint**

Page 7

1 modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

30.  Oliver seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

31.  Oliver also seeks a finding from this Court (*i.e.,* declaratory relief) that Food 4 Less violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM
### Disabled Persons Act

32.  Oliver incorporates the allegations contained in paragraphs 1 through 30 for this claim.

33.  California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

34.  California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

35.  Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

36.  Here, Food 4 Less discriminated against the physically disabled public—including Oliver—by denying them full and equal access to the Store. Food 4 Less also violated Oliver's rights under the ADA, and, therefore, infringed upon or violated (or both) Oliver's rights under the Disabled Persons Act.

37. <u>For each offense</u> of the Disabled Persons Act, Oliver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

38. He also seeks to enjoin Food 4 Less from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act

39. Oliver incorporates the allegations contained in paragraphs 1 through 30 for this claim.

40. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

41. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

42. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

43. Food 4 Less' aforementioned acts and omissions denied the physically disabled public—including Oliver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

44. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Oliver by violating the Unruh Act.

45. Oliver was damaged by Food 4 Less' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

46. Oliver also seeks to enjoin Food 4 Less from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

47. Oliver incorporates the allegations contained in paragraphs 1 through 13 for this claim.

48. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

49. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

50. Oliver alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

51. Food 4 Less' non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Oliver and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Oliver prays judgment against Food 4 Less for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

*Oliver v. Ralphs Grocery Company, et al.*
**Plaintiff's First Amended Complaint**

Page 10

2. Declaratory relief that Food 4 Less violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[4]

5. Interest at the legal rate from the date of the filing of this action.

DATED: June 30, 2008                    LAW OFFICES OF LYNN HUBBARD

                                        */s/ Lynn Hubbard, III, Esquire*
                                        LYNN HUBBARD, III
                                        Attorney for Plaintiff, A.J. Oliver

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Oliver v. Ralphs Grocery Company, et al.*
**Plaintiff's First Amended Complaint**

Page 11