GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
MICHAEL CHILLEEN (SBN 210704)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
Email: hurleyg@gtlaw.com;
chilleenm@gtlaw.com

Attorneys for Defendant,
Ralphs Grocery Company DBA Food 4 Less #780

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. Oliver,<br><br>    Plaintiff,<br><br>vs.<br><br>RALPH'S GROCERY COMPANY dba FOOD 4 LESS #780; CYPRESS CREEK CO., LP dba PTC INVESTMENTS COMPANY,<br><br>    Defendants. | CASE NO. 07 CV 2301 JLS POR<br><br>**DEFENDANT RALPHS GROCERY COMPANY'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 37(d); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declarations of Michael J. Chilleen, and Melissa Reilly filed concurrently herewith]<br><br>**Date: August 21, 2008**<br>**Time: 1:30 p.m.**<br>**Ctrm: H**<br><br>Magistrate Judge Louisa S. Porter |

MOTION FOR SANCTIONS                              Case No. 07 CV-2301 JLS POR

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on August 21, 2008, at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court located at 880 Front Street, San Diego, California, Ralphs Grocery Company will and hereby does move the Court for an order granting Ralphs Grocery Company an award of sanctions in the amount of $ 1,953.00, pursuant to Federal Rule of Civil Procedure 37(d), because plaintiff failed to appear for his deposition scheduled on June 25, 2008 without substantial justification.

Ralphs is not required to meet and confer prior to filing this Motion. *See e.g., Grand Oaks, Inc. v. A.W. Anderson*, 175 F.R.D. 247 (N.D. Miss. 1997).

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, the concurrently-filed Declarations of Michael J. Chilleen and Melissa Reilly, and upon such other matters and arguments as may be presented to the Court at the time of the hearing.

DATED: July 3, 2008                    GREENBERG TRAURIG, LLP


By  s/Michael J. Chilleeen
    Gregory F. Hurley
    Michael Chilleen
    Attorneys for Defendant Ralphs Grocery
    Company, DBA Food 4 Less # 780

1

# INTRODUCTION

Pursuant to Rule 37(d), Ralphs Grocery Company ("Ralphs") seeks an award of costs, including attorney's fees, in the amount of $1,953.00 because plaintiff failed to appear for his noticed deposition. Under Rule 37(d), monetary sanctions are mandatory unless plaintiff can demonstrate "substantial justification" for his failure to appear. Although plaintiff acknowledged several times that he was aware of his upcoming deposition, he failed to appear without explanation. Thus, as more fully explained below, Ralphs is entitled to expenses relating to the aborted deposition and this motion for sanctions.

# FACTUAL BACKGROUND

**A.   Although Plaintiff Was Aware That His Deposition Was Scheduled For June 25, He Failed To Appear Without Explanation.**

On May 2, 2008, the parties held the Rule 26(f) conference. (Chilleen Declaration ¶ 2; 05/13/08 Chilleen Letter, attached as Exhibit "A" to Chilleen Declaration.) On May 5, Ralphs propounded written discovery and noticed the deposition of plaintiff for June 25. (Ralphs' discovery is attached as Exhibit "B" to Chilleen Declaration.) Two days later, plaintiff objected that this discovery was premature because the parties had not filed a joint discovery report. (Chilleen Declaration ¶ 2; 05/13/08 Chilleen Lettter.) Ralphs explained that the Rule 26(f) conference triggered the right to conduct discovery -- not the filing of a discovery report -- and asked plaintiff to withdraw his objection. (*Id.*) After plaintiff refused to meet and confer on this matter, Ralphs threatened to bring a motion to compel, at which point, plaintiff finally withdrew his objection. (Chilleen Declaration ¶ 2; 05/16/08 Chilleen Letter, attached as Exhibit "C" to Chilleen Declaration; 05/23/08 Chilleen Letter, attached as Exhibit "D" to Chilleen Declaration.)

On June 4, Ralphs agreed to an extension of time for plaintiff to respond to its

written discovery, provided that Ralphs receive plaintiff's responses before his scheduled deposition. (Chilleen Declaration ¶ 3; Reilly Declaration ¶ 2.) Plaintiff agreed to provide responses by June 16, nine days before his deposition. (*Id*.; 06/04/08 Hubbard Letter, attached as Exhibit "E" to Chilleen Declaration.)

On June 25, without prior notification, both plaintiff and his attorney, Mr. Hubbard, failed to appear for plaintiff's deposition. (Chilleen Declaration ¶ 4; court reporter transcript, attached as Exhibit "F" to Chilleen Declaration.) Ralphs' counsel, Mr. Chilleen, called Mr. Hubbard to get an explanation. (Chilleeen Declaration ¶ 4.) A legal assistant answered that Mr. Hubbard was not available, but confirmed that they would not be appearing for plaintiff's deposition. (*Id*.) The legal assistant suggested that recent turnover in legal staff was somehow responsible for their nonappearance. (*Id*.) To date, neither plaintiff nor his attorney has offered any justification for why they did not show up.[1] (*Id*.)

## ARGUMENT

### I. RULE 37(d) GOVERNS SANCTIONS FOR FAILING TO APPEAR AT DEPOSITION.

Rule 37(d) treats sanctions for failing to appear at deposition, differently than other discovery sanctions, because such conduct completely undermines the discovery process:

> The misconduct at which subdivision (d) [of Rule 37] is directed consists of a party's complete failure to respond, by way of appearance, objection, answer, or motion for protective order, to a discovery request. Such a complete failure strikes at the very heart of the discovery system and threatens the fundamental assumption on which the whole apparatus of discovery was designed, that in the vast majority of instances, the discovery system will be self-executing…It is precisely because outright failures to respond to discovery halt the case development process dead in its tracks, and threaten the underpinnings of the discovery system, that subdivision (d) of Rule 37 authorizes district courts, in responding to this kind of misconduct, to pass over the system of progressive discipline that is established in the first two subdivisions of Rule 37, and to impose in the first instance any of a wide range of sanctions.

---

[1] Since plaintiff wholly failed to appear for his deposition, Ralphs was not required to meet and confer with plaintiff prior to filing this motion. *See e.g., Grand Oaks, Inc. v. A.W. Anderson*, 175 F.R.D. 247 (N.D. Miss. 1997).

3

Moor's Federal Practice - Civil § 37.90, *Sanctions For Party's Failure To Appear At Own Deposition, Or To Respond To Interrogatories Or Requests For Production Or Inspection*, p. 1.

For these reasons, Rule 37(d) makes monetary sanctions, including attorney's fees, mandatory unless the party to be sanctioned can show that his failure to appear was "substantially justified." See Fed.R.Civ.P. 37; *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994); *Telluride Management Solutions, Inc. v. Steel*, 55 F.3d 463, 466 (9th Cir. 1995), *overruled on other grounds*. The burden of establishing substantial justification is on the party being sanctioned. (*Id.*) The rule does not require the failure to appear to be in bad faith or willful, and mere inadvertence requires an award of sanctions. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) ("We have not required a finding of bad faith on the part of the attorney before imposing sanctions under *Rule 37*."); *Telluride Management Solutions, Inc. v. Steel*, 55 F.3d 463, 466 (9th Cir. 1995), *overruled on other grounds* ("Rule 37 does not require the failure to appear to be in bad faith for the imposition of sanctions."); *Burnett v. Venturi*, 903 F.Supp. 304, 308 (N.D. N.Y. 1995) (sanctions apply even in cases not rising to level of willfulness); *Fautek v. Montgomery Ward & Co.*, 96 F.R.D., 141, 145-146 (N.D. Ill. 1982) (awarding attorney's fees even though unclear that failure to respond with complete and accurate production was result of anything more than negligence); *T.B.I. Industrial Corp. v. Emery Worldwide*, 900 F.Supp. 687, 694 (S.D. N.Y. 1995) (deponent's inadvertence justifies imposition of costs and attorney's fees relating to the missed deposition and motion for sanctions.)

Monetary sanctions include the cost for the appearance of a court reporter, attorney's fees for time relating to the aborted deposition and for the time spent preparing the motion for sanctions, and costs for preparing the motion for sanctions. *See P.J. Yannitelli v. Navieras De Puerto Rico*, 103 F.R.D. 413, 416 fn. 6 (S.D. N.Y. 1984); *T.B.I. Industrial Corp. v. Emery Worldwide*, 900 F.Supp. 687, 694 (S.D. N.Y. 1995).

## II. RALPHS' MOTION FOR SANCTIONS SHOULD BE GRANTED BECAUSE PLAINTIFF HAS NOT DEMONSTRATED SUBSTANTIAL JUSTIFICATION FOR FAILING TO APPEAR AT HIS DEPOSITION.

Plaintiff has not provided any meaningful justification, much less substantial justification, for his failure to appear. The suggestions that the deposition notice was inadvertently misplaced during employee turnover or that through mismanagement the notice never came to plaintiff's attention do not help plaintiff avoid sanctions for several reasons. First, as a factual matter, this position is unsupported. The facts demonstrate that plaintiff was aware that his deposition was scheduled for June 25. As explained above, plaintiff was properly served with a deposition notice, on May 5, as evidenced by Ralphs' proof of service. Two days later, plaintiff confirmed receipt by objecting to the deposition notice as premature. Later, after withdrawing his objection, plaintiff agreed to provide responses to Ralphs' written discovery prior to his upcoming deposition. Thus, on several occasions, plaintiff has acknowledged that he was aware of his June 25 deposition date.

Second, even if true, these circumstances do not amount to substantial justification. Ralphs does not have to show bad faith or willful nonappearance, and mere inadvertence requires imposition of monetary sanctions. *See e.g., Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994); *Telluride Management Solutions, Inc. v. Steel*, 55 F.3d 463, 466 (9th Cir. 1995), *overruled on other grounds*; *T.B.I. Industrial Corp. v. Emery Worldwide*, 900 F.Supp. 687, 694 (S.D. N.Y. 1995).

Moreover, Ralphs has been prejudiced by plaintiff's nonappearance. Since the outset of this case, plaintiff has refused to state a specific amount of damages or the specific injunctive relief he seeks. Ralphs is entitled to take his deposition in a timely manner to ascertain these basic facts. *See Commody Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 771 (9th Cir. 1995) (failure to appear at deposition seriously prejudices the ability of opposing party to make its case); *Adriana Int'l Corp. v.*

*Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (failure to appear at deposition "interfere[s] with rightful decision of the case.")  Ralphs has also needlessly incurred attorney's fees and court reporter costs due to plaintiff's nonappearance, in the amount of $1,953.00.  (Chilleen Declaration ¶¶ 5-6.)

## **CONCLUSION**

For the above reasons, Ralphs respectfully requests that its motion be granted in its entirety.

DATED: July 3, 2008                    GREENBERG TAURIG, LLP


By  s/Michael J. Chilleeen
    Gregory F. Hurley
    Michael Chilleen
    Attorneys for Defendant Ralphs Grocery
    Company, DBA Food 4 Less # 780

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3161 Michelson Drive, Suite 1000, Irvine, California 92612.

On the below date, I served: **DEFENDANT RALPHS GROCERY COMPANY'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 37(d); MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of the United States District Court for the Southern District, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| Lynn Hubbard, III<br>Law Offices of Lynn Hubbard<br>12 Williamsburg Lane<br>Chico, CA 95926<br>Telephone: (530) 895-3252<br>Fax: (530) 894-8244 | Robert P. Lowell<br>Lowell & Robbin<br>707 Broadway, Suite 1800<br>San Diego, CA 92101-5314<br>Telephone: (619) 236-1142<br>Fax: (619) 233-0700 |
| *Attorney for Plaintiff, A.J. Oliver* | *Attorney for Defendant, Cypress Creek Co., L.P.* |

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**

In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)**

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court and at whose direction the service was made.

Executed on July 3, 2008, at Irvine, California.

/s/ Michael Chilleen
Signature

1

PROOF OF SERVICE                                           Case No. 07 CV-2301 JLS POR
OC 286,217,522v1 1/28/2008