GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
MICHAEL CHILLEEN (SBN 210704)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
Email: hurleyg@gtlaw.com;
chilleenm@gtlaw.com

Attorneys for Defendant,
Ralphs Grocery Company DBA Food 4 Less #780

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. Oliver,<br><br>                Plaintiff,<br><br>vs.<br><br>RALPH'S GROCERY COMPANY<br>dba FOOD 4 LESS #780; CYPRESS<br>CREEK CO., LP dba PTC<br>INVESTMENTS COMPANY,<br><br>                Defendants. | CASE NO. 07 CV 2301 JLS POR<br><br>**DECLARATION OF MICHAEL J. CHILLEEN IN SUPPORT OF DEFENDANT RALPHS GROCERY COMPANY'S MOTION FOR SANCTIONS UNDER RULE 37(d);**<br><br>**[Notice of Motion and Motion for Sanctions under Rule 37(d) and Declaration of Melissa Reilly filed concurrently herewith]**<br><br>**Date: August 21, 2008**<br>**Time: 1:30 p.m.**<br>**Ctrm: H**<br><br>Magistrate Judge Louisa S. Porter |

Pursuant to 28 U.S.C. § 1746, I, Michael J. Chilleen, hereby declare as follows:

1.    I am an associate with the law firm of Greenberg Traurig LLP and one of the attorneys of record in this case representing Ralphs Grocery Company ("Ralphs"). I am licensed to practice law in the State of California and the United States District Court for the Southern District of California. I make this Declaration based on my own personal knowledge of the matters set forth herein. If called as a witness in this case, I could and would testify as follows:

2.    On May 2, 2008, the parties held the Rule 26(f) conference. On May 5, 2008, Ralphs propounded requests for document production and special interrogatories, and noticed plaintiff's deposition for June 25, 2008. On May 7, plaintiff's attorney, Mr. Hubbard, objected that this discovery was premature. Mr. Hubbard informed me that he believed that the discovery was premature because the parties had not yet filed a joint discovery report with the Court. I explained to Mr. Hubbard that the holding of the Rule 26(f) conference -- not the filing of a discovery report -- triggered the right to conduct discovery under the Federal Rules of Civil Procedure. Accordingly, I asked Mr. Hubbard to withdraw his objection. Mr. Hubbard ignored my requests to discuss or meet and confer on this matter until I threatened to file a motion to compel, at which point, he withdrew his objection.

3.    On June 4, 2008, my secretary, Melissa Reilly, informed me that plaintiff was requesting an extension of time to respond to Ralphs' written discovery. I informed her that she could agree to an extension, on my behalf, so long as plaintiff agreed to respond with meaningful responses (not mere boilerplate objections) prior to plaintiff's upcoming deposition on June 25. Plaintiff agreed to provide responses by June 16, nine days before his scheduled deposition.

4.    On June 25, without prior notification, both plaintiff and Mr. Hubbard failed to appear for plaintiff's deposition. I called Mr. Hubbard to get an explanation. I was told by his legal assistant that he was not available and that neither plaintiff nor Mr. Hubbard would be showing up for plaintiff's deposition. When I asked why, the legal

1

1  assistant suggested that recent turnover in legal staff was somehow responsible for their
2  nonappearance. To date, neither plaintiff nor Mr. Hubbard has offered any justification
3  for whey they failed to appear.

4      5.      Ralphs incurred approximately $ 1700.00 in attorney's fees relating to
5  plaintiff's failure to appear at deposition and the time spent preparing this Motion. This
6  includes time spent waiting for plaintiff to appear at deposition, calling Mr. Hubbard's
7  office to find out whether he and plaintiff intended to appear, and researching and
8  drafting this Motion. These fees do NOT include time spent preparing a deposition
9  outline or otherwise preparing for plaintiff's deposition.

10     6.      The costs related to plaintiffs' deposition amount to $253.00 which is the
11 amount the court reporter charged my firm in connection with plaintiff's deposition.

12     7.      Attached to this Declaration as Exhibit "A" is a true and correct copy of the
13 05/13/08 Letter that I sent to Mr. Hubbard.

14     8.      Attached to this Declaration as Exhibit "B" are true and correct copies of the
15 discovery that Ralphs propounded on plaintiff, including Ralphs' First Set of Requests
16 for Production of Documents, Ralphs' First Set of Special Interrogatories, and Plaintiff's
17 Deposition Notice.

18     9.      Attached to this Declaration as Exhibit "C" is a true and correct copy of the
19 05/16/08 Letter I sent to Mr. Hubbard.

20     10.     Attached to this Declaration as Exhibit "D" is a true and correct copy of the
21 05/23/08 Letter I sent to Mr. Hubbard.

22     11.     Attached to this Declaration as Exhibit "E" is a true and correct copy of the
23 06/04/08 Letter Mr. Hubbard sent to me.

24     12.     Attached to this Declaration as Exhibit "F" is a true and correct copy of the
25 court report transcript of plaintiff's deposition.

26     13.     Attached to this Declaration as Exhibit "G" is a true and correct copy of the
27 bill that the court reporter sent to my firm.

28

2

1     I declare under penalty of perjury under the laws of the United States that the

2 foregoing is true and correct.  Executed on July 3, 2008, at Irvine, California.

 

                               s/Michael J. Chilleeen
                               Michael J. Chilleen

# Exhibit "A"

Exhibit A    Page 4

# Greenberg Traurig

Michael Chilleen
Tel. 949.732.6609
Fax 949.732.6501
chilleenm@gtlaw.com

May 13, 2008

**VIA FACSIMILE AND MAIL**

Lynn Hubbard, III, Esq.
Disabled Advocacy Group
12 Williamsburg Lane
Chico, CA 95926

Re:    *Oliver v. Ralph's Grocery Company,, et al.*, Case No. 07 CV 2301 JLS POR

Dear Mr. Hubbard:

I write to follow up on your email where you state verbatim: "The discovery you recently propounded is premature and I am going to ignore it. Please treat this as a meet and confer."

The discovery is not premature. FRCP 26(d) states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)..." As you know, the Rule 26(f) conference was held on May 2, 2008 and Ralphs propounded the discovery at issue on May 5, 2008. Thus, the discovery is timely. Contrary to your suggestion, there is no requirement that the parties finish the written Joint Rule 26(f) report prior to propounding discovery.

Please let me know if you are going to voluntarily withdraw your objections, so we do not have to involve the Court in this matter. If I do not hear from you before the conference tomorrow, I will bring this matter to the attention of the Court.

Very Truly Yours,

Michael Chilleen

MC:mar

OC 286,259,799v1 5/13/2008

Greenberg Traurig, LLP | Attorneys at Law | 3161 Michelson Drive | Suite 1000 | Irvine, CA 92612 | Tel 949.732.6500 | Fax 949.732.6501 | www.gtlaw.com

Exhibit A  Page 5

# Exhibit "B"

1  GREENBERG TRAURIG, LLP
   GREGORY F. HURLEY (SBN 126791)
2  MICHAEL J. CHILLEEN (SBN 210704)
3  3161 Michelson Drive, Suite 1000
   Irvine, California 92612
4  Telephone: (949) 732-6500
   Facsimile: (949) 732-6501
5  Email: hurleyg@gtlaw.com;
   chilleenm@gtlaw.com
6
7  Attorneys for Defendant,
   Ralphs Grocery Company DBA Food 4 Less #780
8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  A.J. Oliver,                          | CASE NO. 07 CV 2301 JLS POR

13              Plaintiff,

14  vs.                                    | **DEFENDANT RALPHS GROCERY
                                           | COMPANY'S FIRST SET OF
15  RALPH'S GROCERY COMPANY                | REQUESTS FOR PRODUCTION
    dba FOOD 4 LESS #780; CYPRESS          | OF DOCUMENTS TO PLAINTIFF
16  CREEK CO., LP dba PTC                  | A.J. OLIVER**
    INVESTMENTS COMPANY,
17
18              Defendants.

19

20

21

22

23

24

25

26

27

28

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS  Case No. 07 CV-2301 JLS POR

Exhibit B  Page 7

**PROPOUNDING PARTY:   Defendant, RALPHS GROCERY COMPANY**

**RESPONDING PARTY:   Plaintiff, A.J. OLIVER**

**SET:                                    ONE**

Pursuant to Federal Rules of Civil Procedure Rule 34, requesting party, RALPHS GROCERY COMPANY, demands that responding party, Plaintiff, A.J. OLIVER, produce for inspection and copying, at the offices of Greenberg Traurig LLP, 3161 Michelson Drive, Suite 1000, Irvine, California 92612, at the hour of 10:00 a.m., on April 16, 2008, the following specified items.

A written response hereto is required of the responding party within 30 days after service of this demand, consisting of either a statement that responding party will comply with this demand, or a statement that responding party lacks the ability to comply with this demand, or an objection to all or part of this demand.

## PRIVILEGED DOCUMENTS

With respect to each document otherwise called for by this request, as to which a claim of privilege is asserted, separately state the following:

The type of document (e.g., letter, memorandum, note, etc.);

(1)   Its date;

(2)   The name, business address, and present position of its author or authors;

(3)   The position of its author or authors at the time the document was prepared;

(4)   The name, business address, the present position of its addressee and all other recipients of the document;

(5)   The position of its addressee and all other recipients at the time the document was prepared and at the time it was received;

(6)   A general description of the subject of the document;

(7)   The basis of the claim of privilege; and

1

Exhibit B  Page 8

(8)    If the basis of the claim of privilege is the attorney/work product doctrine, identify the proceeding for which the document was prepared.

## GENERAL DEFINITIONS

1.    "YOU" or "YOUR" means plaintiff A.J. OLIVER and his agents, employees, representatives or all persons acting on his behalf or in his interest.

2.    "PREMISES" means the Food 4 Less store #780 location at 660 Palomar, Chula Vista, California, referred to in YOUR Complaint.

3.    "INCIDENT(S)" means the events, acts and occurrences described in YOUR Complaint.

4.    "PERSON" or "PERSONS" means all individuals and entities, including without limitation, individuals, representative persons, associations, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, division, bureaus and boards.

5.    "ACCESS," "ACCESSIBILITY," or "ACCESSIBLE" refers to disability or handicap access as that term is used in the Americans with Disabilities Act and California Code of Regulations, Title 24.

6.    "ADAAG" refers to the Americans with Disabilities Act Accessibility Guidelines.

7.    "CALIFORNIA'S TITLE 24 REGULATIONS" refers to the California Administrative Code Title 24 Accessibility Regulations.

8.    "DISABILITY ACCESS LAWS" means all federal, state, and local laws and implementing regulations relating to access of the disabled, including but not limited to the Americans with Disabilities Act, ADAAG, the California's Disabled Persons Act, the Unruh Act (Cal. Civ. Code § 51, et seq.), CALIFORNIA'S TITLE 24 REGULATIONS, and Health and Safety Code sections 19955 et seq.

9.    "COMMUNICATIONS" means ANY instance in which words or information is transferred or transmitted between two or more PERSONS by whatever

2

Exhibit B    Page 9

1  manner or means, and regardless of how or by whom the communication was initiated,
2  including but not limited to, correspondence, conversation, instructions, meetings,
3  requests, demands, and conferences.

4      10.    "DOCUMENT" means all written, printed, typed, graphic or otherwise
5  recorded matter, however produced or reproduced (including non-identical copies,
6  whether different from the original by reason of any notation made on such copies or
7  otherwise); preliminary, intermediary and final drafts; writings, drawings, records and
8  recordings of every kind and description, whether inscribed by hand or by mechanical,
9  electronic, microfilm, photographic or other means (including information stored on
10 computer storage device or media, as well as audio, such as tape recordings, or visual
11 means); reproductions of statements, conversations or events; and all agreements, bids,
12 bonds, calendars, change orders, checks, contracts, correspondence, statements, receipts,
13 returns, summaries, data books, accounting records, work sheets, spread sheets, computer
14 print-outs, information storage media, diary entries, drawings and charts (including
15 additions and revisions), estimates, evaluations, financial statements and records, inter-
16 and intra-office COMMUNICATIONS, invoices, job site reports, logs, memoranda of
17 any type minutes of all meetings, notes of all types, orders, including purchase orders,
18 photographs, records, schedules, including additions and revisions, surveyor's notes,
19 reports or calculations, reports and studies of ANY kind, tape recordings, (including any
20 form of recording of any telephone or other conversation, interview, conference, or
21 meeting), and all working drawings, papers and files. Note: If any computer software is
22 necessary to read, print or utilize information contained in any DOCUMENT, as defined
23 hereinabove, such software shall be identified together with the DOCUMENT or storage
24 media to which it pertains.

25     11.    "IDENTIFY" means to provide the full name, date, author and specific
26 section of codes or regulations referred to, and to provide the full name, title, address and
27 phone number of persons.

28     12.    "ANY" includes and encompasses "all."

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS  Case No. 07 CV-2301 JLS POR

Exhibit ℬ  Page 10

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**:

Each and every DOCUMENT regarding, referring to, relating to, encompassing, or comprising YOUR claim that Ralphs Grocery Company discriminated against YOU on the basis of YOUR disability.

**REQUEST FOR PRODUCTION NO. 2**:

Each and every DOCUMENT regarding, referring to, relating to, compassing, or comprising any survey or inspection YOU have undertaken of Ralphs Grocery Company.

**REQUEST FOR PRODUCTION NO. 3**:

All photographs, videotapes, or other depictions of the PREMISES or any other Ralphs Grocery Company location subject to this litigation.

**REQUEST FOR PRODUCTION NO. 4**:

All COMMUNICATIONS to YOU or from YOU relating to ACCESS at the PREMISES or any other Ralphs Grocery Company location subject to this litigation.

**REQUEST FOR PRODUCTION NO. 5**:

All notebooks, binders, memorandums, logs, reports, or other DOCUMENTS prepared, maintained, analyzed, or reviewed by YOU regarding, referring to, relating to, or discussing the alleged ACCESS barriers at the PREMISES or any other Ralphs Grocery Company  location subject to this litigation.

**REQUEST FOR PRODUCTION NO. 6**:

All DOCUMENTS regarding, referring to, relating to, encompassing, or comprising YOUR allegations that YOU suffered injury of any kind as a result of alleged ACCESS barriers at the PREMISES or any other Ralphs Grocery Company location subject to this litigation.

**REQUEST FOR PRODUCTION NO. 7**:

All DOCUMENTS regarding, referring to, relating to, encompassing, or comprising the configuration of the PREMISES or any other Ralphs Grocery Company

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS  Case No. 07 CV-2301 JLS POR



1  location subject to this litigation including, but not limited to, plans, blueprints, diagrams
2  and/or sketches.

3  **REQUEST FOR PRODUCTION NO. 8**:

4      All DOCUMENTS regarding, referring to, relating to, encompassing, or
5  comprising YOUR claim that Ralphs Grocery Company has violated, or is violating,
6  DISABILITY ACCESS LAWS at the PREMISES or any other Ralphs Grocery
7  Company location subject to this litigation.

8  **REQUEST FOR PRODUCTION NO. 9**:

9      All DOCUMENTS regarding, referring to, relating to, encompassing, or
10 comprising YOUR claim that the alleged ACCESS barriers at the PREMISES or any
11 other Ralphs Grocery Company location subject to this litigation are readily achievable.

12 **REQUEST FOR PRODUCTION NO. 10**:

13     All DOCUMENTS evidencing, regarding, referring to, or relating to YOUR
14 visit(s), use, or inspection of the PREMISES or any other Ralphs Grocery Company
15 location subject to this litigation (including, but not limited to, any notes, photos or
16 receipts).

17 **REQUEST FOR PRODUCTION NO. 11**:

18     All DOCUMENTS which might identify and person having knowledge of any fact
19 YOU allege in the COMPLAINT.

20 **REQUEST FOR PRODUCTION NO. 12**:

21     All DOCUMENTS which might identify any person YOU communicated with at
22 the PREMISES.

23 **REQUEST FOR PRODUCTION NO. 13**:

24     All DOCUMENTS which might identify any witnesses to the incidents described
25 in YOUR complaint.

26
27
28

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS  Case No. 07 CV-2301 JLS POR

Exhibit B Page 12

**REQUEST FOR PRODUCTION NO. 14**:

All DOCUMENTS evidencing, describing, regarding, referring to, relating to, encompassing, or comprising the existence or amount of any damages claimed by YOU as a result of any Ralphs Grocery Company's alleged discriminatory acts.

**REQUEST FOR PRODUCTION NO. 15**:

All DOCUMENTS evidencing, describing, regarding, referring to, relating to, encompassing, or comprising Ralphs Grocery Company's alleged intent to discriminate against YOU.

**REQUEST FOR PRODUCTION NO. 16**:

All DOCUMENTS which support YOUR claim set forth in YOUR Complaint that Ralphs Grocery Company failed to provide YOU full and equal access to its facilities as required by 42 U.S.C. § 12182(a).

**REQUEST FOR PRODUCTION NO. 17**:

All of YOUR receipts from the PREMISES or any Ralphs Grocery Company locations subject to this litigation.

**REQUEST FOR PRODUCTION NO. 18**:

Any and all DOCUMENTS (including medical records) establishing the nature and extent of YOUR disability.

**REQUEST FOR PRODUCTION NO. 19**:

Any and all DOCUMENTS pertaining to, or relating to, barriers to equal access at the PREMISES or any other Ralphs Grocery Company location subject to this litigation.

**REQUEST FOR PRODUCTION NO. 20**:

All DOCUMENTS evidencing or establishing the injuries YOU have suffered as a result of Ralphs Grocery Company's actions and/or omissions.

1

2   DATED:  May 5, 2008                    GREENBERG TRAURIG, LLP

3

4                                          By /s/
                                              Gregory F. Hurley
5                                             Michael J. Chilleen
                                              Attorneys for Defendant Ralphs Grocery
6                                             Company, DBA Food 4 Less # 780

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS  Case No. 07 CV-2301 JLS POR

Exhibit B  Page 14

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3161 Michelson Drive, Suite 1000, Irvine, California 92612.

On the below date, I served the **DEFENDANT RALPHS GROCERY COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF A.J. OLIVER** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Lynn Hubbard, III                           Robert P. Lowell
Law Offices of Lynn Hubbard     Lowell & Robbin
12 Williamsburg Lane                  707 Broadway, Suite 1800
Chico, CA 95926                          San Diego, CA 92101-5314
Telephone: (530) 895-3252        Telephone: (619) 236-1142
Fax: (530) 894-8244                     Fax: (619) 233-0700

*Attorney for Plaintiff, A.J. Oliver*              *Attorney for Defendant, Cypress Creek*

☒  **(BY MAIL)**

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Irvine, California, in the ordinary course of such business.

☒  **(FEDERAL)**

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court and at whose direction the service was made.

Executed on May 5, 2008, at Irvine, California.

/s/
Michael Chilleen

8


Exhibit 13  Page 15

1  GREENBERG TRAURIG, LLP
   GREGORY F. HURLEY (SBN 126791)
2  MICHAEL CHILLEEN (SBN 210704)
   3161 Michelson Drive, Suite 1000
3  Irvine, California 92612
   Telephone: (949) 732-6500
4  Facsimile: (949) 732-6501
   Email: hurleyg@gtlaw.com;
5  chilleenm@gtlaw.com
6
7  Attorneys for Defendant,
   Ralphs Grocery Company DBA Food 4 Less #780
8
9              UNITED STATES DISTRICT COURT
10            SOUTHERN DISTRICT OF CALIFORNIA
11

12  A.J. Oliver,                        CASE NO. 07 CV 2301 JLS POR

13          Plaintiff,

14  vs.                                 **DEFENDANT RALPHS GROCERY
                                        COMPANY'S FIRST SET
15  RALPH'S GROCERY COMPANY             INTERROGATORIES TO
    dba FOOD 4 LESS #780; CYPRESS       PLAINTIFF A.J. OLIVER**
16  CREEK CO., LP dba PTC
    INVESTMENTS COMPANY,
17
18          Defendants.
19
20  ------------------------------------
21
22
23
24
25
26
27
28


Exhibit ß Page 16

**REQUESTING PARTY:**     **Defendant, RALPHS GROCERY COMPANY**

**RESPONDING PARTY:**     **Plaintiff, A.J. OLIVER**

**REQUEST NUMBER:**         **ONE**

Defendant RALPHS GROCERY COMPANY propounds the following First Set of Interrogatories to Plaintiff A.J. OLIVER.

These interrogatories are directed to Plaintiff and are to be answered in the manner and form required by Federal Rules of Civil Procedure Rule 33. In answering these interrogatories, Plaintiff is to furnish all information available to him, including that which is in the possession of his employees, agents, investigators or attorneys.

## **GENERAL DEFINITIONS**

1.    "YOU" or "YOUR" means plaintiff A.J. OLIVER and his agents, employees, representatives or all persons acting on his behalf or in his interest.

2.    "PREMISES" means the Food 4 Less store #780 location at 660 Palomar, Chula Vista, California, referred to in YOUR Complaint.

3.    "PERSON" or "PERSONS" means all individuals and entities, including without limitation, individuals, representative persons, associations, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, division, bureaus and boards.

4.    "ACCESS," "ACCESSIBILITY," or "ACCESSIBLE" refers to disability or handicap access as that term is used in the Americans with Disabilities Act and California Code of Regulations, Title 24.

5.    "ADAAG" refers to the Americans with Disabilities Act Accessibility Guidelines.

6.    "CALIFORNIA'S TITLE 24 REGULATIONS" refers to the California Administrative Code Title 24 Accessibility Regulations.

7.    "DISABILITY ACCESS LAWS" means all federal, state, and local laws and implementing regulations relating to access of the disabled, including but not limited

1

Exhibit B    Page 17

1  to the Americans with Disabilities Act, ADAAG, the California's Disabled Persons Act,

2  the Unruh Act (Cal. Civ. Code § 51, et seq.), CALIFORNIA'S TITLE 24

3  REGULATIONS, and Health and Safety Code sections 19955 et seq.

4      8.    "COMMUNICATIONS" means ANY instance in which words or

5  information is transferred or transmitted between two or more PERSONS by whatever

6  manner or means, and regardless of how or by whom the communication was initiated,

7  including but not limited to, correspondence, conversation, instructions, meetings,

8  requests, demands, and conferences.

9      9.    "DOCUMENT" means all written, printed, typed, graphic or otherwise

10 recorded matter, however produced or reproduced (including non-identical copies,

11 whether different from the original by reason of any notation made on such copies or

12 otherwise); preliminary, intermediary and final drafts; writings, drawings, records and

13 recordings of every kind and description, whether inscribed by hand or by mechanical,

14 electronic, microfilm, photographic or other means (including information stored on

15 computer storage device or media, as well as audio, such as tape recordings, or visual

16 means); reproductions of statements, conversations or events; and all agreements, bids,

17 bonds, calendars, change orders, checks, contracts, correspondence, statements, receipts,

18 returns, summaries, data books, accounting records, work sheets, spread sheets, computer

19 print-outs, information storage media, diary entries, drawings and charts (including

20 additions and revisions), estimates, evaluations, financial statements and records, inter-

21 and intra-office COMMUNICATIONS, invoices, job site reports, logs, memoranda of

22 any type minutes of all meetings, notes of all types, orders, including purchase orders,

23 photographs, records, schedules, including additions and revisions, surveyor's notes,

24 reports or calculations, reports and studies of ANY kind, tape recordings, (including any

25 form of recording of any telephone or other conversation, interview, conference, or

26 meeting), and all working drawings, papers and files. Note: If any computer software is

27 necessary to read, print or utilize information contained in any DOCUMENT, as defined

28

2

Exhibit B  Page 18

hereinabove, such software shall be identified together with the DOCUMENT or storage media to which it pertains.

10.   "IDENTIFY" means to provide the full name, date, author and specific section of codes or regulations referred to, and to provide the full name, title, address and phone number of persons.

11.   "ANY" includes and encompasses "all."

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all injunctive relief that YOU seek at the PREMISES or any other Ralphs Grocery Company locations subject to this litigation.

**INTERROGATORY NO. 2:**

IDENTIFY each barrier to equal access (referencing the relevant ADAAG sections) which YOU contend exists at the PREMISES or any other Ralphs Grocery Company locations subject to this litigation.

**INTERROGATORY NO. 3:**

IDENTIFY each feature of the PREMISES or any other Ralphs Grocery Company locations subject to this litigation which YOU allege violates DISABLED ACCESS LAWS.

**INTERROGATORY NO. 4:**

For each feature identified in response to interrogatory No. 3, specify the statute or regulation which YOU contend that feature violates.

**INTERROGATORY NO. 5:**

For each feature identified in response to interrogatory No. 3, describe every reason YOU contend the feature violates DISABLED ACCESS LAWS.

3

Exhibit B  Page 19

**INTERROGATORY NO. 6:**

Please state the name, address, and telephone number of YOUR present employer or place of self-employment; and the name, address, dates of employment, job title, and nature of work for each employer or self-employment YOU have had for the last ten years.

**INTERROGATORY NO. 7:**

State YOUR current residence address, and ANY residence addresses YOU have had in the last three years.

**INTERROGATORY NO. 8:**

Describe with particularity YOUR disability, the date YOUR disability began, and how it limits a major life activity.

**INTERROGATORY NO. 9:**

IDENTIFY the case name, case number, and jurisdiction for each disability discrimination lawsuit in which YOU have been a plaintiff, class representative or class member in the last ten years, including the current status of each case.

**INTERROGATORY NO. 10:**

Have YOU ever been convicted of a felony? If so, for each conviction state: the city and state where YOU were convicted; the date of conviction; the offense; and the court and case number.

**INTERROGATORY NO. 11:**

IDENTIFY ANY damages that YOU attribute to YOUR visits(s) to the PREMISES, including, but not limited to physical injury or emotional distress? For each item of damage state the nature; the date it occurred; the amount; and the name, address, and telephone number of each PERSON to whom an obligation was incurred.

**INTERROGATORY NO. 12:**

Did YOU receive ANY consultation, examination or treatment from a health care provider for ANY injury YOU attribute to YOUR visit(s) to the PREMISES? If so, for each health care provider, state the name, address, and telephone number; the type of

4



Exhibit 13   Page 20

1  consultation, examination or treatment provided; the dates YOU received consultation,
2  examination or treatment; and the charges to date.

3  **INTERROGATORY NO. 13:**

4      State the total amount of statutory damages YOU are seeking to recover in this
5  action, and describe how YOU calculated that amount.

6  **INTERROGATORY NO. 14:**

7      Do ANY DOCUMENTS support the existence or amount of ANY item of
8  damages YOU claim in YOUR complaint? If so, IDENTIFY each item of damage, each
9  DOCUMENT describing it, and state the name, address, and telephone number of the
10 PERSON who has each DOCUMENT.

11 **INTERROGATORY NO. 15:**

12     IDENTIFY ANY PERSONS having knowledge of ANY fact YOU allege in
13 YOUR complaint, and state the substance of each such PERSON'S knowledge.

14 **INTERROGATORY NO. 16:**

15     IDENTIFY each Ralphs Grocery Company location at which YOU encountered
16 barriers to equal access, including identification of all parties in attendance, dates, and
17 documentation (including, but not limited to, ANY notes, photos, or receipts) evidencing
18 the encounter.

19 **INTERROGATORY NO. 17:**

20     IDENTIFY each and every date YOU visited, used, or inspected the PREMISES,
21 including identification of all parties in attendance, dates, and documentation (including,
22 but not limited to, ANY notes, photos, or receipts) evidencing the visit and/or inspection.

23 **INTERROGATORY NO. 18:**

24     IDENTIFY ANY future plans YOU have to visit the PREMISES including ANY
25 evidence supporting such intention.

26 **INTERROGATORY NO. 19:**

27     IDENTIFY by address all Ralphs Grocery Company locations included in this
28 action.

5

FIRST SET OF INTERROGATORIES                          Case No. 07 CV-2301 JLS POR




**INTERROGATORY NO. 20:**

State all facts upon which YOU base YOUR contention that Ralphs Grocery Company violated DISABILITY ACCESS LAWS.

**INTERROGATORY NO. 21:**

IDENTIFY ANY PERSON with knowledge of the facts that support YOUR contention that Ralphs Grocery Company violated DISABILITY ACCESS LAWS.

**INTERROGATORY NO. 22:**

IDENTIFY all DOCUMENTS that support YOUR contention that Ralphs Grocery Company violated DISABILITY ACCESS LAWS.

**INTERROGATORY NO. 23:**

IDENTIFY each PERSON YOU intend to call as a witness at ANY hearing or trial, either to testify as to affirmative evidence, in rebuttal to ANY claims or denials made by Ralphs Grocery Company, or for cross examination or impeachment purposes.


DATED: May 5, 2008                    GREENBERG TRAURIG, LLP



                                      By /s/_____
                                         Gregory F. Hurley
                                         Michael Chilleen
                                         Attorneys for Defendant Ralphs Grocery
                                         Company, DBA Food 4 Less # 780



**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3161 Michelson Drive, Suite 1000, Irvine, California 92612.

On the below date, I served the **DEFENDANT RALPHS GROCERY COMPANY'S FIRST SET INTERROGATORIES TO PLAINTIFF A.J. OLIVER** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Lynn Hubbard, III                          Robert P. Lowell
Law Offices of Lynn Hubbard                Lowell & Robbin
12 Williamsburg Lane                       707 Broadway, Suite 1800
Chico, CA 95926                            San Diego, CA 92101-5314
Telephone: (530) 895-3252                  Telephone: (619) 236-1142
Fax: (530) 894-8244                        Fax: (619) 233-0700

*Attorney for Plaintiff, A.J. Oliver*         *Attorney for Defendant, Cypress Creek*

☒ **(BY MAIL)**

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Irvine, California, in the ordinary course of such business.

☒ **(FEDERAL)**

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court and at whose direction the service was made.

Executed on March 5, 2008, at Irvine, California.

/s/ _____
Michael Chilleen

---

PROOF OF SERVICE                                    Case No. 07 CV-2301 JLS POR

 
Exhibit B Page 23

1  GREENBERG TRAURIG, LLP
   GREGORY F. HURLEY (SBN 126791)
2  MICHAEL CHILLEEN (SBN 210704)
3  3161 Michelson Drive, Suite 1000
   Irvine, California 92612
4  Telephone: (949) 732-6500
   Facsimile: (949) 732-6501
5  Email: hurleyg@gtlaw.com;
   chilleenm@gtlaw.com
6
7  Attorneys for Defendant,
   Ralphs Grocery Company DBA Food 4 Less #780
8

9              **UNITED STATES DISTRICT COURT**

10           **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  A.J. Oliver,                          | CASE NO. 07 CV 2301 JLS POR

13             Plaintiff,

14  vs.                                    | **DEFENDANT RALPHS GROCERY**
                                           | **COMPANY'S NOTICE OF**
15  RALPH'S GROCERY COMPANY                | **DEPOSITION OF PLAINTIFF A.J.**
    dba FOOD 4 LESS #780; CYPRESS          | **OLIVER**
16  CREEK CO., LP dba PTC
17  INVESTMENTS COMPANY,                   | **DATE:  June 25, 2008**

18             Defendants.                 | **TIME:  10:00 a.m.**

19                                         | **LOCATION:  3161 Michelson Drive,**
                                           | **Suite 1000, Irvine, CA 92612**
20

21

22

23

24

25

26

27

28



Exhibit B Page 24

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Federal Rules of Civil Procedure Rule 30(b), Defendant RALPHS GROCERY COMPANY hereby gives notice that it will take the deposition upon oral examination of Plaintiff A.J. OLIVER whose address is within Plaintiff's and Plaintiff's counsel's knowledge, on June 25, 2008 at 10:00 a.m. before an officer authorized to administer oaths at 3161 Michelson Drive, Suite 1000, Irvine, California 92612.

The deposition testimony shall be recorded by stenographic means and preserved by written transcript and shall be taken for the purposes of discovery, for use at trial and for such other purposes permitted by the Federal Rules of Civil Procedure, other statutes or rules, or rules of this Court. The deposition shall continue from day to day until completed.

DATED: May 5, 2008                    GREENBERG TRAURIG, LLP


By /s/ _____
     Gregory F. Hurley
     Michael Chilleen
     Attorneys for Defendant Ralphs Grocery
     Company, DBA Food 4 Less # 780

---

1

NOTICE OF DEPOSITION OF PLAINTIFF                    Case No. 07 CV-2301 JLS POR


Exhibit B Page 25

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3161 Michelson Drive, Suite 1000, Irvine, California 92612.

On the below date, I served the **DEFENDANT RALPHS GROCERY COMPANY'S NOTICE OF DEPOSITION OF PLAINTIFF A.J. OLIVER** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Lynn Hubbard, III
Law Offices of Lynn Hubbard
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Fax: (530) 894-8244

*Attorney for Plaintiff, A.J. Oliver*

Robert P. Lowell
Lowell & Robbin
707 Broadway, Suite 1800
San Diego, CA 92101-5314
Telephone: (619) 236-1142
Fax: (619) 233-0700

*Attorney for Defendant, Cypress Creek*

☒ **(BY MAIL)**

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Irvine, California, in the ordinary course of such business.

☒ **(FEDERAL)**

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court and at whose direction the service was made.

Executed on May 5, 2008, at Irvine, California.

/s/
Michael Chilleen

2



Exhibit 13  Page 26

# Exhibit "C"

Exhibit C   Page 29

# Greenberg Traurig

Michael Chilleen
Tel. 949.732.6609
Fax 949.732.6501
chilleenm@gtlaw.com

May 16, 2008

**VIA FACSIMILE AND MAIL**

Lynn Hubbard, III, Esq.
Disabled Advocacy Group
12 Williamsburg Lane
Chico, CA 95926

Re:    *Oliver v. Ralph's Grocery Company, et al.*, Case No. 07 CV 2301 JLS POR

Dear Mr. Hubbard:

I write regarding plaintiff's (1) FRCP 26(a) disclosures and (2) objection to Ralphs' discovery as premature.

First, plaintiff's disclosures are inadequate. FRCP 26(a)(1)(A) requires that plaintiff disclose witnesses likely to have discoverable information, and their address and phone number if known, documents that may be used to support his claims, and a computation of each category of damages and the documents on which each computation is based.

With respect to witnesses, the disclosures fail to identify plaintiff, his address, and his telephone number.

With respect to documents, the disclosures do not identify any survey of the subject store. During our onsite inspection, you indicated that plaintiff had gone to the store and noted several alleged ADA violations, and that measurements of certain features had been done. Presumably, notes, a survey, or other documents reflect this investigation and must be disclosed.

With respect to damages, the disclosures do not contain any statement of damages or explain how such damages were calculated. In particular, plaintiff never specifies *the amount* of damages he seeks in plain violation of FRCP 26(a). Furthermore, plaintiff fails to supply the basis for any damages calculations -- i.e. the specific features that denied him access and the number of his visits to the store. Under FRCP 65(d), plaintiff must disclose the specific injunctive relief requested. *See* FRCP 65(d) (plaintiff must "describe in reasonable detail -- and not by referring to the complaint or other document -- the act or acts...required.") Likewise, plaintiff must disclose all alleged ADA barriers whose removal plaintiff contends is "readily achievable." *See Colorado Cross Disability Coalition v. Hermanson Family Limited Partnership*, 264 F.3d 999 (10th Cir. 2001); *Mannick v. Kaiser Foundation Health Plan, Inc.*, 2006 U.S. Dist. LEXIS 57173 (N.D. Cal., July 31, 2006).

*OC 286,261,009v1 5/16/2008*



Exhibit C   Page 28

Lynn Hubbard, III, Esq.
May 16, 2008
Page 2

_____

      Ralphs requests that plaintiff amend his disclosures to meet the requirements of FRCP 26(a), as described above, by the end of next week.

      Second, I want to ascertain whether plaintiff is still objecting to Ralphs' discovery as premature. We previously met and conferred on this issue on the phone, but it was unclear whether you were withdrawing your objections. As I already explained, there is a hold on discovery only until the parties have conferred as required under FRCP 26(f). Your position has been that this meeting took place on April 25, 2008 by exchange of written correspondence. Subsequently, I requested that we meet in person or at least telephonically to satisfy our FRCP 26(f) obligations. While still maintaining that we had already held our FRCP 26(f) conference on April 25, you agreed, and we held a meeting on May 2, 2008. On May, 5, 2008, Ralphs propounded its discovery. Since Ralphs' discovery was propounded *after* the FRCP 26(f) conference, it is timely. Under these circumstances, your position that Ralphs' discovery is premature lacks merit.

      I request to hold a "meet and confer" telephonic meeting on these issues by the end of next week. I am available any time, except from noon to 1 p.m. on May 22. Please let me know your availability.

                                    Very Truly Yours,

                                      Michael Chilleen

MC:mar

cc:    Robert Lowell

*OC 286,261,009v1 5/16/2008*

Greenberg Traurig, LLP

Exhibit C  Page 29

# Exhibit "D"

Exhibit  Page 30

# Greenberg
# Traurig

Michael Chilleen
Tel. 949.732.6609
Fax 949.732.6501
chilleenm@gtlaw.com

May 23, 2008

**VIA FACSIMILE AND MAIL**

Lynn Hubbard, III, Esq.
Disabled Advocacy Group
12 Williamsburg Lane
Chico, CA 95926

Re:    *Oliver v. Ralph's Grocery Company, et al.*, Case No. 07 CV 2301 JLS POR

Dear Mr. Hubbard:

I write regarding your failure to meet and confer regarding plaintiff's FRCP 26(a) disclosures or to clarify whether you are still objecting to Ralphs' discovery as premature.

I have sent you several letters regarding these issues which you have not responded to. This case cannot move forward given your refusal to respond to even basic discovery or even to confirm your position. Please be aware that if I do not hear from you by May 28, 2008 that I will reserve a discovery conference date, and notify Magistrate Porter that you refuse to discuss these issues as required by her standing order.

Very Truly Yours,

Michael Chilleen

MC:mar

cc:    Robert Lowell

Exhibit D    Page 31

# Exhibit "E"



Exhibit E   Page 32

# LAW OFFICES OF LYNN HUBBARD
## 12 Williamsburg Lane
## Chico, California 95926

Lynn Hubbard, III, Esq.
Scottlynn J Hubbard, IV, Esq.

Telephone (530) 895-3252
Facsimile (530) 894-8244

June 4, 2008

*Via Facsimile Transmission Only*
*(949) 732-6501*

Michael Chilleen, Esq.
*GREENBERG TRAURIG, LLP*
3161 Michelson Drive Suite 1000
Irvine, CA 92612

Re:    *Oliver v. Ralphs Grocery Company, et al.*
       Case No. 07cv2301 JLS (POR)

Greetings:

This will confirm that plaintiff's discovery responses due on Monday, June 9, 2008 is now due on Monday, June 16, 2008 not June 19, 2008 as stated earlier.

I appreciate your cooperation in this matter.

Kindest regards,

LAW OFFICES OF LYNN HUBBARD

LYNN HUBBARD, III

LH/mml
Y:\CLIENTS\ADA - Southern\Oliver v. Food 4 Less (CID 1237)\ChilleenConfirmDiscoveryRespExtnUtr.doc

Exhibit E Page 33

# Exhibit "F"

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

A.J. OLIVER,                      )
                                  )     **CERTIFIED COPY**
            Plaintiff,            )
                                  )
       vs.                        )     No. 07CV2301JLS  (POR)
                                  )
RALPHS GROCERY COMPANY DBA        )
foord for less #780;              )
CYPRESS CREEK CO., LP dba         )
PTC INVESTMENTS COMPANY,          )
                                  )
            Defendants.           )
_____ )

AFFIDAVIT OF REPORTER RE NONAPPEARANCE OF WITNESS

Irvine, California

Wednesday, June 25, 2008

Reported by:
KARLA DOMINGUEZ
CSR No. 13244
JOB No. 2023Z             Exhibit F   Page 35




COURT REPORTERS, INC.
501 N. Golden Circle, Suite 106
Santa Ana, California 92705
Experience is not expensive ... it's priceless!
Tel: 714-972-2300 • Toll Free: 877-472-2300 • Fax: 714-972-1616
E-mail: deposet@mmcourtreporters.com

A.J. Oliver vs. Ralph's Grocery Company

Witness: A.J. Oliver

Date Taken: 6/25/2008

```
 1    APPEARANCES:

 2

 3    For Defendants:

 4        GREENBERG TRAURIG
          BY:  MICHAEL J. CHILLEEN
 5        Attorney at Law
          3161 Michelson Drive, Suite 1000
 6        Irvine, California 92612
          (949) 732-6500
 7        chilleenm@gtlaw.com

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Exhibit F   Page 36

A.J. Oliver vs. Ralph's Grocery Company

Witness: A.J. Oliver

Date Taken: 6/25/2008

```
1            I, KARLA DOMINGUEZ, a Certified Shorthand
2    Reporter of the State of California, CSR No. 13244, do
3    hereby declare as follows:
4            That on June 25, 2008, at 10:00 a.m., I
5    appeared at 3161 Michelson Drive, Suite 1000, Irvine,
6    California, for the purpose of reporting the deposition
7    of A.J. OLIVER; that I was present at said premises until
8    10:30 a.m. and at no time did A.J. OLIVER appear for the
9    deposition.
10           I declare under penalty of perjury that the
11   foregoing is true and correct.
12           Signed on June 25, 2008, at Santa Ana,
13   California.
14
15
16
17                  _____
18                  KARLA DOMINGUEZ
                    CSR No. 13244
19
20
21
22
23
24
25
```


Exhibit F   Page 39

# Exhibit "G"

# M & M Court Reporters, Inc.

### Invoice

Experience is not expensive....it's priceless!

501 North Golden Circle
Suite 106
Santa Ana, CA  92705
Phone: (714) 972-2300          Fax: (714) 972-1616

| Invoice Date | Invoice # |
|---|---|
| Thursday, June 26, 2008 | 12408R |

Michael J. Chilleen
Greenberg Traurig
3161 Michelson Drive
Suite 1000
Irvine, CA 92612

Phone:     (949) 732-6500      Fax:

| | |
|---|---|
| **Witness:** | Oliver, A.J. |
| **Case:** | Oliver vs. Ralps Grocery Company |
| **Venue:** | |
| **Case #:** | 07CV2301JLS (POR) |
| **Date:** | 6/25/2008 |
| **Start Time:** | 10:00 AM |
| **End Time:** | 10:30 AM |
| **Reporter:** | Karla  (DD) Dominguez |
| **Claim #:** | |
| **File #:** | 2023Z |

| Description | | |
|---|---|---|
| Affidavit of Non-Appearance | | |
| Shipping & Handling | | |
| | Sub Total | $253.00 |
| | Payments | $0.00 |
| | Balance Due | $253.00 |

Fed. I.D. # 16-1651164

*Terms:  Due Upon Receipt*

 

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3161 Michelson Drive, Suite 1000, Irvine, California 92612.

On the below date, I served: **DECLARATION OF MICHAEL J. CHILLEEN IN SUPPORT OF DEFENDANT RALPHS GROCERY COMPANY'S MOTION FOR SANCTIONS UNDER RULE 37(d)** with the Clerk of the United States District Court for the Southern District, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Lynn Hubbard, III
Law Offices of Lynn Hubbard
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Fax: (530) 894-8244

Robert P. Lowell
Lowell & Robbin
707 Broadway, Suite 1800
San Diego, CA 92101-5314
Telephone: (619) 236-1142
Fax: (619) 233-0700

*Attorney for Plaintiff, A.J. Oliver*

*Attorney for Defendant, Cypress Creek Co., L.P.*

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**

In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)**

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court and at whose direction the service was made.

Executed on July 3, 2008, at Irvine, California.

/s/ Michael Chilleen
Signature