Robert P. Lowell, Esq. - State Bar No. 030547
**LOWELL & ROBBIN**
Attorney at Law
707 Broadway, Suite 1800
San Diego, California 92101-5314
Tel. (619) 236-1142
Fax (619) 233-0700

**Attorney for** Defendant CYPRESS CREEK CO., L.P., dba PTC INVESTMENTS COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. J. OLIVER,<br><br>　　　　Plaintiff,<br>　vs.<br><br>RALPHS GROCERY COMPANY dba FOOD 4 LESS #780; CYPRESS CREEK CO., LP dba PTC INVESTMENTS COMPANY,<br><br>　　　　Defendants. | ) Case No.  07 CV 2301 JLS (POR)<br>)<br>)<br>) **DEFENDANT CYPRESS CREEK CO., LP dba**<br>) **PTC INVESTMENT COMPANY'S**<br>) **OPPOSITION TO PLAINTIFF'S MOTION**<br>) **TO MODIFY THE SCHEDULING ORDER**<br>) **AND AMEND HIS COMPLAINT**<br>)<br>) **Date:  August 7, 2008**<br>) **Time:  1:30 p.m.**<br>) **Ctrm:  H**<br>) **Honorable Janis L. Sammartino** |

Comes now Defendant CYPRESS CREEK CO., L.P., a Delaware limited partnership, doing business as PTC INVESTMENTS COMPANY ("Cypress Creek"), by its attorney, Robert P. Lowell, and in Opposition to Plaintiff's Motion to Modify the Scheduling Order and Amend His Complaint, respectfully represents to the Court as follows:

## I. STATEMENT OF FACTS

A.　**Procedural Background.**　Plaintiff filed his Complaint herein under Title III of the Americans with Disabilities Act ("ADA") on December 7, 2007.  This responding Defendant was served with the Summons and Complaint on February 13, 2008, and filed its Answer on March 17, 2008.  On April 1, 2008, a Settlement Conference was held, and thereafter, on May 14, 2008, the Court held a Case Management Conference, at which time the Honorable Magistrate Louisa S. Porter issued a Scheduling

1
DEFENDANT CYPRESS CREEK CO., LP dba PTC INVESTMENT COMPANY'S OPPPOSITION TO PLAINTIFF'S
MOTION TO MODIFY THE SCHEDULING ORDER AND AMEND HIS COMPLAINT

Order Regulating Discovery and Other Pretrial Proceedings ("Scheduling Order"). The Scheduling Order provided, among other things, that "Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **June 13, 2008."** Plaintiff's attorney was present at these hearings and agreed to the Scheduling Order as presented.

**B.     Prior Knowledge of Alleged Defects; Missed Deadline to Amend Scheduling Order.** At the Settlement Conference held on April 1, 2008, and again at the Case Management Conference on May 14, 2008, Plaintiff's attorney clearly stated his intention to amend Plaintiff's Complaint herein based on alleged additional ADA defects which he had ostensibly observed and wanted to add to the list. However, despite Plaintiff's attorney having agreed to the June 13 amendment deadline set forth in the Scheduling Order, and his statements made on two occasions prior to the amendment deadline regarding his intention to amend, Plaintiff's attorney failed to amend the Complaint prior to the June 13 amendment deadline.

Plaintiff's motion seeking to modify the Scheduling Order and amend his Complaint was dated and filed with the Clerk of the Court on June 30, 2008, seventeen days after the Scheduling Order amendment deadline. Plaintiff now seeks, by way of this motion, an order modifying the Scheduling Order to allow him to amend his Complaint.

**C.     Alleged Excuses.**   In Attorney Lynn Hubbard's Declaration in support of Plaintiff's motion, Mr. Hubbard acknowledges that he knew of the June 13, 2008 deadline but states that he should be excused from complying with that deadline because (i) Plaintiff's motion is made in good faith, (ii) Defendants will suffer no prejudice and (iii) Plaintiff's attorney had a turnover in staff.

**D.     Scope and Background; Proposed Amendment to Complaint.** Plaintiff's requested First Amended Complaint alleges additional purported ADA violations. By that amendment, Plaintiff now intends to (i) vastly expand the geographic area involving the tow away signs and the van accessible signs, and (ii) add a new claim regarding the ISA symbols painted in the parking spaces.

As discussed below, the factual basis for these new claims (if they exist) was fully observable by Plaintiff prior to the filing of the Complaint herein and, in fact, Plaintiff must have observed the physical condition of the common areas since he allegedly entered the Center and parked there when he purportedly entered the Food For Less store. In addition, there was no physical barrier

anywhere in the common areas that would prevent Plaintiff from observing and noting such alleged defects/violations at any time prior to filing his Complaint.

Following is a comparison of the ADA violations alleged by Plaintiff in the original Complaint and the violations alleged in his proposed Amended Complaint that relate to Defendant Cypress Creek Co., LP:

| **Original Complaint** | **Proposed Amended Complaint** |
|---|---|
| • The tow away signage provided at the facility is incorrect | • Improper tow-away signage at all entrances to the parking lot |
| • The signage in the van accessible stall is incorrect | • Improper van accessible parking stall signage on the north and west side of the building |
| • There is no stop sign painted on the pavement where the accessible route crosses the vehicular way | • Deleted |
|  | • All International Symbols of Accessibility (ISAs) located on the ground in parking spaces are of improper size |
| • There are no detectable warnings where the accessible route crosses the vehicular way | • A lack of detectable warnings where an accessible route crosses or intersects a vehicular pathway |

Because of the legal priority/sequence assigned by the Court decisions in response to whether there is a legal basis authorizing Plaintiff to amend his Complaint, this brief will first address the threshold issue of whether Plaintiff can amend the Scheduling Order. If Plaintiff cannot prevail on that issue, then, as a matter of law Plaintiff's motion to amend his Complaint should be denied.

## II. PLAINTIFF HAS NOT SATISFIED THE TEST THAT WOULD ALLOW THE AMENDMENT OF THE SCHEDULING ORDER.

Federal Rule of Civil Procedure § 16(b) provides (in part):

"(4) Modifying a Schedule:

"A schedule can be modified only for good cause and with the judge's consent."

3
DEFENDANT CYPRESS CREEK CO., LP dba PTC INVESTMENT COMPANY'S OPPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND AMEND HIS COMPLAINT

Thus, the threshold issue is: Has Plaintiff alleged sufficient good cause for the Court even to consider whether the Scheduling Order may be amended. See <u>Johnson, et al. v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992) at page 609, where the court stated that "good cause" is shown if the moving party (Plaintiff) cannot meet the deadlines despite its due diligence. The Court continued:

> "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. … the focus of the inquiry is upon the moving party's reason for seeking modification."

Plaintiff's attorney acknowledges in his moving papers that he had sufficient time to amend Plaintiff's complaint prior to the amendment deadline. The fact that Plaintiff's counsel experienced difficulties with regard to his legal staff does not constitute good cause for granting a modification of the Scheduling Order. See <u>Tschantz v. McCann</u>, 160 F.R.D. 568, 572 (N.D. Ind. 1995) ("secretarial oversight compounded by secretarial turnover is insufficient to constitute 'good cause'"), citing <u>Wilson v. Wilson</u>, 96 Bankr. 301 (Bankr. E.D. Cal. 1989); see also <u>Geiserman v. MacDonald</u>, 893 F.2d 787, 791 (5th Cir. 1990) (scheduling mistake in counsel's office not good cause). Plaintiff has not, and cannot, meet the good cause requirement of Rule 16(b).

In summary, whether Plaintiff can obtain an amendment to the Scheduling Order depends solely upon whether he acted with due diligence (and in a timely manner) to seek an amendment to the Scheduling Order.

Briefly, Plaintiff's counsel claimed to have formulated the grounds to amend the Complaint at least two and one-half months prior to the deadline to amend the Complaint. He does not allege (as required by the <u>Johnson</u> case) that he could not have filed his motion to amend prior to June 13, 2008. His only allegation is one of carelessness and negligence which, as <u>Johnson</u> states, is not a reason on which the motion to amend the Scheduling Order can be based.

In Plaintiff's brief, he relies on Federal Rule of Civil Procedure §15 to justify and support his motion for relief, i.e., to amend the Scheduling Order. As is stated in <u>Johnson</u>, supra, at page 608, Plaintiff's right to amend the Scheduling Order is based on Federal Rule of Civil Procedure §16(b) and not on Federal Rule of Civil Procedure §15(a).

1  F.R.C.P §15(a) would allow the Court to consider the right to amend to "be freely given when
2  justice requires."  However, in <u>Johnson</u>, supra, at page 608, the Court stated:

> "Thus, Johnson's ability to amend his complaint was governed by
> Rule 16(b), not Rule 15(a).  See <u>Forstmann v. Culp</u>, 114 F.R.D.83,
> (M.D.N.C. 1987) (party seeking to amend pleading after date
> specified in the scheduling order must first show 'good cause' for
> The amendment under Rule 16(b), then if 'good cause' be shown,
> the party must demonstrate that amendment was proper under
> Rule 15); …"

Clearly, Plaintiff has not shown good cause under Federal Rule 16(b) and thus cannot proceed to the next step to consider Rule 15(a).  This responding Defendant requests that Plaintiff's motion to amend the Scheduling Order be denied.

### III. INDEPENDENT OF THE SCHEDULING ORDER ISSUE, THERE IS NO LEGAL RIGHT TO AMEND THE COMPLAINT

**A.   <u>Introduction</u>.**  The gist of Plaintiff's motion to amend the Complaint is that several months after he filed his Complaint, he identified other ADA violations that he would like to add to his laundry list in the Complaint.

As the facts indicate, he either knew (or should have known) of the additional claims at the time the initial Complaint was filed.  There was no physical barrier preventing Plaintiff from knowing of these additional claimed defects at the time the Complaint was filed.  Additionally, Plaintiff has not alleged that there was any physical barrier existing up to the time that he filed his Complaint that prevented him from observing the new alleged defects he would like to add to his list.

**B.   <u>The Law</u>.**  Briefly, where the alleged violations are existing and are, or should be, known on the date the Complaint is filed, Plaintiff is precluded, as a matter of law, from amending his Complaint to add the additional alleged ADA defects.

In <u>Doran v. 7-Eleven, Inc.</u>, et al., 524 Fed.3d 1034 (9th Cir. 2008), the Court held that <u>if</u> Plaintiff was prevented from observing a physical barrier that affected him because he was confronted

5
DEFENDANT CYPRESS CREEK CO., LP dba PTC INVESTMENT COMPANY'S OPPPOSITION TO PLAINTIFF'S
MOTION TO MODIFY THE SCHEDULING ORDER AND AMEND HIS COMPLAINT

1  with a barrier that prevented access to the areas where the new alleged barriers existed, he could add
2  them to his claim after the original Complaint was filed.
3  However, the converse should follow:  If Plaintiff could have physically observed the
4  barriers (ADA defects) prior to the time he filed his Complaint, he must do so or be barred from
5  amending his Complaint to later allege them.

**1.** **One New Claim.**  In respect to this responding Defendant, Plaintiff seeks to add one new claim as follows:

> " •   All International Symbols of Accessibility (ISA's) located on the
>
>       ground in parking spaces are of improper size; …"

It is clear that the ISA symbols located on the ground in the parking spaces were observable prior to the time Plaintiff filed his Complaint.  Please note the alleged defect in the original Complaint:

> " •   The signage in the van accessible stall is incorrect."

Thus, while Plaintiff (or his expert) was present (probably standing on) the parking space to observe the "van accessible" sign which he references in his Complaint, he failed to note (or allege) the alleged improper ISA sign painted where he was standing.

**2.** **Amended Claim.**  In his proposed First Amended Complaint, Plaintiff also requests to expand his claim in the original Complaint as follows:

> Original Complaint
>
> " •   The signage in the van accessible stall is incorrect."
>
> Proposed First Amended Complaint
>
> " •   Improper van accessible parking stall signage on the north and west side of
>
>       the building."

Clearly, Plaintiff is attempting to expand his claims beyond the scope of the original Complaint.  Plaintiff does not allege that he (or his expert) was prevented from observing the new areas of the Center (now included in the proposed Amended Complaint) because of a physical barrier when he first visited the Center.  In fact, <u>all</u> of the alleged claimed defects against this responding Defendant are

DEFENDANT CYPRESS CREEK CO., LP dba PTC INVESTMENT COMPANY'S OPPPOSITION TO PLAINTIFF'S
MOTION TO MODIFY THE SCHEDULING ORDER AND AMEND HIS COMPLAINT

in the Common Area, and no physical barrier prevented (or is alleged to have prevented) Plaintiff from observing them at any time he entered the Center for any reason.

This principle applies to both the new claim plus the amended claim described above. And since the other allegations are either not changed (or are deleted), there is no legal basis on which the claims against this responding Defendant can be amended.

As noted in the Statement of Facts, three of the violations alleged in Plaintiff's proposed Amended Complaint are essentially similar to those alleged in the original Complaint but expanded by ambiguous language. One alleged defect in the original Complaint is deleted, and there is one entirely new claim, i.e.,

> "All International Symbols of Accountability (ISA's) located on the Ground in the parking spaces are of improper size."

Under the rule of Doran, supra, Plaintiff should not be allowed to change the language of the alleged ADA violations to expand their scope after the Complaint was filed, and Doran, supra, clearly reasons that the new claim cannot be added. Under Doran, supra, Plaintiff has not alleged that any physical barrier existed that prevented him from seeing all of the alleged ADA defects prior to the time that the Complaint was filed. Thus, this responding Defendant submits that Plaintiff's motion to allow the amendment to the Complaint also should be denied.

## CONCLUSION

Based on the foregoing, Defendant Cypress Creek Co., L.P., doing business as PTC Investments Company, respectfully requests that this Court deny Plaintiff's Motion to Modify the Scheduling Order and Amend His Complaint in its entirety.

DATED: _July 23, 2008_____                    Respectfully submitted,

                                              LOWELL & ROBBIN

                                              By: _/s/ Robert P. Lowell_____
                                                  ROBERT P. LOWELL, Attorney for
                                                  Defendant CYPRESS CREEK CO., L.P.,
                                                  dba PTC INVESTMENTS COMPANY

7
DEFENDANT CYPRESS CREEK CO., LP dba PTC INVESTMENT COMPANY'S OPPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND AMEND HIS COMPLAINT