GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
MICHAEL CHILLEEN (SBN 210704)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
Email:  hurleyg@gtlaw.com;
chilleenm@gtlaw.com

Attorneys for Defendant,
Ralphs Grocery Company DBA Food 4 Less #780

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. Oliver,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RALPH'S GROCERY COMPANY dba FOOD 4 LESS #780; CYPRESS CREEK CO., LP dba PTC INVESTMENTS COMPANY,<br><br>　　　　Defendants. | CASE NO. 07 CV 2301 JLS POR<br><br>**DEFENDANT RALPHS GROCERY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND AMEND HIS COMPLAINT**<br><br>[Declarations of Michael J. Chilleen, filed concurrently herewith]<br><br>**Date:  August 7, 2008**<br>**Time:  1:30 p.m.**<br>**Ctrm:  H**<br><br>Magistrate Judge Louisa S. Porter |

# INTRODUCTION

Plaintiff filed this action under Title III of the American with Disability Act ("ADA") against Ralphs Grocery Company dba Food 4 Less ("Food 4 Less") over seven months ago. By way of his motion, plaintiff seeks to modify the Scheduling Order in this case, so that he can amend his complaint to allege additional barriers which he could have alleged from day one. Despite having agreed to the amendment deadline set forth in the Scheduling Order during a Case Management Conference ("CMC"), and stating on numerous occasions beforehand that he intended to file an amended complaint, plaintiff carelessly and inexplicably waited until after the deadline passed.

Because the deadline has passed, plaintiff must meet the "good cause" standard of Rule 16(b) for modifying scheduling orders, and the liberal Rule 15(a) standard for amending pleadings is inapplicable. As explained in more detail below, the reasons offered by plaintiff for granting his motion, such as it is made in good faith, defendants will suffer no prejudice, and his attorney had a turnover in staff, even if true, do not amount to good cause, and thus his motion must be denied.

# FACTUAL BACKGROUND

### A.  **Plaintiff Carelessly Failed To Timely Amend His Complaint Even Though He Was Aware Of The Facts Underlying His Proposed First Amended Complaint Well Before The Deadline.**

On December 7, 2007, plaintiff filed this action against Food 4 Less alleging a number of ADA violations. (Complaint ¶ 9, attached as Exhibit "A" to Chilleen Declaration.) Pursuant to Magistrate Judge Porter's January 17, 2008 order, plaintiff's counsel, Mr. Hubbard, and Food 4 Less' counsel, Mr. Chilleen, met at the subject Food 4 Less store to go over all alleged access barriers on January 31, 2008. (01/17/08 Judge Porter Order, attached as Exhibit "B" to Chilleen Decl.; Chilleen Decl. ¶ 2.) Mr. Hubbard noted that he had inspected the store prior to filing the complaint and that most

1

1  of the access barriers that he had alleged appeared to have already been fixed. (Chilleen
2  Decl. ¶ 2.) However, Mr. Hubbard identified a number of additional violations not listed
3  in the complaint. (*Id*.) On March 6, 2008, Judge Porter held the Early Neutral
4  Evaluation. (*Id*.) Mr. Hubbard stated that he intended to amend the complaint to allege
5  the additional ADA violations identified at the January 31 site inspection. (*Id*.)
6      On April 1, Judge Porter held a Settlement Conference. Mr. Chilleen informed the
7  parties that Food 4 Less had fixed all ADA violations identified in the complaint soon
8  after the complaint was filed, as Food 4 Less was in the midst of a remodel. (Chilleen
9  Decl. ¶ 3.) Mr. Hubbard responded that he had noted additional violations during the
10 January 31 site inspection and had also stopped by the store, before coming to the
11 Settlement Conference, and that these violations still existed. (*Id*.) Mr. Hubbard again
12 reiterated his intent to amend the complaint. (*Id*.) Judge Porter informed Mr. Hubbard
13 that he would need to present a formal motion to amend. (*Id*.)
14     On May 2, the parties held the Rule 26(f) conference. (Chilleen Decl. ¶ 3.) Mr.
15 Hubbard again stated that he was going to amend the complaint to allege the additional
16 ADA violations, and asked Food 4 Less and defendant Cypress Creek Co. to stipulate to
17 an amended complaint. (*Id*.) Since the alleged violations existed prior to the filing of the
18 complaint, defendants informed him that they would not agree to any amendments as
19 plaintiff could have alleged them in the first instance. (*Id*.)
20     On May 14, 2008, Judge Porter held a CMC. (Chilleen Decl. ¶ 5.) Judge Porter
21 consulted the parties regarding proposed discovery and motion cut-off dates to which all
22 counsel agreed -- the last day to amend pleadings was set for June 13, 2008. (*Id*.;
23 05/19/08 Judge Porter Order, attached as Exhibit "C" to Chilleen Decl.)
24     On June 16, plaintiff served its responses to Food 4 Less' document requests and
25 special interrogatories. (Plaintiff's responses are attached as Exhibit "D" to Chilleen
26 Decl.). Plaintiff identifies his proposed first amended complaint as responsive to a
27 number of document requests. (*Id*.) In response to an interrogatory asking plaintiff to
28

2

MOTION FOR SANCTIONS                                                Case No. 07 CV-2301 JLS POR
OC 286,287,145v1 7-24-08

identify all barriers, plaintiff lists the exact same barriers as those contained in his proposed first amended complaint. (*Id*.)

On June 30, 2008, *almost four months* after Mr. Hubbard first declared his intention to amend the complaint to allege additional ADA violations, and *seventeen days* after the amendment deadline, plaintiff filed the instant Motion.

## ARGUMENT

**I. THE STRICT RULE 16(B) "GOOD CAUSE" STANDARD, RATHER THAN THE MORE LENIENT RULE 15(A) STANDARD, GOVERNS A MOTION TO AMEND PLEADINGS AFTER THE DEADLINE SET IN THE SCHEDULING ORDER HAS PASSED.**

Plaintiff misstates the applicable legal standard in his moving papers. After the deadline for amending pleadings set in a scheduling order has passed, Rule 16(b) -- not Rule 15(a) -- governs a motion to amend pleadings. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("party seeking to amend [a] pleading after [the] date specified in [the] scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that [the] amendment was proper under Rule 15."); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 606 (E.D. Cal. 1999) (same).[1] Because a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril," litigants cannot circumvent the strict requirements of Rule 16(b) by invoking the liberal language of Rule 15(a). *See Forstmann v. Culp*, 114 F.R.D. 83, 85 (D.C. N.C. 1987).

The foci of Rule 15(a) and Rule 16(b) are quite different. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment."

---

[1] Moreover, the Scheduling Order itself states that it shall not be modified without good cause.

*Johnson*, at 609. Although the existence of prejudice to the party opposing the amendment might supply additional reasons to deny a motion, lack of prejudice does not supply good cause. *Id.* Rather, good cause means that a party cannot meet the scheduling deadline despite exercising due diligence. *Id.* A party's carelessness or inadvertent errors are incompatible with an affirmative finding of diligence and do not amount to good cause. *Id*. ("carelessness is not compatible with a finding of diligence and offers no relief"); *Wilson v. Stinnett*, 96 B.R. 301, 303 (1989) (inadvertent error is not good cause). If the moving party "was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Company*, 302 F.3d 1080 (9th Cir. 2002).

## II. PLAINTIFF HAS NOT, AND CANNOT, MEET THE "GOOD" CAUSE STANDARD OF RULE 16(B).

Having misconstrued the applicable legal standard, it comes at no surprise that Plaintiff utterly fails to show good cause in support of his motion. Plaintiff asks this Court to grant his motion because it is made in "good faith " without "any dilatory purpose," and defendants would not be prejudiced. (Plaintiff's Opening Brief, at 4-5.) This argument misses the mark. Even if true, such circumstances do not amount to good cause. *See e.g., Johnson*, at 609 (good faith of moving party and lack of prejudice to opposing party do not amount to good cause; proper focus is on diligence of moving party).[2]

Plaintiff also half-heartedly argues that turnover in his staff somehow provides good cause:

> Plaintiff acknowledges that he had sufficient time to amend his complaint after learning of the completion of the re-model prior to the cut-off date. However, the legal staff of plaintiff's counsel went through a complete turnover, and the necessity of new hiring, as well as training, cost plaintiff several weeks

---
[2] Furthermore, defendants would be prejudiced as both have already inspected the store and performed necessary modifications, based on the allegations contained in the original complaint. If plaintiff's motion is granted, defendants would have to start the process over again.

4

MOTION FOR SANCTIONS                                                   Case No. 07 CV-2301 JLS POR
OC 286,287,145v1 7-24-08

>of time. Plaintiff in no way offers this information as *justification* as to why he was unable to amend his complaint prior to June 13, 2008. Rather, he respectfully offers it only as an *explanation* as to why plaintiff was unable to get his amended complaint filed in time. (Plaintiff's Opening Brief, at 4-5, emphasis in original.)

This argument is factually and legally deficient. First, the purported need for an amended complaint -- to allege additional ADA violations -- did not surface for the first time during the few weeks prior to the deadline. These alleged additional violations existed pre-complaint. Since Mr. Hubbard personally inspected the store prior to the filing of the complaint, he could have alleged them from day one. Moreover, Mr. Hubbard acknowledged that he was aware of these violations as early as the January 31 site inspection -- approximately 5 months before this motion to amend. Before coming to the April 1 Settlement Conference, Mr. Hubbard inspected the store yet again. Nonetheless, Mr. Hubbard failed to diligently move to amend the complaint or address his inability to meet the amendment deadline at the CMC.

Second, Mr. Hubbard fails to explain why he chose to make time to hire and train new staff, which supposedly took several weeks, and respond to Food 4 Less' discovery, but not to comply with the Scheduling Order. Mr. Hubbard was aware of which barriers he wanted to add months before the deadline. He even included them in plaintiffs' discovery responses. The proposed amended complaint is identical to the original complaint, except for a *single paragraph* which identifies additional barriers. It could not take more than a few minutes to amend a single paragraph. These actions hardly fulfill the due diligence requirement of Rule 16(b), and in fact, do not even meet the liberal Rule 15(a) standard. *See Forstmann*, at 87 ("where the party seeking an untimely amendment [pursuant to Rule 15(a)] knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the motion to amend is subject to denial.")[3]

---

[3] *After* meeting the requirements of Rule 16(b), plaintiff must also independently meet the requirements of Rule 15(a). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Plaintiff meets neither.

Moreover, courts have consistently rejected the exact same argument that plaintiff suggests here, namely that staff turnover constitutes good cause. *See e.g. Tschantz v. McCann*, 160 F.R.D. 568, 572 (N.D. Ind. 1995) ("secretarial oversight compounded by secretarial turnover is insufficient to constitute 'good cause'"), *citing Wilson v. Wilson*, 96 Bankr. 301 (Bankr. E.D. Cal. 1989); s*ee also Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (scheduling mistake in counsel's office not good cause). Under these circumstances, plaintiff has not, and cannot meet the good cause requirement of Rule 16(b).

## CONCLUSION

For all of the above reasons, Food 4 Less respectfully requests that this Court deny plaintiff's Motion in its entirety.

DATED: July 24, 2008                    GREENBERG TRAURIG, LLP


                                        By  s/Michael J. Chilleeen
                                            Gregory F. Hurley
                                            Michael Chilleen
                                            Attorneys for Defendant Ralphs Grocery
                                            Company, DBA Food 4 Less # 780

x

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3161 Michelson Drive, Suite 1000, Irvine, California 92612.

On the below date, I served: **DEFENDANT RALPHS GROCERY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND AMEND HIS COMPLAINT** with the Clerk of the United States District Court for the Southern District, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| Lynn Hubbard, III | Robert P. Lowell |
| Law Offices of Lynn Hubbard | Lowell & Robbin |
| 12 Williamsburg Lane | 707 Broadway, Suite 1800 |
| Chico, CA 95926 | San Diego, CA 92101-5314 |
| Telephone: (530) 895-3252 | Telephone: (619) 236-1142 |
| Fax: (530) 894-8244 | Fax: (619) 233-0700 |
| *Attorney for Plaintiff, A.J. Oliver* | *Attorney for Defendant, Cypress Creek Co., L.P.* |

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**

In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)**

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court and at whose direction the service was made.

Executed on July 24, 2008, at Irvine, California.

/s/ Michael Chilleen
Signature