# Exhibit "D"

Exhibit D   Page 29

1
2
Lynn Hubbard, III, SBN 69773
Scottlynn J Hubbard, IV, SBN 212970
3 **Law Offices of Lynn Hubbard**
12 Williamsburg Lane
4 Chico, CA 95926
(530) 895-3252
5

6 Attorneys for Plaintiff, A.J. OLIVER

7

8

9              UNITED STATES DISTRICT COURT,

10          SOUTHERN DISTRICT OF CALIFORNIA

11

12

13 A.J. OLIVER,                    )   Case No. 07 CV 2301 JLS (POR)
                                   )
14        Plaintiff,               )
                                   )
15     v.                          )   **PLAINTIFF A.J. OLIVER'S**
                                   )   **RESPONSES TO DEFENDANT**
16                                 )   **RALPH'S GROCERY**
                                   )   **COMPANY'S FIRST SET OF**
17 RALPHS GROCERY                  )   **REQUESTS FOR PRODUCTION**
   COMPANY DBA foord for less      )   **OF DOCUMENTS**
18 #780; CYPRESS CREEK CO., LP     )
   dba PTC INVESTMENTS             )
19 COMPANY,                        )
20                                 )
                                   )
21        Defendants               )
22 _____

23

24

25 _____

26 **PROPOUNDING PARTY:**   **Defendant RALPH'S GROCERY**

27                          **COMPANY dba FOOD 4 LESS #780**

28 **RESPONDING PARTY:**    **Plaintiff A.J. OLIVER**

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One
Page 1

 

1  **SET NUMBER:**              **ONE**

2

3  TO ALL PARTIES ND TO THEIR ATTORNEYS OF RECORD:

4      Plaintiff A.J. Oliver, by his attorneys of record, hereby responds to

5  the First Set of Requests for Production of Documents served on him by

6  defendant Ralph's Grocery Company dba Food 4 Less #780, as follows:

7

8              **Prefatory Statement & General Objections**

9      Plaintiff objects to the entire set of requests and to each request set

10  forth herein on each of the following grounds:

11      (1) Plaintiff objects to the requests to the extent that they seek

12  disclosure or facts/information which are protected from disclosure by the

13  attorney-client privilege or the attorney work product doctrine, or any other

14  confidential, statutory or common law privilege or protection;

15      (2) Plaintiff objects to the requests to the extent that they seek the

16  disclosure of facts/information which reflect confidential financial

17  information;

18      (3) Plaintiff objects to the requests to the extent that they are not

19  properly limited as to time, scope, and/or subject matter, and therefore are

20  unduly burdensome and oppressive.

21      It also should be noted that this responding party has not yet fully

22  completed its investigation of the facts relating to this case, has not

23  completed discovery and has not completed preparation for trial.  All of the

24  responses herein are based only upon information and/or documents as are

25  presently available to and specifically known to this party and disclose

26  those contents that presently occur to such party.

27      Furthermore, it is anticipated that further discovery, independent

28  investigation, legal research, and analysis will supply additional facts and

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One**
Page 2



1 | add meaning to known facts, as well as establish entirely new factual
2 | conclusions and legal contentions, all of which may lead to substantial
3 | additions to, change in, and/or variations from the responses and/or
4 | contentions contained herein.

5 | The following responses are given without prejudice to responding
6 | party's rights to produce evidence of any subsequently discovered fact or
7 | facts which this responding party may later recall. Responding party
8 | accordingly reserves the right to change any and all of his answers herein
9 | as additional facts are ascertained, analyses are made, legal research is
10 | completed, and contentions are made. The responses contained herein are
11 | made in a good faith effort to supply as much factual information and as
12 | much specification of legal contentions are s presently known, but should
13 | in no way be taken to the prejudice of this responding party in relation to
14 | further discovery, research or analysis.

15 | **SPECIFIC RESPONSES**

16 | **REQUEST FOR PRODUCTION NO. 1:**

17 | Each and every DOCUMENT regarding, referring to, relating to,
18 | encompassing or comprising YOUR claim that Ralphs Grocery Company
19 | discriminated against YOU on the basis of YOUR disability.

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

21 | Plaintiff objects to this request for production on the grounds that it
22 | is vague and ambiguous, as well as overbroad, as to the phrase "regarding,
23 | referring to, relating to, encompassing or comprising." Notwithstanding
24 | this objection, plaintiff responds that his proposed first amended complaint
25 | encompasses his claims of discrimination by Ralphs Grocery Company on
26 | the basis of his disability, a copy of which is hereby produced.

27 |
28 |

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One**
Page 3



Exhibit D  Page 32

1 | **REQUEST FOR PRODUCTION NO. 2:**

2 |     Each and every DOCUMENT regarding, referring to, relating to,

3 | encompassing or comprising any survey or inspection YOU have

4 | undertaken of the Ralphs Grocery Company.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

6 |     Plaintiff objects to this request for production on the grounds that it

7 | is vague and ambiguous, as well as overbroad, as to "survey or inspection."

8 | Notwithstanding this objection, plaintiff responds that he has not conducted

9 | a Rule 33 survey or inspection as of yet, and plaintiff has no documents

10 | responsive to this request.  Plaintiff reserves the right to supplement this

11 | response upon conducting any survey or inspection pursuant to the federal

12 | rules of civil procedure.

13 | **REQUEST FOR PRODUCTION NO. 3:**

14 |     All photographs, videotapes, or other depictions of the PREMISES

15 | or any other Ralphs Grocery Company location subject to this litigation.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

17 |     Plaintiff objects to this request for production on the grounds that the

18 | request is overly broad in scope in that it is not limited in time.

19 | Notwithstanding this objection, plaintiff responds that it will produce all

20 | documents within his care responsive to this request.

21 | **REQUEST FOR PRODUCTION NO. 4:**

22 |     All COMMUNICATIONS to YOU or from YOU relating to

23 | ACCESS at the PREMISES or any other Ralphs Grocery Company

24 | location subject to this litigation.

25 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

26 |     Plaintiff objects to this request for production on the grounds that the

27 | request is overly broad in scope in that it is not limited in time.

28 |

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One**
Page 4



1  Notwithstanding this objection, plaintiff has no documents responsive to
2  this request that are not covered by attorney-client privilege.
3  **REQUEST FOR PRODUCTION NO. 5:**
4      All notebooks, binders, memorandums, logs, reports, or other
5  DOCUMENTS prepared, maintained, analyzed, or reviewed by YOU
6  regarding to, referring to, or relating to or discussing the alleged ACCESS
7  barriers at the PREMISES or any other Ralphs Grocery Company location
8  subject to this litigation.
9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
10     Plaintiff objects to this request for production on the grounds that the
11 request is overly broad in scope in that it is not limited in time.
12 Notwithstanding this objection, plaintiff has no documents responsive to
13 this request that are not covered by attorney-client privilege.
14 **REQUEST FOR PRODUCTION NO. 6:**
15     All DOCUMENTS regarding, referring to, relating to,
16 encompassing, or comprising YOUR allegations that YOU suffered injury
17 of any kind as a result of alleged ACCESS barriers at the PREMISES or
18 any other Ralphs Grocery Company location subject to this litigation.
19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
20     Plaintiff responds that his proposed first amended complaint
21 encompasses his claims of discrimination by Ralphs Grocery Company on
22 the basis of his disability, and said proposed first amended complaint will
23 be produced. Plaintiff further responds that apart from the proposed first
24 amended complaint, and photographs, plaintiff has no other documents
25 within his care responsive to this request at this time, but shall produce any
26 such documents if future litigation and discovery warrants such.
27
28

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One**
Page 5


Exhibit D Page 34

1 | **REQUEST FOR PRODUCTION NO. 7:**

2        All DOCUMENTS regarding, referring to, relating to,

3 encompassing, or comprising the configuration of the PREMISES or any

4 other Ralphs Grocery Company location subject to this litigation, but not

5 limited to, plans, blueprints, diagrams and/or sketches.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

7        Plaintiff objects to this request for production on the grounds that the

8 request is overly broad in scope in that it is not limited in time, and that the

9 request is vague and ambiguous as to "configuration."   Notwithstanding

10 this objection, plaintiff has no documents responsive to this request in his

11 possession, and avers that defendant would possess all such documents

12 already.

13 | **REQUEST FOR PRODUCTION NO. 8:**

14        All DOCUMENTS regarding, referring to, relating to,

15 encompassing, or comprising YOUR claim that Ralphs Grocery Company

16 has violated, or is violating, DISABILITY ACCESS LAWS at the

17 PREMISES or any other Ralphs Grocery Company location subject to this

18 litigation.

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

20        Plaintiff objects to this request for production on the grounds that the

21 request has been asked and answered (repeatedly) already in defendant's

22 requests.  Plaintiff further objects on the grounds that the request calls for a

23 legal conclusion by plaintiff, who is not an attorney.   Plaintiff responds

24 once again by referring defendant to his proposed first amended complaint,

25 and all other documents produced by plaintiff herein.

26 | **REQUEST FOR PRODUCTION NO. 9:**

27        All DOCUMENTS regarding, referring to, relating to,

28 encompassing, or comprising YOUR claim that the alleged ACCESS

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One**
Page 6



1  barriers at the PREMISES or any other Ralphs Grocery Company location
2  subject to this litigation are readily achievable.
3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**
4      Plaintiff objects to this request for production on the grounds that it
5  is vague and ambiguous as "readily achievable" is not defined, and request
6  asks plaintiff to make a legal conclusion relating to said term.
7  Furthermore, the request is incomprehensible in that plaintiff cannot
8  respond to the inquiry as to how "barriers" are "readily achievable."
9  Therefore, plaintiff has no responsive documents in his possession.
10  **REQUEST FOR PRODUCTION NO. 10:**
11      All DOCUMENTS regarding, referring to, or relating to YOUR
12  visit(s), use, or inspection of the PREMISES or any other Ralphs Grocery
13  Company location subject to this litigation (including, but not limited to,
14  any notes, photos or receipts).
15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
16      Plaintiff objects to this request for production on the grounds that it
17  is vague and ambiguous as to "use" and "inspection," and is overbroad in
18  scope as to time. Notwithstanding this objection, plaintiff responds that it
19  will produce all documents within his care responsive to this request.
20  **REQUEST FOR PRODUCTION NO. 11:**
21      All DOCUMENTS which might identify and person having
22  knowledge of any fact YOU allege in the COMPLAINT.
23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**
24      Plaintiff objects to this request for production on the grounds that it
25  is incomprehensible as to "identify and person." Notwithstanding this
26  objection, plaintiff has no documents responsive to this request in his
27  possession.
28

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One**
Page 7


Exhibit D Page 36

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS which might identify any person YOU communicated with at the PREMISES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff has no documents responsive to this request in his possession.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS which might identify any witnesses to the incidents described in YOUR complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this request for production on the grounds that it is vague and ambiguous as to "witnesses."   Notwithstanding this objection, plaintiff responds that he has no documents responsive to this request in his possession.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS evidencing, describing, regarding, referring to, relating to, encompassing, or comprising the existence or amount of any damages claimed by YOU as a result of any Ralphs Grocery Company's alleged discriminatory acts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to this request for production on the grounds that it is vague and ambiguous as to "damages," and incomprehensible as to "comprising the existence." Notwithstanding this objection, plaintiff responds that he has no documents responsive to this request in his possession, and refers defendant to his proposed first amended complaint.

 

1  **REQUEST FOR PRODUCTION NO. 15:**

2      All DOCUMENTS evidencing, describing, regarding, referring to,

3  relating to, encompassing, or comprising Ralphs Grocery Company's

4  alleged intent to discriminate against YOU.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

6      Plaintiff objects to this request for production on the grounds that it

7  is vague and ambiguous as to "intent," and that it calls for a legal

8  conclusion." Notwithstanding this objection, plaintiff responds that he has

9  no documents responsive to this request in his possession, and refers

10 defendant to his proposed first amended complaint.  Furthermore, plaintiff

11 refers defendant to the Americans with Disabilities Act, enacted in 1992,

12 which obligated defendant to comply with disability access laws, and

13 defendant's refusal to do so for nearly 15 years evidencing intent to not

14 comply with said law.

15 **REQUEST FOR PRODUCTION NO. 16:**

16      All DOCUMENTS which support YOUR claim set forth in YOUR

17 Complaint that Ralphs Grocery Company failed to provide YOU full and

18 equal access to its facilities as required by 42 U.S.C. §12182(a).

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

20      Plaintiff objects to this request for production on the grounds that it

21 calls for a legal conclusion. Notwithstanding this objection, plaintiff

22 responds that he has no documents responsive to this request in his

23 possession, apart from those documents produced herein.

24 **REQUEST FOR PRODUCTION NO. 17:**

25      All of YOUR receipts from the PREMISES or any other Ralphs

26 Grocery Company location subject to this litigation.

27

28

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One**
Page 9

 

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

2      Plaintiff objects to this request for production on the grounds that it

3  is vague and ambiguous as to "receipts," and is overly broad in scope with

4  respect to time. Notwithstanding this objection, plaintiff responds that he

5  will produce all documents in his possession responsive to this request,

6  **REQUEST FOR PRODUCTION NO. 18:**

7      Any and all DOCUMENTS (including medical records) establishing

8  the nature and extent of YOUR disability.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

10      Plaintiff objects to this request for production on the grounds that it

11  is vague and ambiguous as to "nature and extent," and is overly broad in

12  scope with respect to time. Notwithstanding this objection, plaintiff

13  responds that he will produce all documents in his possession responsive to

14  this request.  Furthermore, defendant is more than able to subpoena said

15  medical records from plaintiff's health care provider of the last 6-7 years:

16

17  Ann Kaufman, M.D.
    Comprehensive Health Center
18  3177 Oceanview Blvd.
19  San Diego, CA 92113
20  (619) 231-3200

21

22  **REQUEST FOR PRODUCTION NO. 19:**

23      Any and all DOCUMENTS pertaining to, or relating to, barriers to

24  equal access at the PREMISES or any other Ralphs Grocery Company

25  location subject to this litigation.

26

27

28

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One**
Page 10


Exhibit D Page 39

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

2       Plaintiff responds that he will produce all documents in his

3  possession responsive to this request.

4  **REQUEST FOR PRODUCTION NO. 20:**

5       Any and all DOCUMENTS evidencing or establishing the injuries

6  YOU have suffered as a result of Ralphs Grocery Company's actions

7  and/or omissions.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

9       Plaintiff objects to this request for production on the grounds that it

10 is vague and ambiguous as to "injuries," and the phrase "actions and/or

11 omissions." Notwithstanding this objection, plaintiff responds that he will

12 produce all documents in his possession responsive to this request,

13

14 DATED:  June 16, 2008          LAW OFFICES OF LYNN HUBBARD

15

16

17                               LYNN HUBBARD, III

18                               Attorney for Plaintiff, A.J. Oliver

19

20

21

22

23

24

25

26

27

28

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One**
Page 11


Exhibit D Page 40

VERIFICATION

STATE OF CALIFORNIA
COUNTY OF BUTTE

I, A.J. Oliver, am the plaintiff in the above entitled action. I have read the foregoing **PLAINTIFF A.J. OLIVER'S RESPONSES TO DEFENDANT RALPH'S GROCERY COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS,** and know the contents thereof, and certify that the same is true of my own knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters I believe it to be true

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**ORIGINAL SIGNATURE TO FOLLOW**

Date: June 16, 2008          /s/ *A.J. OLIVER*
                             A.J. OLIVER

Z:\CLIENTS\ADA - Southern\Oliver v. Food 4 Less (CID 1237)\ResponseReqProdDocsSetOne.doc

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One
Page 12


Exhibit D Page 41





Exhibit D   Page 42





Exhibit D   Page 43





Exhibit D  Page 44





















 

Exhibit D    Page 50









Exhibit D     Page 53









Exhibit D   Page 55







Exhibit D  Page 56







Exhibit D   Page 57

















Exhibit D    Page 6











Exhibit D  Page 63













**The True Low Price Leader.
Everyday!**

660 Palomar Street
(619) 498-0327
YOUR CASHIER WAS Monica K

0.42 lb @ 1.98 /lb
WT      PEACHES                    0.83 F
        TAX                        0.00
****  BALANCE                      0.83
        CASH                       1.00
        CHANGE                     0.17
TOTAL NUMBER OF ITEMS SOLD =       1
10/08/07 11:15am 780 2 77 124

MGR: KYE DOWNEY (619) 498-0327
THANK YOU FOR SHOPPING FOOD 4 LESS

Check us out at: www.Food4Less.NET





The True Low Price Leader.
Everyday!

660 Palomar Street
(619) 498-0327
YOUR CASHIER WAS CARMEN F

```
2.55 lb @ 0.48 /lb
WT     PINEAPPLE        ***      1.22 F
1 @ 3/10.98
       SQUIRT FP                 3.66 B
       CA REDEM VAL              0.60 B
       RED BULL                  1.98 T
       CA REDEM VAL              0.05 T
       TAX                       0.49
**** BALANCE                     8.00
       CASH                    100.00
       CHANGE                   92.00
TOTAL NUMBER OF ITEMS SOLD =      5
10/24/07 10:19am 780 2 190 285
```

MGR: KYE DOWNEY (619) 498-0327
THANK YOU FOR SHOPPING FOOD 4 LESS

Check us out at: www.Food4Less.NET

 

Exhibit D   Page 68

1

## PROOF OF SERVICE

2

3 STATE OF CALIFORNIA, COUNTY OF BUTTE

4

5     I, Merry M. Lowe, am employed in the aforesaid County; I am over
the age of 18 years and not a party to the within action; my business
6 address is 12 Williamsburg Lane, Chico, California 95926. On June 16,
7 2008, I served:

8 **PLAINTIFF A.J. OLIVER'S RESPONSES TO DEFENDANT**
9 **RALPH'S GROCERY COMPANY'S FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS**
10

11 on the interested parties in this action as follows:

12
    Michael Chilleen              Robert Lowell
13     *Greenberg Traurig, LLP*      *Lowell & Robbin*
14     3161 Michelson Dr. Suite 1000   707 Broadway, Suite 1800
    Irvine, CA 92612             San Diego CA 92101
15

16     The following is a procedure in which service of this document was
effected:
17

18 ( )   U.S. POSTAL SERVICE - by placing for collection and deposit in
     the United States mail a copy of said document at Law Offices of
19     Lynn Hubbard,12 Williamsburg Lane, Chico, Butte County,
     California, in a sealed envelope, with postage fully prepaid. I am
20     familiar with the practice of Law Offices of Lynn Hubbard for the
     collection and processing of correspondence for mailing with the
21     United States Postal Service. In accordance with the ordinary course
     of business, the above-mentioned document would have been
22     deposited with the United States mail, on the same day on which it
     was placed at Law Offices of Lynn Hubbard for deposit.
23

24 (xx)  OVERNIGHT DELIVERY - by causing said envelope(s) to be
     delivered overnight via an overnight delivery service in lieu of
     delivery by mail to the addressee(s).
25

26 ( )   FAX - by transmitting pursuant to Rules 2001 et seq., the above-
     described document(s) by facsimile machine (which complied with
27     Rule 2003(3)). The transmission originated from facsimile phone
     number (530) 894-8244, and was reported complete without error.
28     The facsimile machine properly issued a transmission report.

*Oliver v. Food For Less, Case No. 07CV 2301 JLS (POR)*
**Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One**


Exhibit D Page 69

1     (  )    PERSONAL SERVICE - by causing to be delivered such document
2              by hand to the offices of the addressee(s).

3     (  )    State: I declare under penalty of perjury under the laws of the State of
            California that the foregoing is true and correct.

4     (xx)   Federal: I declare that I am employed in the office of a member of the
5              bar of this court, at whose direction the service was made.

6

7         I declare under penalty of perjury under the laws of the State of
  California that the foregoing is true and correct.

8

9  Dated: June 16, 2008

10                           MERRY M. LOWE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Document Requests from Ralph's Grocery Company, Set One**
Page 14

Exhibit D Page 70

1  Lynn Hubbard, III, SBN 69773
2  Scottlynn J Hubbard, IV, SBN 212970
   **Law Offices of Lynn Hubbard**
3  12 Williamsburg Lane
4  Chico, CA 95926
5  (530) 895-3252

6  Attorneys for Plaintiff, A.J. OLIVER
7

8

9              UNITED STATES DISTRICT COURT,
10            SOUTHERN DISTRICT OF CALIFORNIA
11

12

13 A.J. OLIVER,                    )   Case No. 07 CV 2301 JLS (POR)
                                   )
14        Plaintiff,               )
                                   )   **PLAINTIFF A.J. OLIVER'S**
15     v.                          )   **RESPONSES TO DEFENDANT**
                                   )   **RALPH'S GROCERY**
16                                 )   **COMPANY'S FIRST SET OF**
17 RALPHS GROCERY                  )   **INTERROGATORIES**
   COMPANY DBA foord for less      )
18 #780; CYPRESS CREEK CO., LP     )
   dba PTC INVESTMENTS             )
19 COMPANY,                        )
20                                 )
                                   )
21        Defendants               )
                                   )
22 _____
23
24 _____
25
26 **PROPOUNDING PARTY:**    Defendant RALPH'S GROCERY
27                           COMPANY dba FOOD 4 LESS #780
28 **RESPONDING PARTY:**     Plaintiff A.J. OLIVER

   *Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
   Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One
                           Page 1



1  **SET NUMBER:**              **ONE**

2

3  TO ALL PARTIES ND TO THEIR ATTORNEYS OF RECORD:

4          Plaintiff A.J. Oliver, by his attorneys of record, hereby responds to

5  the First Set of Interrogatories served on him by defendant Ralph's Grocery

6  Company dba Food 4 Less #780, as follows:

7

8                     **Prefatory Statement**

9          It should be noted that this responding party has not yet fully

10 completed its investigation of the facts relating to this case, has not

11 completed discovery and has not completed preparation for trial.  All of the

12 responses herein are based only upon information and/or documents as are

13 presently available to and specifically known to this party and disclose

14 those contents which presently occur to such party.

15         Furthermore, it is anticipated that further discovery, independent

16 investigation, legal research, and analysis will supply additional facts and

17 add meaning to known facts, as well as establish entirely new factual

18 conclusions and legal contentions, all of which may lead to substantial

19 additions to, change in, and/or variations from the responses and/or

20 contentions contained herein.

21         The following responses are given without prejudice to responding

22 party's rights to produce evidence of any subsequently discovered fact or

23 facts which this responding party may later recall.  Responding party

24 accordingly reserves the right to change any and all of his answers herein

25 as additional facts are ascertained, analyses are made, legal research is

26 completed, and contentions are made.  The responses contained herein are

27 made in a good faith effort to supply as much factual information and as

28 much specification of legal contentions are s presently known, but should

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 2



1  in no way be taken to the prejudice of this responding party in relation to

2  further discovery, research or analysis.

3  **RESPONSES**

4  **INTERROGATORY NO. 1:**

5      IDENTIFY all injunctive relief that YOU seek at the PREMISES or

6  any other Ralphs Grocery Company locations subject to this litigation.

7  **RESPONSE TO INTERROGATORY NO. 1:**

8      Plaintiff seeks injunctive relief pursuant to the Americans with

9  Disabilities Act, California's Unruh Act and Disabled Persons Act, and any

10  other applicable statutes as pled by plaintiff in his proposed first amended

11  complaint, relating to any and all barriers to access – that relate to

12  plaintiff's disability – that currently exist on the PREMISES and which are

13  in violation of the aforementioned statutes and Acts, said barriers to

14  include not only physical architectural barriers but any barriers as well

15  exemplified by defendant's corporate policies or actions at the PREMISES.

16  **INTERROGATORY NO. 2:**

17      IDENTIFY each barrier to equal access (referencing the relevant

18  ADAAG sections) which YOU contend exists at the PREMISES or any

19  other Ralphs Grocery Company locations subject to this litigation.

20  **RESPONSE TO INTERROGATORY NO. 2:**

21      Plaintiff objects to this Interrogatory on the grounds that it calls for

22  legal conclusions and is compound. As discovery is incomplete, and

23  inspection of the PREMISES could reveal additional barriers, the following

24  list of access violations of which plaintiff seeks injunctive relief is not in

25  any way to be taken as final and complete.  Notwithstanding these

26  objections, plaintiff lists the following barriers:

27      • Improper tow-away signage at all entrances to the parking lot;

28

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 3



1  • Improper van accessible parking stall signage on the north and west
2     side of the building;
3  • All International Symbols of Accessibility (ISAs) located on the
4     ground in parking spaces are of improper size;
5  • A lack of detectable warnings where an accessible route crosses or
6     intersects a vehicular pathway;
7  • Shopping carts obstruct the way from the disabled parking to the
8     front entrance of the store;
9  • No accessible check-out lane and/or checkstand;
10  • There is no 30 by 48 inches of clear space in front of any the self-
11     grocery bagging areas at each checkstand;
12  • The pay-point machines for each checkstand are mounted to high;
13  • The deli counter is not accessible;
14  • The meat counter/butcher area is not accessible;
15  • No directional signage to the accessible restrooms;
16  • The toilet paper dispenser in the men's restroom accessible stall
17     protrudes too from the wall obstructing clear wheelchair-to-toilet
18     transfer space;
19  • The door to the accessible restroom stall is not self-closing;
20  • The stall door operating mechanism is  not accessible, as improper
21     door hardware is used.
22  **INTERROGATORY NO. 3:**
23      IDENTIFY each feature of the PREMISES or any other Ralphs
24  Grocery Company locations subject to this litigation which YOU allege
25  violates DISABLED ACCESS LAWS.
26  **RESPONSE TO INTERROGATORY NO. 3:**
27      Plaintiff objects to this Interrogatory as it vague and ambiguous as to
28  "feature." Furthermore, "DISABLED ACCESS LAWS" is not defined by



1 | defendant. To the extent that defendant intends "feature" to mean "access

2 | barrier," plaintiff objects that this Interrogatory has been asked and

3 | answered (please see plaintiff's response to Interrogatory No. 2).

4 | **INTERROGATORY NO. 4:**

5 | For each feature identified in response to interrogatory No. 3, specify

6 | the statute or regulation which YOU contend that feature violates.

7 | **RESPONSE TO INTERROGATORY NO. 4:**

8 | Plaintiff objects to this Interrogatory as it vague and ambiguous as to

9 | "feature." Plaintiff also objects on the grounds that this Interrogatory calls

10 | for legal conclusions. To the extent that defendant intends "feature" to

11 | mean "access barrier," plaintiff objects that this Interrogatory has been

12 | asked and answered (please see plaintiff's response to Interrogatory No. 2).

13 | **INTERROGATORY NO. 5:**

14 | For each feature identified in response to interrogatory No. 3,

15 | describe every reason YOU contend the feature violates DISABLED

16 | ACCESS LAWS.

17 | **RESPONSE TO INTERROGATORY NO. 5:**

18 | Plaintiff objects to this Interrogatory as it vague and ambiguous as to

19 | "feature." Furthermore, "DISABLED ACCESS LAWS" is not defined by

20 | defendant. Plaintiff further objects that the interrogatory is confusing and

21 | incomprehensible, and therefore plaintiff is unable to respond in any

22 | meaningful manner. Plaintiff's list of access barriers is self-explanatory,

23 | and the reference of specific ADAAG sections makes plain plaintiff's

24 | contention as to why each and every barrier listed are in violation of pled

25 | statutes and regulations, therefore plaintiff contends he has already

26 | responded to this request in his response to Interrogatory No. 2.

27 |

28 |

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 5



Exhibit D  Page 15

1  **INTERROGATORY NO. 6:**

2      Please state the name, address, and telephone number of YOUR

3  present employer or place of self-employment, and the name of, address,

4  dates of employment, job title, and nature of work for each employer or

5  self-employment YOU have had for the last ten years.

6  **RESPONSE TO INTERROGATORY NO. 6:**

7      Plaintiff objects that this Interrogatory is irrelevant and not

8  reasonably likely to lead to admissible evidence.  Plaintiff further objects

9  that the Interrogatory is overly broad in time and scope.  Furthermore,

10  plaintiff objects that this Interrogatory is compound, and asks for multiple

11  facts in one interrogatory, in violation of FRCP 33.  Notwithstanding these

12  objections, plaintiff responds that he has not been employed since his

13  stroke approximately 13 years ago.

14  **INTERROGATORY NO. 7:**

15      State YOUR current address, and any residence addresses YOU have

16  had in the last three years.

17  **RESPONSE TO INTERROGATORY NO. 7:**

18      Plaintiff objects that this Interrogatory is irrelevant and not

19  reasonably likely to lead to admissible evidence.  Plaintiff further objects

20  that the Interrogatory is overly broad in time and scope.  Furthermore,

21  plaintiff objects that this Interrogatory is compound, and asks for multiple

22  facts in one interrogatory, in violation of FRCP 33. Notwithstanding these

23  objections, plaintiff responds that he currently resides at:

24

25  1052 9th Street

26  Apt. #102

27  Imperial Beach, CA

28

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 6



Exhibit D  Page 96

1  Plaintiff has resided at this address for over two (2) years. Due to his

2  stroke and associated memory loss, plaintiff is unable to recall his previous

3  addresses of residences, but shall attempt to obtain such information so that

4  he may supplement this response.

5  **INTERROGATORY NO. 8:**

6      Describe with particularity YOUR disability, the date YOUR

7  disability began, and how it limits a major life activity.

8  **RESPONSE TO INTERROGATORY NO. 8:**

9      Plaintiff suffered a stroke approximately thirteen (13) years ago,

10  which left him paralyzed, and with speech impairments. Plaintiff is unable

11  to stand or walk, and requires the use of a motorized wheelchair when

12  traveling in public.

13  **INTERROGATORY NO. 9:**

14      IDENTIFY the case name, case number, and jurisdiction for each

15  disability discrimination lawsuit in which YOU have been a plaintiff, class

16  representative or class member in the last ten years, including the current

17  status of each case.

18  **RESPONSE TO INTERROGATORY NO. 9:**

19      Plaintiff objects to this Interrogatory on the grounds that it is

20  irrelevant and not reasonably likely to lead to the discovery of admissible

21  evidence. Past lawsuits alleging different violations at different public

22  accommodations on different occasions with different defendants have zero

23  relevance to evidence *in this lawsuit* as to whether access barriers exist on

24  the PREMISES. Furthermore, plaintiff objects in that the information

25  requested is publicly available, and therefore equally available to the

26  propounding party.

27

28

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 7



1  **INTERROGATORY NO. 10:**

2      Have YOU ever been convicted of a felony? If so, for each

3  conviction state: the city and state where YOU were convicted; the date of

4  conviction; the offense; and the court and case number.

5  **RESPONSE TO INTERROGATORY NO. 10:**

6      Plaintiff objects to this Interrogatory on the grounds that it is

7  irrelevant and not reasonably likely to lead to the discovery of admissible

8  evidence. Furthermore, it is harassing and prejudicial, with absolutely no

9  bearing on the facts and legal contentions of this lawsuit. Finally, plaintiff

10 objects that the Interrogatory is compound in violation of FRCP 33.

11 **INTERROGATORY NO. 11:**

12     IDENTIFY ANY damages that YOU attribute to YOUR visit(s) to

13 the PREMISES, including, but not limited to physical injury or emotional

14 distress? [sic] For each item of damage state the nature; the date it

15 occurred; the amount; and the name of each PERSON to whom an

16 obligation was incurred.

17 **RESPONSE TO INTERROGATORY NO. 11:**

18     Plaintiff objects to this Interrogatory on the grounds that it is

19 hopelessly incomprehensible, vague and ambiguous, especially with

20 respect to "damages," "nature" of damage, and "obligation was incurred."

21 Plaintiff is unable to adequately respond. Furthermore, the Interrogatory is

22 compound in violation of FRCP 33.

23     Plaintiff has alleged violations of the ADA and California

24 discrimination statutes, and alleges that defendant has discriminated against

25 him by denying him full and equal access to the PREMISES. Plaintiff

26 seeks injunctive relief, and statutory monetary damages as allowed under

27 the pled laws. With respect to physical damage and emotional distress,

28 plaintiff suffered discrimination and all attendant consequences of same,

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 8



1  including anger, frustration, resentment, and feelings of inferiority due to

2  defendant's actions against him.

3  **INTERROGATORY NO. 12:**

4      Did YOU receive ANY consultation, examination or treatment from

5  a health care provider for ANY injury YOU attribute to YOUR visit(s) to

6  the PREMISES? If so, for each health care provider, state the name,

7  address, and telephone number; the type of consultation, examination or

8  treatment provided; the dates YOU received consultation, examination or

9  treatment; and the charges to date.

10  **RESPONSE TO INTERROGATORY NO. 12:**

11      Plaintiff has not sought consultation, examination or treatment from

12  a health care provider as a result of any visit to the PREMISES, above and

13  beyond his normally scheduled visits to health care providers as part of a

14  normal maintenance of, and care for, his disability.  Plaintiff has seen the

15  following health care provider for the last 6-7 years:

16

17  Ann Kaufman, M.D.
    Comprehensive Health Center
18  3177 Oceanview Blvd.
19  San Diego, CA 92113
    (619) 231-3200
20

21  **INTERROGATORY NO. 13:**

22      State the total amount of statutory damages YOU are seeking to

23  recover in this action, and describe how YOU calculated that amount.

24  **RESPONSE TO INTERROGATORY NO. 13:**

25      Plaintiff seeks injunctive relief, and statutory monetary damages as

26  allowed under the pled laws to maximum extent allowed under said pled

27  laws.  As this action is in the early stages of litigation, it is impossible for

28

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 9



1  plaintiff to estimate said amount of damages that will be allowed under the
2  pled laws.

3  **INTERROGATORY NO. 14:**

4      Do ANY DOCUMENTS support the existence or amount of ANY
5  item of damages YOU claim in YOUR complaint? If so, IDENTIFY each
6  item of damage, each DOCUMENT describing it, and state the name,
7  address, and telephone number of the PERSON who has each document.

8  **RESPONSE TO INTERROGATORY NO. 14:**

9      Plaintiff objects to this Interrogatory on the grounds that it is
10  hopelessly incomprehensible, vague and ambiguous, especially with
11  respect to "damages," and "item of damage." Plaintiff is unable to
12  adequately respond. Furthermore, the Interrogatory is hopelessly
13  compound in violation of FRCP 33.

14  **INTERROGATORY NO. 15:**

15      IDENTIFY ANY PERSONS having knowledge of ANY fact YOU
16  allege in YOUR complaint, and state the substance of each person's
17  knowledge.

18  **RESPONSE TO INTERROGATORY NO. 15:**

19      Plaintiff objects to this Interrogatory on the grounds that it is vague
20  and ambiguous with respect to "knowledge," and "fact." Plaintiff responds
21  that he has knowledge of the facts in his proposed first amended complaint,
22  and that defendant, its employees, agents and representatives, have such
23  knowledge as well.

24  **INTERROGATORY NO. 16:**

25      IDENTIFY each Ralphs Grocery Company location at which YOU
26  encountered barriers to equal access, including identification of all parties
27  in attendance, dates, and documentation (including, but not limited to,
28  ANY notes, photos, or receipts) evidencing the encounter.

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 10



Exhibit D Page 80

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this Interrogatory on the grounds that it is compound in violation of FRCP 33, asking multiple questions in one interrogatory. Plaintiff responds that his proposed first amended complaint contains information responsive to this Interrogatory. Plaintiff further responds that he has visited the PREMISES on numerous occasions prior to the filing of the instant lawsuit, an average of three to four times per month, including on October 8, 2007, and October 24, 2007, and that he has copies of receipts evidencing these visits. Plaintiff also has photographs evidencing the barriers on the PREMISES.

**INTERROGATORY NO. 17:**

IDENTIFY each and every date YOU visited, used, or inspected the PREMISES, including identification of all parties in attendance, dates, documentation (including, but not limited to, ANY notes, photos, or receipts) evidencing the visit and/or inspection.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to this Interrogatory on the grounds that it is compound in violation of FRCP 33, asking multiple questions in one interrogatory. Plaintiff also objects on the grounds that it is vague and ambiguous as to "parties in attendance," and "inspection." Furthermore, this Interrogatory has already been asked and answered (*see* Interrogatory No. 16).

**INTERROGATORY NO. 18:**

IDENTIFY ANY future plans YOU have to visit the PREMISES including ANY evidence supporting such intention.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff objects to this Interrogatory on the grounds that it is impossible to adequately respond to. Plaintiff has stated in his proposed

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 11


Exhibit D Page 81

1 | first amended complaint that he is currently deterred from visiting the
2 | PREMISES due to discriminatory architectural barriers on the PREMISES
3 | that deny him full and equal access.  Until such barriers to access are
4 | removed, plaintiff is unable to state when he will be able to next visit the
5 | PREMISES.  Furthermore, the PREMISES is a grocery store, an entity that
6 | does not lend itself to discrete and concrete plans for future visits; an
7 | individual patronizes a grocery store when such need – for example, for
8 | food – arises, and it is usually impossible to know in advance when such
9 | need will arise.

**INTERROGATORY NO. 19:**

IDENTIFY by address all Ralphs Grocery Company locations included in this action.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff identified the subject Food 4 Less grocery store in his proposed first amended complaint, to wit, the store located at 660 Palomar Avenue, Chula Vista, California.

**INTERROGATORY NO. 20:**

State all facts upon which YOU base YOUR contention that Ralphs Grocery Company violated DISABILITY ACCESS LAWS.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff objects to this Interrogatory on the grounds that as this case is still very early in the litigation stages and discovery is ongoing, it is impossible to "state all facts" supporting plaintiff's lawsuit at this time. Plaintiff points to the facts alleged in his proposed first amended complaint, the current factual list of access barriers that exist at the PREMISES, along with the laws and regulations as embodied in the ADA, the ADAAG, Title 24 Building Code, California's Unruh Act and Disabled Persons Act.  Furthermore, as the ADA was enacted in 1992, defendant has

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 12



1  had over 15 years to bring their property into compliance, and their refusal

2  to do so evinces an intent to discriminate against plaintiff and other

3  similarly situated disabled persons.

4  **INTERROGATORY NO. 21:**

5  IDENTIFY ANY PERSON with knowledge of the facts that support

6  YOUR contention that Ralphs Grocery Company violated DISABILITY

7  ACCESS LAWS.

8  **RESPONSE TO INTERROGATORY NO. 21:**

9  Plaintiff objects to this Interrogatory on the grounds that it has

10  already been asked and answered. Plaintiff therefore directs propounding

11  party to his response to Interrogatory No. 15.

12  **INTERROGATORY NO. 22:**

13  IDENTIFY all DOCUMENTS that support YOUR contention that

14  Ralphs Grocery Company violated DISABILITY ACCESS LAWS.

15  **RESPONSE TO INTERROGATORY NO. 22:**

16  Plaintiff objects to this Interrogatory on the grounds that it has

17  already been asked and answered. Plaintiff therefore directs propounding

18  party to his response to Interrogatory No. 16.

19  **INTERROGATORY NO. 23:**

20  IDENTIFY each PERSON YOU intend to call as a witness at ANY

21  hearing or trial, either to testify as to affirmative evidence, in rebuttal to

22  ANY claims or denials made by Ralphs Grocery Company, or for cross

23  examination or impeachment purposes.

24  **RESPONSE TO INTERROGATORY NO. 23:**

25  Plaintiff objects to this Interrogatory on the grounds that as this case

26  is still very early in the litigation stages and discovery is ongoing, it is

27  impossible to identify all persons who will testify on plaintiff's behalf.

28  Furthermore, the Interrogatory is vague and ambiguous as to "hearing," and

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 13


Exhibit D Page 83

1   "claims and denials"; specifically, it is impossible for plaintiff to identify
2   persons who will rebut defendant's "claims or denials" when plaintiff has
3   no idea what said "claims or denials" will or would be.  Plaintiff can say
4   that he of course will testify on his own behalf, and plaintiff also identifies
5   defendant's employees, agents or representatives who have knowledge of
6   the access barriers at the PREMISES.  Furthermore, plaintiff reserves the
7   right to amend his response at a later date should he name expert or experts
8   to testify on his behalf.  Finally, this Interrogatory is better responded to if
9   – and when – trial approaches, and pre-trial documents are due to be filed
10  with the Court.

11

12  DATED:  June 16, 2008          LAW OFFICES OF LYNN HUBBARD
13
14
15                                          LYNN HUBBARD, III
16                                          Attorney for Plaintiff, A.J. Oliver
17
18
19
20
21
22
23
24
25
26
27
28

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 14


Exhibit D  Page 84

VERIFICATION

STATE OF CALIFORNIA
COUNTY OF BUTTE

I, A.J. Oliver, am the plaintiff in the above entitled action. I have read the foregoing **PLAINTIFF A.J. OLIVER'S RESPONSES TO DEFENDANT RALPH'S GROCERY COMPANY'S FIRST SET OF INTERROGATORIES,** and know the contents thereof, and certify that the same is true of my own knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters I believe it to be true

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**ORIGINAL SIGNATURE
TO FOLLOW**

Date: June 16, 2008        _/s/ A.J. OLIVER_
                           A.J. OLIVER

Z:\CLIENTS\ADA - Southern\Oliver v. Food 4 Less (CID 1237)\ResponseInterrogsSetOne.doc

_Oliver v. Food For Less,_ **Case No. 07CV 2301 JLS (POR)**
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 15



1

## PROOF OF SERVICE

2

3

STATE OF CALIFORNIA, COUNTY OF BUTTE

4

5     I, Merry M. Lowe, am employed in the aforesaid County; I am over
the age of 18 years and not a party to the within action; my business
6     address is 12 Williamsburg Lane, Chico, California 95926.  On June 16,
7     2008, I served:

8

### PLAINTIFF A.J. OLIVER'S RESPONSES TO DEFENDANT
### RALPH'S GROCERY COMPANY'S FIRST SET OF
### INTERROGATORIES

9

10

11    on the interested parties in this action as follows:

12

13    Michael Chilleen                    Robert Lowell
      *Greenberg Traurig, LLP*            *Lowell & Robbin*
14    3161 Michelson Dr. Suite 1000       707 Broadway, Suite 1800
      Irvine, CA 92612                    San Diego CA 92101
15

16        The following is a procedure in which service of this document was
effected:
17

18    ( )  U.S. POSTAL SERVICE - by placing for collection and deposit in
           the United States mail a copy of said document at Law Offices of
19         Lynn Hubbard,12 Williamsburg Lane, Chico, Butte County,
           California, in a sealed envelope, with postage fully prepaid.  I am
20         familiar with the practice of Law Offices of Lynn Hubbard for the
           collection and processing of correspondence for mailing with the
21         United States Postal Service. In accordance with the ordinary course
           of business, the above-mentioned document would have been
22         deposited with the United States mail, on the same day on which it
           was placed at Law Offices of Lynn Hubbard for deposit.
23

24    (xx) OVERNIGHT DELIVERY - by causing said envelope(s) to be
           delivered overnight via an overnight delivery service in lieu of
           delivery by mail to the addressee(s).
25

26    ( )  FAX - by transmitting pursuant to Rules 2001 et seq., the above-
           described document(s) by facsimile machine (which complied with
27         Rule 2003(3)).  The transmission originated from facsimile phone
           number (530) 894-8244, and was reported complete without error.
28         The facsimile machine properly issued a transmission report.

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 16



( )   PERSONAL SERVICE - by causing to be delivered such document by hand to the offices of the addressee(s).

( )   State: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(xx)   Federal: I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.


      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 16, 2008

MERRY M. LOWE

*Oliver v. Food For Less*, Case No. 07CV 2301 JLS (POR)
**Plaintiff's Responses to Interrogatories from Ralph's Grocery Company, Set One**
Page 17

