1  Lynn Hubbard III, SBN 69773
2  Scottlynn J Hubbard, IV, SBN 212970
3  **Law Offices of Lynn Hubbard**
   12 Williamsburg Lane
4  Chico, CA. 95926
5  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
6
7  Attorneys for Plaintiff, A.J. OLIVER
8
9
10              UNITED STATES DISTRICT COURT
11              SOUTHERN DISTRICT OF CALIFORNIA
12
13
14 A.J. OLIVER,                    ) Case No. 07cv2301 JLS (POR)
                                   )
15         Plaintiff,              ) **Plaintiff's Reply Brief in Support**
                                   ) **of His Motion to Modify the**
16    v.                           ) **Scheduling Order and Amend His**
                                   ) **Complaint**
17                                 )
18 RALPHS GROCERY COMPANY          )
   dba FOOD 4 LESS #780; CYPRESS   ) **[FRCP 16(b)]**
19 CREEK CO., LP dba PTC           )
20 INVESTMENTS COMPANY,            )
                                   )
21                                 ) Date:  August 7, 2008
                                   ) Time:  1:30 p.m.
22         Defendants.             ) Ctrm:  H
23                                 )
24 ─────────────────────────────── Honorable Janis L. Sammartino
25
26
27
28

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Reply Brief in Support of His Motion to Amend His Complaint**
Page 1

**I. INTRODUCTION**

Plaintiff A.J. Oliver filed a motion seeking to add new barriers via a motion to amend, and to make clear exactly which barriers remain on the subject property following a remodel by defendant Ralphs Grocery Company. Co-defendant Cypress Creek Co., LP dba PTC Investments Company (hereafter "Cypress Creek") has now filed an opposition in response. The gist of Cypress Creek's opposition is two-fold: 1) plaintiff has not met the threshold of "good cause" that is required for the Court to grant his motion; and 2) even if plaintiff has met this threshold, the law precludes him from amending his complaint.

Oliver will now briefly address these arguments.

**II. DISCUSSION**

**A.    The Law is on Oliver's Side: He Can Amend**

Cypress Creek argues that as the law stands now, "where the alleged violations are existing and are, or should be, known on the date the Complaint is filed, Plaintiff is precluded, as a matter of law, from amending his Complaint to add the additional alleged ADA defects." Cypress Creek Opposition, p. 5. To reach this conclusion, Cypress Creek misreads and/or misrepresents the recent Ninth Circuit decision of *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008). Plaintiff's counsel is comfortable with his use of the words "misreads" and "misrepresents" for the simple reason that it was plaintiff's counsel that appealed the *Doran v. 7-Eleven* case, as well as won said appeal.

In the case of *Doran v. 7-Eleven, Inc.*, the Ninth Circuit, after a thorough analysis (and barely suppressing an annoyance that its earlier holding in *Pickern v. Holiday Quality Foods, Inc.*, 293 F3d 1133 (9th Cir. 2002) had not been followed), issued the following crystal-clear holding so there would no longer be any doubt on this issue:

*Oliver v. Ralphs Grocery Company, et al*, Case No. 07cv2301 JLS (POR)
Plaintiff's Reply Brief in Support of His Motion to Amend His Complaint
Page 2

> An ADA plaintiff who has Article III standing as a result of <u>at least one barrier</u> at a place of public accommodation <u>may, in one suit, permissibly challenge all barriers</u> in that public accommodation that are related to his or her specific disability.

*Doran*, 524 F.3d 1034, 1047 (emphasis added). Seldom are Ninth Circuit rulings so clear-cut and spelled out. The Ninth Circuit does no quibble about *when* the plaintiff learned about the barriers, or about *how* the plaintiff learned about them, or even if the plaintiff actually *physically encountered* them. Rather, the holding is nearly mathematical in its purity: if barriers exist, and a disabled plaintiff encounters even just *one* of them, then he can seek to remove *all of them*. Full stop, end of story.

Therefore, Cypress Creek's argument is – and there is now absolutely no doubt on this – <u>without merit</u>. As Cypress Creek is not disputing the fact that Oliver encountered "at least one barrier" at the subject property prior to filing his suit (thereby giving him Article III standing), Oliver therefore has standing to challenge **all access barriers that affect his disability**, even those discovered *after* the filing of the complaint.

Cypress Creek attempts to "fog" up this crystal clear ruling by trying to frame the holding of *Doran* as follows: if a disabled plaintiff was "prevented from observing a physical barrier that affected him because he was confronted with a barrier that prevented access to areas where [other] barriers existed," *then* if plaintiff *could have* physically observed other ADA barriers prior to the time he filed his complaint, he must do so or be barred from amending his Complaint later to allege them." Cypress Creek Opposition, pp. 5-6.

With all due respect, this is pure, unadulterated nonsense. Cypress

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Reply Brief in Support of His Motion to Amend His Complaint**
Page 3

1  Creek spouts this argument with no support from the actual *Doran* opinion
2  – not a single word is cited from *Doran* by defendant in support of such an
3  assertion. This is because the actual holding of *Doran* – as quoted *supra* –
4  says the exact opposite: if a public accommodation has access barriers, and
5  a disabled person encounters just one of those barriers, that person has
6  Article III standing and <u>can seek to remove each and every access barrier
7  on the property that affects his disability, regardless of whether he knew
8  about the barrier before or after filing the complaint</u>. It literally boggles
9  the mind that defendant (and it is not alone) still insists on trying to warp
10 this most basic and simple holding, even when the Ninth Circuit took great
11 pains in *Doran* to make it as simple, uncomplicated, and clear as possible.
12 Indeed, the great thrust of *Doran* – and where the Ninth Circuit located the
13 power for such a holding – was the Court's lengthy discussion of "the
14 prudential aspects of the standing doctrine," and its intersection with
15 judicial economy. *See Doran*, 524 F.3d at 1045-46. Perhaps defendant
16 should re-read this part of the opinion.

17 According to Cypress Creek, "Plaintiff is attempting to expand his
18 claims beyond the scope of the original Complaint." Cypress Creek
19 Opposition, p. 6. Without hesitation, Oliver can state that, yes, he is;
20 plaintiff aims to amend his complaint to add barriers that affect his
21 disability that were not known about prior to his filing the complaint. And
22 the Ninth Circuit, in *Doran*, says <u>unequivocally</u> that he can.

23 **B.** **Modifying the Scheduling Order**

24 In his opening brief, Oliver has previously presented to this Court
25 the facts, chronology and circumstances that gave rise to the need for this
26 motion. Plaintiff has put his "best foot forward" as to why good cause
27 exists for this Court to grant his motion to modify the scheduling order.
28 Plaintiff will neither repeat, nor belabor, this argument now. However,

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Reply Brief in Support of His Motion to Amend His Complaint**
Page 4

1  Oliver would like to stress a couple of further points.

2  First, it is undisputed that Cypress Creek agrees with Oliver
3  regarding one of his main arguments, and that is should this Court grant
4  Oliver's motion – modifying its scheduling order and allowing plaintiff to
5  amend his complaint – defendants will <u>not be prejudiced in any way</u>.
6  Nowhere in its opposition does Cypress Creek contest this argument;
7  indeed, defendant does not even address this point, therefore conceding
8  that it will not be prejudiced should this Court grant the instant motion.

9  Not to put to fine a point on it, but it is easy to understand why
10 Cypress Creek does not argue that it *would* be prejudiced if the instant
11 motion is granted.  Oliver is not seeking to add or remove defendants; he is
12 not seeking to add complicated new legal theories that would necessitate
13 changes in legal strategies on the past of defendant; he is not seeking to
14 add claims or facts in a way to surprise or sandbag defendant.  Oliver
15 merely seeks to add additional claims of access barriers learned about since
16 the filing of the complaint and to place on the record those barriers he
17 alleges remain after the completion of a subject property remodel.  Very
18 simply put, this will not affect how Cypress Creek litigates and defends
19 this case <u>in the least</u>.

20 Secondly, going back to the *Doran* case, there is another reason for
21 this Court to consider granting this motion, and that is judicial economy.  If
22 this Court should deny this motion – and Oliver fully accepts this
23 possibility, as well as the responsibility for failing to file his motion to
24 amend prior to the cut-off date – then this may simply translate to more
25 litigation in the future.  That is, if plaintiff is not allowed to amend his
26 complaint in order to seek correction and/or remediation of all access
27 barriers on the subject property in the instant litigation, then this may very
28 well translate to "piecemeal litigation," something the Ninth Circuit

*Oliver v. Ralphs Grocery Company, et al*, **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Reply Brief in Support of His Motion to Amend His Complaint**
Page 5

1 <u>repeatedly</u> warned about in *Doran*. *See Doran*, 524 F.3d at 1043 ("Indeed, the enforcement scheme of Title III of the ADA would be severely undermined if we were to adopt the **piecemeal approach** to standing advocated by 7-Eleven"); *Id* at 1045 ("…a rule limiting the plaintiff's standing to the signage barrier he personally encountered and forbidding the plaintiff from challenging other barriers related to his disability would result in "**piecemeal compliance**" with the ADA"); *Id* at 1046 (observing that not allowing a disabled plaintiff to seek to remove all access barriers "not only would invite but would require disabled plaintiffs to engage in **piecemeal litigation** to eliminate barriers the ADA prohibits") (emphasis added in all citations).

Although the Ninth Circuit was sounding the alarm of "piecemeal litigation" as it relates to standing and judicial economy, its analysis is equally applicable here, especially in light of the facts. In comparison to this succinct and significant point that the Ninth Circuit repeatedly made in *Doran,* Oliver's admitted negligence in failing to file his motion on time seems slight when viewed through the lens of *Doran*.

In summary, Oliver respectfully requests that this Court modify its scheduling order, and allow Oliver to amend his Complaint.

///
///
///
///
///
///
///
///
///

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Reply Brief in Support of His Motion to Amend His Complaint**
Page 6

### III. CONCLUSION

Oliver seeks to amend his complaint in order to add new ADA violations that he has either encountered or learned about from an inspection of the property, and to make clear which barriers alleged in the original complaint remain after defendants' re-model. Oliver has not acted in a dilatory manner, and is not acting in bad faith. There will be absolutely no prejudice to the defendants should this Court allow its scheduling order to be modified so that Oliver can amend his complaint.

Therefore, Oliver respectfully asks that this Court **GRANT** his motion.

Dated: July 30, 2008                    LAW OFFICES OF LYNN HUBBARD

                                         */s/ Lynn Hubbard, III*
                                         LYNN HUBBARD, III
                                         Attorneys for Plaintiff, A.J. Oliver

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Reply Brief in Support of His Motion to Amend His Complaint**
Page 7