Lynn Hubbard III, SBN 69773
Scottlynn J Hubbard, IV, SBN 212970
**Law Offices of Lynn Hubbard**
12 Williamsburg Lane
Chico, CA. 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff, A.J. OLIVER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>            Plaintiff,<br><br>      v.<br><br>RALPHS GROCERY COMPANY dba FOOD 4 LESS #780; CYRPRESS CREEK CO., LP dba PTC INVESTMENTS COMPANY,<br><br>            Defendants.<br>_____ | Case No. 07cv2301 JLS (POR)<br><br>**Plaintiff's Reply Brief in Support of His Motion to Modify the Scheduling Order and Amend His Complaint**<br><br>**[FRCP 16(b)]**<br><br>Date:    August 7, 2008<br>Time:    1:30 p.m.<br>Ctrm:    H<br><br>Honorable Janis L. Sammartino |

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Reply Brief in Support of His Motion to Amend His Complaint**
Page 1

# I. INTRODUCTION

Plaintiff A.J. Oliver filed a motion seeking to add new barriers via a motion to amend, and to make clear exactly which barriers remain on the subject property following a remodel by defendant Ralphs Grocery Company dba Food 4 Less #780 (hereinafter "Ralphs").  Ralphs has now filed an opposition in response. The gist of Ralphs' opposition is exceedingly straightforward: plaintiff has not met the threshold of "good cause" that is required for the Court to grant his motion.

Oliver will now briefly address this argument.

# II. DISCUSSION

**A.    "Good Cause" _Is_ the Standard**

Initially, Oliver would like to address the very first argument made by Ralphs: defendant argues "plaintiff misstates the applicable legal standard in his moving papers." Defendant Ralphs Grocery Company's Opposition to Plaintiff's Motion To Modify The Scheduling Order and Amend His Complaint (hereinafter "Ralphs Opposition"), p. 3.  Ralphs implies that Oliver is relying on the FRCP 15(a) standard – of liberally allowing amendments to complaints – rather than the more strict FRCP 16(b) standard. _See id._

This is a classic strawman argument.  Oliver is very aware of the standards the instant motion is subject to; even a cursory glance at the caption of his opening brief makes it clear that plaintiff is aware of the more strict standard of 16(b) – the very caption includes both FRCP 15(a) _and_ FRCP 16(b). _See_ Plaintiff's Motion to Modify The Scheduling Order And Amend His Complaint, Docket Item #30.   Oliver understands that before this Court can even get to the question of whether to allow Oliver to amend his complaint, he must demonstrate "good cause" per FRCP 16(b) in order for this Court to modify its scheduling order.  Therefore, Ralphs'

_Oliver v. Ralphs Grocery Company, et al,_ **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Reply Brief in Support of His Motion to Amend His Complaint**
Page 2

1   implication that Oliver is somehow attempting to mislead this Court by
2   misstating the applicable standard (as if such could be done) is incorrect.

3   **B.    Modifying the Scheduling Order**

4        In his opening brief, Oliver has previously presented to this Court
5   the facts, chronology and circumstances that gave rise to the need for this
6   motion.  Plaintiff has put his "best foot forward" as to why good cause
7   exists for this Court to grant his motion to modify the scheduling order,
8   while at the same time acknowledging that the facts do not necessarily
9   serve as the requisite justification for modifying the scheduling order.  And
10  Oliver was very clear in making it plain that his argument as to why good
11  cause exists was not proffered as an excuse, but as an explanation.
12  Therefore, plaintiff will neither repeat, nor belabor, this argument now.
13  However, Oliver would like to stress a couple of further points.

14       First, it is undisputed that Ralphs agrees with Oliver regarding one
15  of his main arguments, and that is should this Court grant Oliver's motion
16  – modifying its scheduling order and allowing plaintiff to amend his
17  complaint – defendants will <u>not be prejudiced in any way</u>.  Nowhere in its
18  opposition does Ralphs contest this argument; indeed, defendant does not
19  even address this point, therefore conceding that it will not be prejudiced
20  should this Court grant the instant motion.

21       Not to put to fine a point on it, but it is easy to understand why
22  Ralphs does not argue that it *would* be prejudiced if the instant motion is
23  granted.  Oliver is not seeking to add or remove defendants; he is not
24  seeking to add complicated new legal theories that would necessitate
25  changes in legal strategies on the past of defendant; he is not seeking to
26  add claims or facts in a way to surprise or sandbag defendant.  Oliver
27  merely seeks to add additional claims of access barriers learned about since
28  the filing of the complaint and to place on the record those barriers he

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Reply Brief in Support of His Motion to Amend His Complaint**
Page 3

1  alleges remain after the completion of a subject property remodel.  Very

2  simply put, this will not affect how Ralphs litigates and defends this case <u>in</u>

3  <u>the least</u>.

4          Secondly, there is another reason for this Court to consider granting

5  this motion, and that is judicial economy.  If this Court should deny this

6  motion – and Oliver fully accepts this possibility, as well as the

7  responsibility for failing to file his motion to amend prior to the cut-off

8  date – then this may simply translate to more litigation in the future.  That

9  is, if plaintiff is not allowed to amend his complaint in order to seek

10  correction and/or remediation of all access barriers on the subject property

11  in the instant litigation, then this may very well translate to "piecemeal

12  litigation," something the Ninth Circuit recently - and <u>repeatedly</u> – warned

13  about in *Doran v. 7-Eleven,* 524 F.3d 1034 (9th Cir. 2008). *See Doran*, 524

14  F.3d at 1043 ("Indeed, the enforcement scheme of Title III of the ADA

15  would be severely undermined if we were to adopt the **piecemeal**

16  **approach** to standing advocated by 7-Eleven"); *Id* at 1045 ("…a rule

17  limiting the plaintiff's standing to the signage barrier he personally

18  encountered and forbidding the plaintiff from challenging other barriers

19  related to his disability would result in "**piecemeal compliance**" with the

20  ADA"); *Id* at 1046 (observing that not allowing a disabled plaintiff to seek

21  to remove all access barriers "not only would invite but would require

22  disabled plaintiffs to engage in **piecemeal litigation** to eliminate barriers

23  the ADA prohibits") (emphasis added in all citations).

24          Although the Ninth Circuit was sounding the alarm of "piecemeal

25  litigation" as it relates to standing and judicial economy, its analysis is

26  equally applicable here, especially in light of the facts.  In comparison to

27  this succinct and significant point that the Ninth Circuit repeatedly made in

28  *Doran,* Oliver's admitted negligence in failing to file his motion on time

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Reply Brief in Support of His Motion to Amend His Complaint**

seems slight when viewed through the lens of *Doran*.

In summary, Oliver respectfully requests that this Court modify its scheduling order, and allow Oliver to amend his Complaint.

### III. CONCLUSION

Oliver seeks to amend his complaint in order to add new ADA violations that he has either encountered or learned about from an inspection of the property, and to make clear which barriers alleged in the original complaint remain after defendants' re-model. Oliver has not acted in a dilatory manner, and is not acting in bad faith. There will be absolutely no prejudice to the defendants should this Court allow its scheduling order to be modified so that Oliver can amend his complaint.

Therefore, Oliver respectfully asks that this Court **GRANT** his motion.

Dated: July 30, 2008                    LAW OFFICES OF LYNN HUBBARD


                                         */s/ Lynn Hubbard, III*
                                         LYNN HUBBARD, III
                                         Attorneys for Plaintiff, A.J. Oliver

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Reply Brief in Support of His Motion to Amend His Complaint**
Page 5