1  Lynn Hubbard III, SBN 69773
2  Scottlynn J Hubbard, IV, SBN 212970
3  **Law Offices of Lynn Hubbard**
   12 Williamsburg Lane
4  Chico, CA. 95926
5  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
6
7  Attorneys for Plaintiff, A.J. OLIVER

8

9

                UNITED STATES DISTRICT COURT
10
                SOUTHERN DISTRICT OF CALIFORNIA
11

12

13

14 A.J. OLIVER,                          ⟩  Case No. 07cv2301 JLS (POR)
                                          ⟩
15          Plaintiff,                    ⟩  **Plaintiff's Opposition to**
                                          ⟩  **Defendant Ralphs Grocery**
16      v.                                ⟩  **Company's Motion for Sanctions**
                                          ⟩  **Pursuant to FRCP 37(d)**
17                                        ⟩
18 RALPHS GROCERY COMPANY                 ⟩
   dba FOOD 4 LESS #780; CYPRESS          ⟩  Date:   August 21, 2008
19 CREEK CO., LP dba PTC                  ⟩  Time:   1:30 p.m.
20 INVESTMENTS COMPANY,                   ⟩  Ctrm:   H
                                          ⟩
21                                        ⟩
                                          ⟩  Magistrate Judge Louisa S. Porter
22          Defendants.                   ⟩
23 _____       ⟩

24

25

26

27

28

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
Plaintiff's Opposition to Defendant's Motion for Sanctions

# I. INTRODUCTION

Defendant Ralphs Grocery Company ("Ralphs") moves this Court for an order granting an award of sanctions in the amount of $1,953.00, pursuant to Federal Rule of Civil Procedure 37(d), because plaintiff failed to appear for a noticed deposition on June 25, 2008, without substantial justification.

This motion is without merit for the very simple and straightforward reason that plaintiff A.J. Oliver **never** received a notice of deposition informing him of said deposition.  As will be shown, the facts clearly demonstrate that although Ralphs may have intended to serve a notice of deposition on Oliver, said notice was not served on plaintiff. Simply put, it appears that Ralphs mistakenly served two (2) identical copies of Interrogatories (along with a set of Requests for Production of Documents) on plaintiff, rather than one (1) set of Interrogatories, the Production Requests, *and* a deposition notice.  Because of this clerical mix-up on the part of Ralphs, Oliver was absolutely unaware of the noticed deposition.

# II.  DISCUSSION

## A.    <u>Oliver Never Received a Notice of Deposition</u>

Oliver's substantial justification for his failure to appear at the June 25, 2008 deposition (as required by FRCP 37(d)) is simple: despite Ralphs' assertions, Oliver <u>never received, nor was served, a notice of deposition</u>. Furthermore, the explanation as to why Oliver never received said notice is also quite simple – Ralphs mistakenly sent two (2) copies of Interrogatories to Oliver, rather than one copy of Interrogatory requests and a notice of deposition.  In other words, clerical error is the culprit here.

On May 7, 2008, plaintiff was served, via US Mail, a Request for Production of Documents as well as two identical sets of Interrogatories propounded by Ralphs.  Despite Ralphs' assertion, there was **no** notice for

*Oliver v. Ralphs Grocery Company, et al*, Case No. 07cv2301 JLS (POR)
Plaintiff's Opposition to Defendant's Motion for Sanctions
Page 2

1  a deposition, nor a proof of service stating that one was served. *See*
2  Declaration of Kaina Schukei in Support of Plaintiff's Opposition to
3  Defendant's Motion for Sanctions (hereinafter "Schukei Declaration"), ¶3.
4  *See also* Declaration of Lynn Hubbard, III, in Support of Plaintiff's
5  Opposition to Defendant Ralphs Grocery Company's Motion for Sanctions
6  (hereinafter "Hubbard Declaration"), ¶ 4.

7      This fact is confirmed by the attorney who worked with Mr. Oliver
8  in preparing his responses to the served interrogatories and document
9  requests. Upon receiving the complete case-file on or about May 12, 2008,
10  said attorney, Steven Wedel, noted that there were two (2) identical copies
11  of interrogatories, as well as a copy of document requests, along with
12  attendant proofs of service. *See* Declaration of Steve Wedel in Support of
13  Plaintiff's Opposition to Defendant's Motion for Sanctions (hereinafter
14  "Wedel Declaration"), ¶¶ 2-3. As he worked through the file to aid Mr.
15  Oliver in preparing his responses, Mr. Wedel noted that a deposition *had*
16  *been previously set* for April 30, 2008, but that it had been objected to due
17  to its premature service, coming as it did prior to the required FRCP 26(f)
18  meeting between the parties. *See* Wedel Declaration, ¶ 5. Nowhere in the
19  file did Mr. Wedel see or observe any new notice of deposition, or
20  correspondence from either defendant's counsel's office or Mr. Oliver's
21  counsel's office mentioning or noting a deposition set for anytime in the
22  future. *See id.* Finally, Mr. Wedel also noted that there was no mention
23  whatsoever of any upcoming deposition in the discovery that *was* served,
24  that is, within the interrogatories or document requests themselves. *See id.*
25  As noted in his Declaration, Mr. Wedel assumed that defendant had merely
26  sent two (2) copies of interrogatories by mistake. *See* Wedel Declaration, ¶
27  3.

28      Furthermore, as the senior paralegal working on this case (and the

*Oliver v. Ralphs Grocery Company, et al*, Case No. 07cv2301 JLS (POR)
Plaintiff's Opposition to Defendant's Motion for Sanctions

person responsible for maintaining the calendar of plaintiff's counsel's firm), Ms. Kaina Schukei, makes clear, there were a <u>whole series of events</u> that would have been triggered had the discovery served on Oliver on May 7, 2008, actually contained a notice of deposition - events that were not triggered and therefore did not happen:

- As defense counsel did not contact the office of plaintiff's counsel to arrange a mutually convenient date and time *prior* to serving any notice of deposition (as many counsel do out of professional courtesy), Ms. Shukei would have immediately checked the calendar of lead counsel Lynn Hubbard to ensure that he was available for any noticed deposition (*see* Schukei Declaration, ¶4(a));

- Ms. Schukei would then have contacted Mr. Oliver to check on his availability (*see* Schukei Declaration, ¶ 4(b));

- Had both Mr. Hubbard and plaintiff been available, Ms. Schukei would have then immediately calendared the date of the deposition, and notified Mr. Hubbard of the noticed deposition (*see* Schukei Declaration, ¶ 4(c));

- Ms. Schukei would then have sent a letter to Mr. Oliver informing him of the deposition, and its date, time, and location (*see* Schukei Declaration, ¶ 4(d));

- Ms. Schukei was also aware that the *previous* notice of deposition, set for April 30, 2008, had been set to occur in defense counsel's offices in Irvine, California, a considerable distance from plaintiff's residence in Imperial Beach, California, making any such appearance difficult as Mr. Oliver cannot drive. Ms. Schukei would therefore have immediately sent a letter in response to the noticed deposition objecting to its location (*see* Schukei Declaration, ¶ 4(e));

- Finally, Ms. Schukei was further aware that defense counsel had, in

*Oliver v. Ralphs Grocery Company, et al,* Case No. 07cv2301 JLS (POR)
Plaintiff's Opposition to Defendant's Motion for Sanctions

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the past (and in other cases), noticed depositions to occur in facilities that were not accessible, and, again, Ms. Schukei would have therefore immediately sought to ensure that the location chosen by defense counsel was in fact accessible (*see* Schukei Declaration, ¶ 4(f)).

Yet, not one of these events occurred for the simple reason that no notice of deposition was included in the discovery propounded by defendant and served on plaintiff on May 7, 2008. *See also* Hubbard Declaration, ¶¶ 3, 6-7.

### 1.    The Extension Request & Correspondence

Defendant avers that when plaintiff sought an extension of time to respond to the interrogatories and document requests (as plaintiff did, on or about June 4, 2008), said extension was granted on the condition that plaintiff answer the discovery with meaningful responses (and not boilerplate objections) so that they could be used at the upcoming deposition. *See* Declaration of Melissa Reilly in Support of Defendant Ralph Grocery Company's Motion for Sanctions Under Rule 37(d) (hereinafter "Reilly Declaration"), ¶ 2.  The implication is that this concern was forwarded to plaintiff's office as a condition of the extension, and that it was understood as such. *See id.*

However, this assertion is disputed by the legal assistant from Mr. Hubbard's office who called defense counsel's office to request the extension, Ms. Merry Lowe.  Ms. Lowe called defense counsel's office on or about June 4, 2008, to request the extension, and spoke with defense counsel's assistant, Ms. Reilly, *See* Declaration of Merry M. Lowe in Support of Plaintiff's Opposition to Defendant's Motion for Sanctions (hereinafter "Lowe Declaration"), ¶¶ 4-5.  The extension was granted, and at no time was said extension made contingent upon any upcoming

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Opposition to Defendant's Motion for Sanctions**

1   deposition, and, indeed, Ms. Reilly never even mentioned any upcoming

2   deposition. Indeed, had an upcoming deposition been mentioned, Ms.

3   Lowe, a legal assistant of 17 years, would have checked Mr. Hubbard's

4   calendar to insure he had ample time to review Mr. Oliver's discovery

5   responses prior to any noticed deposition. *See* Lowe Declaration, ¶¶, 1, 6-

6   7.  As no deposition was mentioned, Ms. Lowe did not do this.

7       Finally, Ralphs points to correspondence between the parties to

8   bolster its assertion that Oliver was aware of the deposition on June 25,

9   2008. *See* Declaration of Michael J. Chilleen in Support of Defendant

10  Ralph Grocery Company's Motion for Sanctions Under Rule 37(d)

11  (hereinafter "Chilleen Declaration"), ¶¶ 9-11, and Exhibits C-E, attached

12  thereto.  However, an examination of these letters shows that none of them

13  – even those from defense counsel – mention any deposition set for June

14  25, 2008.   Instead, they refer repeatedly to "discovery," which is not

15  unusual since the correspondence deals primarily with Mr. Hubbard's

16  objection that the discovery was premature.  There is nothing untoward

17  here: from Mr. Hubbard's perspective, the referrals to "discovery" made in

18  Mr. Chilleen's letters refers to the interrogatories and document requests

19  served on plaintiff on May 7, 2008, and cannot possibly refer to any

20  deposition for the simple fact that Mr. Hubbard's office never received a

21  notice of deposition; from Mr. Chilleen's perspective, the references to

22  "discovery" encompasses the notice of deposition that he assuemed (albeit

23  mistakenly) was properly served on plaintiff.

24      Tellingly, the letter forwarded by Mr. Hubbard to Mr. Chilleen

25  thanking defense counsel for the extension of time to respond to discovery

26  (*see* Chilleen Declaration, Exhibit E) makes no mention of said extension

27  being conditioned on any upcoming deposition.   And, even more

28  significantly, there is an absence of any letter on the part of defense

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Opposition to Defendant's Motion for Sanctions**

counsel to Mr. Hubbard making it clear – and for purposes of putting it on the record, a standard legal practice in such situations – that the extension was granted solely on the condition that Mr. Oliver answer with meaningful responses so that said responses could be used at the upcoming deposition.

In short, plaintiff's counsel was absolutely unaware of any noticed deposition for the very straight forward reason that defendant mistakenly served two (2) copies of interrogatories with the document requests, rather than a copy of the notice of deposition. None of the "evidence" proffered by defendant undermines this fact in any way. Indeed, the facts as presented here by plaintiff are absolutely supported by the letters that defendant has included as exhibits in its motion; they are absolutely consistent with the simple notion that for Mr. Hubbard, "discovery" meant interrogatories and document requests, while for Mr. Chilleen "discovery" meant interrogatories, document requests, *and* a deposition notice that he was unaware had never actually been served on plaintiff.

In summary, plaintiff has substantial justification for not appearing at the June 25, 2008, deposition, indeed, the most substantial justification one can have: he was unaware of it. Therefore, Mr. Oliver respectfully requests that this Court deny defendant's motion.

### III. CONCLUSION

Ralphs' motion is without merit. There is no "hiding the ball" here. Instead, due to an apparent clerical mistake, defendant served plaintiff with two (2) copies of interrogatories rather than the intended notice of deposition. As a result, Mr. Oliver and his counsel were completely unaware that a deposition had even been set.

To that end, therefore, plaintiff respectfully requests that this Court deny defendant's motion.

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
Plaintiff's Opposition to Defendant's Motion for Sanctions

1

2     Dated: July 31, 2008              LAW OFFICES OF LYNN HUBBARD

3

4                                       */s/ Lynn Hubbard, III*
                                        LYNN HUBBARD, III
5                                       Attorneys for Plaintiff, A.J. Oliver

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Oliver v. Ralphs Grocery Company, et al,* **Case No. 07cv2301 JLS (POR)**
**Plaintiff's Opposition to Defendant's Motion for Sanctions**