LYNN HUBBARD III, SBN 69773
SCOTTLYNN J HUBBARD, IV, SBN 212970
**LAW OFFICES OF LYNN HUBBARD**
12 WILLIAMSBURG LANE
CHICO, CA. 95926
Telephone:  (530) 895-3252
Facsimile:   (530) 894-8244

Attorneys for Plaintiff A.J. Oliver

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>    Plaintiff,<br><br>    vs.<br><br>RALPHS GROCERY COMPANY, et al.<br><br>    Defendants. | Case No. 07cv2301 JLS (POR)<br><br>**DECLARATION OF LYNN HUBBARD, III IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT RALPH GROCERY COMPANY'S MOTION FOR SANCTIONS**<br><br>Honorable Magistrate Judge Louisa S. Porter |

I, LYNN HUBBARD, III, hereby declare:

1. I am the lead attorney for this case and have handled it since its inception.
2. I have personal knowledge of the facts set forth in this declaration and if called

1
**Declaration of Lynn Hubbard, III in Support of Plaintiff's Opposition
to Defendant Ralph Grocery Company's Motion for Sanctions**

to testify, can testify competently thereto, except as to those matters set forth on information and belief, which matters I believe to be true.

3. Whenever I am informed the defense want to take my client's deposition, without exception, I do the following:

    a. Schedule an appointment with our client one to seven days in advance, to ensure my client is prepared.

    b. Depending upon my client's litigation background, this takes a minimum of two hours and up to six hours.

    c. It stands to reason that I not only have to be available the day of the deposition, but need a full day approximately one to seven days before the deposition for preparation.

    d. I then immediately schedule one to three hours on my next trip to the deposition area to ensure that the location for the deposition is accessible. (Believe it or not, I've had depositions scheduled at locations that require my wheelchair-bound clients to transit steps.)

    e. Further, the room that the deposition is to be held has to have the appropriate clear floor space leading from the door up to the deposition table.

    f. I also personally make sure a letter has gone out to defense counsel informing him or her that I expect the facility to be accessible.

    g. In the event the facility is not accessible, I immediately phone my office and request a letter be transmitted to defense counsel advising them that we will not be present at the deposition, due to lack of accessibility.

4. At no point in time during this litigation (other than a premature notice of deposition) did my office receive a notice that defense counsel wanted to take my client's deposition.

2

**Declaration of Lynn Hubbard, III in Support of Plaintiff's Opposition
to Defendant Ralph Grocery Company's Motion for Sanctions**

5. On July 24, 2008, pursuant to Court Order, I spoke with defense counsel Mike Chilleen and informed him of the aforementioned facts.

6. I also pointed out that in the instant case, if we received notice the deposition was to be held at defense counsel's office in Irvine, I would have moved for a protective order based on the fact my client does not drive and has no transportation.

7. Defense counsel's response to the aforementioned communication was noncommittal. He informed me he would check with Hurley, (I assume he meant his associate counsel Gregory Hurley) and get back to me.

8. As of the date of this declaration I have heard nothing from defense counsel.

9. Defense counsel's firm Greenberg Traurig is aware of this fact because they have taken Mr. Oliver's deposition in the past, in the San Diego area. (*See* Oliver vs. KFC, Case No. 06cv2273 JLS (BLM)).

10. I realize that depositions are a fact of life in the litigation process and have only had this problem **this time** in the last 7 to 10 years.

11. With proper notice and an accessible deposition location in the San Diego area, I am more than willing to produce my client, which I've always done in the past.

12. I know of no law that protects defense counsel from additional litigation when they notice a deposition in a location that is not accessible.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: July 30, 2008                    */s/ Lynn Hubbard, III*
                                        Lynn Hubbard, III
                                        Attorney for Plaintiff

3

**Declaration of Lynn Hubbard, III in Support of Plaintiff's Opposition
to Defendant Ralph Grocery Company's Motion for Sanctions**