LYNN HUBBARD III, SBN 69773
SCOTTLYNN J HUBBARD, IV, SBN 212970
**LAW OFFICES OF LYNN HUBBARD**
12 WILLIAMSBURG LANE
CHICO, CA. 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff A.J. Oliver

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>    Plaintiff,<br><br>    vs.<br><br>RALPHS GROCERY COMPANY, et al.<br><br>    Defendants. | Case No. 07cv2301 JLS (POR)<br><br>**DECLARATION OF KAINA SCHUKEI IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT RALPH GROCERY COMPANY'S MOTION FOR SANCTIONS**<br><br>Honorable Magistrate Judge Louisa S. Porter |

1
**Declaration of Kaina Schukei in Support of Plaintiff's Opposition
to Defendant Ralph Grocery Company's Motion for Sanctions**

I, KAINA SCHUKEI, hereby declare:

1. I am the senior paralegal for the Disabled Advocacy Group and in that capacity, am responsible for maintaining the firm's calendar.

2. I have personal knowledge of the facts set forth in this declaration and if called to testify, can testify competently thereto, except as to those matters set forth on information and belief, which matters I believe to be true.

3. On May 7, 2008, our firm received, via US Mail, a Request for Production of Documents as well as two identical sets of Interrogatories propounded by defendant Ralphs Grocery Company ("Ralphs"). Despite Ralphs' assertion, there was no notice for a deposition, nor a proof of service stating that one was served.

4. Had the propounded discovery included a deposition notice, there are many things that I would have done. The fact that none of these tasks were performed is just further assurances that our office did not receive the deposition notice.

   a. Given that Ralphs' counsel Mr. Chileen did not contact our office to arrange a mutually convenient date and time for a deposition (as most defense counsel do), the first thing I would have done would be to check Mr. Hubbard's calendar to ensure that he was available.

   b. I would have then checked with our client Mr. Oliver to inquire as to his availability.

   c. Provided that both Mr. Hubbard and Mr. Oliver were available, I would have inserted the appointment into our firm's calendar, and sent Mr. Hubbard an email informing him of the specific date, time and location.

   d. I would then have sent a letter to Mr. Oliver informing him of the same.

   e. Mr. Chileen had previously noticed plaintiff's deposition to take place his office in Irvine (this deposition was later cancelled due to the notice's pre-maturity). However, knowing that it would be likely that Mr. Chileen would again notice any future deposition to take place at his office, I would have immediately checked the notice for the

2

**Declaration of Kaina Schukei in Support of Plaintiff's Opposition
to Defendant Ralph Grocery Company's Motion for Sanctions**

deposition's location.  At the time of the first noticed deposition, Mr. Hubbard and I had spoken regarding the distance between plaintiff's home in Imperial Beach and the deposition location in Irvine.  Due to plaintiff's inability to drive, Mr. Hubbard decided that if any future deposition were noticed to take place in any city other than San Diego (or it's surrounding suburbs), our office would seek a protective order for Mr. Oliver.  Having not received the deposition notice however, our office did not seek that order.

      f.  Additionally, on more than one occasion, our office has had to relocate depositions scheduled by Greenberg Traurig as they were noticed to take place in facilities that were not accessible to wheelchair occupants. I would have contacted Mr. Chileen to ensure that any location the deposition was scheduled for was accessible.

5.  On June 25, 2008, I was working from home on maternity leave.  I received a call from one of my co-workers informing me that she had received a phone call from Mr. Chileen inquiring why Mr. Hubbard and Mr. Oliver were not at the deposition.

6.  I instructed her to inform Mr. Chileen that having never received a notice, our office had no knowledge of any such deposition and that neither Mr. Hubbard nor Mr. Oliver were available.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: July 13, 2008          */s/ Kaina A. Schukei*
                                      KAINA A. SCHUKEI, Paralegal

**Declaration of Kaina Schukei in Support of Plaintiff's Opposition
to Defendant Ralph Grocery Company's Motion for Sanctions**