GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
MICHAEL CHILLEEN (SBN 210704)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
Email: hurleyg@gtlaw.com;
chilleenm@gtlaw.com

Attorneys for Defendant,
Ralphs Grocery Company DBA Food 4 Less #780

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. Oliver,<br><br>   Plaintiff,<br><br>vs.<br><br>RALPH'S GROCERY COMPANY dba FOOD 4 LESS #780; CYPRESS CREEK CO., LP dba PTC INVESTMENTS COMPANY,<br><br>   Defendants. | CASE NO. 07 CV 2301 JLS POR<br><br>**DEFENDANT RALPHS GROCERY COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER RULE 37(d)**<br><br>**[Declaration of Michael J. Chilleen filed concurrently herewith]**<br><br>Date: August 21, 2008<br>Time: 1:30 p.m.<br>Ctrm: H<br><br>Magistrate Judge Louisa S. Porter |

# INTRODUCTION

Before Ralphs filed its moving papers, plaintiff blamed his nonappearance on a turnover in his attorney's legal staff. Now that plaintiff is aware that such circumstances do not excuse his absence and require an award of sanctions, plaintiff has changed his story. Plaintiff now theorizes that Ralphs somehow mistakenly served an extra copy of interrogatories instead of plaintiffs' deposition notice. As explained in more detail below, plaintiff's position is untenable

# ARGUMENT

## I. PLAINTIFF HAS NOT SHOWN THAT HIS FAILURE TO APPEAR WAS SUBSTANTIALLY JUSTIFIED.

Rule 37(d) makes monetary sanctions, including attorney's fees, mandatory unless the party to be sanctioned can show that his failure to appear was "substantially justified." *See* Fed.R.Civ.P. 37. The rule does not require the failure to appear to be in bad faith or willful, and mere inadvertence requires an award of sanctions. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

In this case, the evidence shows that plaintiff was aware of his scheduled deposition. As explained in Ralphs' moving papers, plaintiff affirmatively agreed to produce responses to Ralphs' written discovery *prior to his upcoming deposition*. Thus, plaintiff was clearly aware of his deposition date. Furthermore, Ralphs' proof of service shows that plaintiff was served with a deposition notice.

Plaintiff's newly-minted theory that Ralphs unknowingly served a second copy of interrogatories instead of plaintiff's deposition notice is pure speculation. It is based solely on Mr. Wedel's allegation that he noticed two copies of interrogatories in reviewing the case file. However, this case file was compiled and packaged by plaintiff's attorneys' staff and then sent to Mr. Wedel by overnight mail, so that he could work from home. (Wedel Decl. ¶ 3.) Ralphs cannot be held responsible for the staff's failure to include plaintiff's deposition notice. Moreover, tellingly, plaintiff initially blamed his failure to appear on staff turnover, and only now, in the face of sanctions has he

1

concocted this alternative explanation. (*See* Chilleen Decl. In Support Of Ralphs' Motion For Sanctions ¶ 4.) Indeed, plaintiff's counsel has conceded that a complete turnover in staff has caused him to miss numerous deadlines in June -- the same month as plaintiff's deposition -- including the deadline to amend the complaint in this case.[1] (*See* Plaintiff's Motion To Modify The Scheduling Order And Amend His Complaint, attached as Exhibit "A" to Chilleen Decl. In Support Of Ralphs' Reply.)

## CONCLUSION

For the above reasons, Ralphs respectfully requests that its motion be granted in its entirety.

DATED: August 14, 2008           GREENBERG TRAURIG, LLP


                                 By s/Michael J. Chilleeen
                                    Gregory F. Hurley
                                    Michael Chilleen
                                    Attorneys for Defendant Ralphs Grocery
                                    Company, DBA Food 4 Less # 780

---

[1] Plaintiff's counsel's list of events that would purportedly occur upon receipt of plaintiff's deposition notice does not help plaintiff's case. What would happen if plaintiff intended to actually appear at deposition or had plaintiff's counsel's staff not misplaced the deposition notice is of no moment.

2

REPLY IN SUPPORT OF MOTION FOR SANCTIONS           Case No. 07 CV-2301 JLS POR
*OC 286,296,250v1 8-14-08*

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3161 Michelson Drive, Suite 1000, Irvine, California 92612**.**

On the below date, I served: **DEFENDANT RALPHS GROCERY COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER RULE 37(d)** with the Clerk of the United States District Court for the Southern District, using the CM/ECF System.  The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| Lynn Hubbard, III<br>Law Offices of Lynn Hubbard<br>12 Williamsburg Lane<br>Chico, CA 95926<br>Telephone:  (530) 895-3252<br>Fax:  (530) 894-8244 | Robert P. Lowell<br>Lowell & Robbin<br>707 Broadway, Suite 1800<br>San Diego, CA 92101-5314<br>Telephone:  (619) 236-1142<br>Fax:  (619) 233-0700 |
| *Attorney for Plaintiff, A.J. Oliver* | *Attorney for Defendant, Cypress Creek Co., L.P.* |

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**

In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)**

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court and at whose direction the service was made.

Executed on August 14, 2008, at Irvine, California.

/s/ Michael Chilleen
Signature