# Exhibit "A"

Exhibit A  Page 2

Lynn Hubbard III, SBN 69773
Scottlynn J Hubbard, IV, SBN 212970
Law Offices of Lynn Hubbard
12 Williamsburg Lane
Chico, CA. 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff, A.J. Oliver

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>Plaintiff,<br><br>v.<br><br>RALPHS GROCERY COMPANY dba FOOD 4 LESS #780; CYPRESS CREEK CO., LP dba PTC INVESTMENTS COMPANY,<br><br>Defendants | Case No. 07cv2301 JLS (POR)<br><br>**Plaintiff's Motion to Modify the Scheduling Order and Amend His Complaint**<br><br>[FRCP 16(b) & 15(a)]<br><br>Date:  August 7, 2008<br>Time:  1:30 p.m.<br>Ctrm:  6<br><br>Honorable Janis L. Sammartino |

## I. INTRODUCTION

Plaintiff A.J. Oliver seeks to add new barriers via a motion to amend. During the instant litigation, defendants have attempted to remove and/or correct the barriers to disabled access as outlined in Oliver's original

1  complaint. However, plaintiff avers that despite defendants' attempts,
2  access barriers remain, and as defendants disagree, he finds it necessary to
3  amend his complaint. Furthermore, Oliver has discovered and/or learned
4  about additional access barriers on the subject property that were not listed
5  in his original complaint.
6        Unfortunately, the last date to amend set by this Court in its Pre-Trial
7  Scheduling Order was June 13, 2008. Previous to this date, and upon
8  request by plaintiff, defendants refused to stipulate to an amended
9  complaint. Therefore the instant motion is necessary, and this Court must
10 also agree to modify its scheduling order so that said amendment can be
11 filed. This Court should grant Oliver's motion not only because said
12 amendments should be granted liberally, but also because no less an
13 authority than the Ninth Circuit has ruled that not only can a party add new
14 barriers through a motion to amend the complaint, but that said motion is
15 essentially *de rigueur* in order to give adequate notice to the opposing party
16 regarding any new barriers. Furthermore, good cause is present to allow the
17 modification of the scheduling order, as the access barriers present (as
18 alleged by plaintiff) on the subject property go to the heart of the instant
19 lawsuit, and plaintiff could assess the access barriers on the property only
20 *after* defendants had completed their re-model.
21       Finally, there will be absolutely **no prejudice** to defendants if this
22 Court grants leave for amendment; indeed, it is in the defendants' interests to
23 be legally appraised of any alleged remaining access barriers via an amended
24 complaint.[1]
25 ///
26 ///
27
28 

---

[1] A copy of the proposed amended complaint has been attached hereto as Exhibit A.

*Oliver v. Ralphs Grocery Copmany, et al*, Case No. 07CV2301 JLS (POR)
Plaintiff's Motion To Amend His Complaint

Page 2

Exhibit A   Page 4

## II. DISCUSSION

### A. <u>Motion To Amend</u>

Plaintiff is cognizant that this Court is more than aware of the rules governing the amendment of complaints, so will be brief. As Federal Rule of Civil Procedure 15 states, "leave [to amend] shall be freely given when justice so requires." This policy is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F3d 1048, 1051 (9th Cir. 2003). Indeed, the policy is to be construed so liberally, that the burden is on the non-moving party to show that leave to amend should *not* be granted. *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

Plaintiff also notes that he seeks leave to amend to alter his allegations regarding the architectural barriers to access present on the subject property, and not to amend to add a party. This is significant because "amendments seeking to add [or modify] *claims* are to be granted more freely than amendments adding *parties*." *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (emphasis added).

In the instant case, Oliver seeks to amend his complaint to make perfectly clear to defendant – and this Court – what access barriers remain on the subject property following defendants' re-model and corrections.[2] This is no way will prejudice defendants, and, indeed, allowing the amended complaint will ensure that defendants are given adequate notice of Oliver's allegations. *See, e.g., Pickern v. Pier 1 Imports (US), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006).

The facts of the instant litigation support the amendment. Defendants have undertaken a re-model in an attempt to bring the subject Food 4 Less

---

[2] These barriers also include newly discovered barriers, learned about after the filing of the complaint.

*Oliver v. Ralphs Grocery Copmany, et al*, Case No. 07CV2301 JLS (POR)
Plaintiff's Motion To Amend His Complaint

Page 3

Exhibit A Page 5

1  grocery store into federal and state compliance. *See* Declaration of Lynn
2  Hubbard, III in Support of Plaintiff's Motion to Modify Scheduling Order
3  and Amend the Complaint (hereinafter "Hubbard Declaration"), ¶¶ 2-4 filed
4  concurrently herewith. Unfortunately, the parties are in disagreement as to
5  whether any access barriers remain on the subject property, and therefore
6  plaintiff wishes to amend his complaint to make this clear. *See* Hubbard
7  Declaration, ¶ 4.

8  Unfortunately, defendants have spurned Oliver's proposal to amend
9  the complaint via stipulation. *See* Hubbard Declaration, ¶ 6. Therefore, the
10 instant motion is required pursuant to FRCP 15(a).

11 **B.  Oliver Has Met the Standard of Rule 16(b)**

12 This Court, again, is no doubt aware of the standard for seeking to
13 modify the scheduling order under Rule 16(b): "A schedule shall not be
14 modified except upon a showing of good cause and by leave of the district
15 judge..."

16 Oliver has acted diligently and in good faith in seeking to amend his
17 complaint. He does not seek this amendment for any dilatory purpose
18 whatsoever. After learning that ADA violations still existed on the subject
19 property despite defendants' re-model, and discovering other access barriers
20 not known about prior to the filing of the complaint, Oliver sought a
21 stipulation from all parties to amend his complaint. After being advised that
22 no defendant would stipulate to such an amended complaint, Oliver filed the
23 instant motion. There has been no "hiding of the ball." Oliver has acted in
24 good faith, and diligently.

25 Plaintiff acknowledges that he had sufficient time to amend his
26 complaint after learning of the completion of the re-model prior to the cut-
27 off date. However, the legal staff of plaintiff's counsel went through a
28 complete turnover, and the necessity of new hiring, as well as training, cost

plaintiff several weeks of time. *See* Hubbard Declaration, ¶ 5. Plaintiff in no way offers this information as *justification* as to why he was unable to amend his complaint prior to June 13, 2008. Rather, he respectfully offers it only as an *explanation* as to why plaintiff was unable to get his amended complaint filed in time. Again, there was no dilatory motivation, nor bad faith of any kind.

Finally, there simply would be no prejudice to defendant should this Court grant Oliver's motion: the applicable law, and the issues to resolve will remain exactly the same. All that will change is the addition of new violations that relate to Oliver's disability, as well as making clear those barriers that were not corrected by the re-model, and that he wishes remedied so that he may patronize the subject store in a full and equal manner.

### III. CONCLUSION

Oliver seeks to amend his complaint in order to add new ADA violations that he has either encountered or learned about from an inspection of the property, and to make clear which barriers alleged in the original complaint remain after defendants' re-model. Oliver has not acted in a dilatory manner, and is not acting in bad faith. There will be absolutely no prejudice to the defendants should this Court allow its scheduling order to be modified so that Oliver can amend his complaint.

Therefore, Oliver respectfully asks that this Court **GRANT** his motion.

Dated: June 30, 2008        LAW OFFICES OF LYNN HUBBARD

*/s/ Lynn Hubbard, III, Esquire*
LYNN HUBBARD, III
Attorneys for Plaintiff, A.J. Oliver