1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

A.J. OLIVER,

                                        Plaintiff,

              v.

RALPHS GROCERY COMPANY dba FOOD
4 LESS #780; CYPRESS CREEK CO., LP dba
PTC INVESTMENTS COMPANY,

                                        Defendants.

Civil No.    07cv2301-JLS (POR)

**ORDER DENYING DEFENDANT'S
MOTION FOR SANCTIONS**

**[Document No. 31]**

16    On July 3, 2008, Defendant Ralphs Grocery Company filed a motion for sanctions under

17  Rule 37(d) of the Federal Rules of Civil Procedure because Plaintiff failed to appear for his

18  deposition noticed for June 25, 2008.

19    Defendant contends Plaintiff was aware his deposition was noticed for June 25, 2008.  On

20  May 5, 2006, Defendant claims it served Plaintiff's counsel with a deposition notice.  Two days

21  later, Defendant states Plaintiff's counesl confirmed receipt of the deposition notice by objecting to

22  it as premature.  On June 4, 2008, Defendant asserts it agreed to an extension of time for Plaintiff to

23  respond to its written discovery, provided Defendant receive Plaintiff's responses before his

24  scheduled deposition.  Thus, Defendant argues Plaintiff acknowledged on several occasions he had

25  notice of his June 25, 2008 deposition.

26    Plaintiff's counsel and Plaintiff contend they never received a deposition notice.  Plaintiff

27  argues Defendant mistakenly served two identical copies of Interrogatories on May 5, 2008, rather

28  than one set of Interrogatories and one deposition notice.

After reviewing the briefing on Defendant's motion, it is obvious to the Court that no meaningful meet and confer occurred in this matter. It is apparent from the pleadings and the Court's own experience with counsel that cooperation and professionalism, required by Local Rule 83.4, has disintegrated. Adherence to the Code of Conduct prescribed in Local Rule 83.4 could alleviate the stress and distress counsel suffer from this case.

It is apparent to the Court Plaintiff and Plaintiff's counsel did not receive notice of the deposition set for June 25, 2008. After reviewing the parties' supporting declarations, there is no evidence the deposition date was mentioned in the parties' communication. The Court's review of the deposition notice itself gives cause to believe Plaintiff and Plaintiff's counsel did not receive notice. The notice sets the deposition for Irvine, an inordinate distance from the Plaintiff's home (Imperial Beach), considering Plaintiff is disabled and does not drive.

It is unfortunate Defendant's counsel felt it necessary to move the Court for sanctions rather than contact the Court for a telephonic discovery conference. It is unfortunate Defendant's counsel expended a significant number of hours preparing an unnecessary motion for sanctions.

Plaintiff has shown substantial justification for his non-appearance. Based thereon, IT IS HEREBY ORDERED:

1.      Defendant's motions for sanctions is DENIED.

2.      Plaintiff's deposition shall go forward within 20 days, in San Diego, at a time and place mutually convenient to both sides.

3.      The Court directs counsel to Local Rule 83.4, Professionalism, and the revised San Diego County Bar Association Attorney Code of Conduct, 2008, available from the San Diego County Bar Association and chambers. Counsel shall read them and comply with them.

**IT IS SO ORDERED.**

DATED:  September 10, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

cc:         The Honorable Janis L. Sammartino
            all parties