# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>RALPH'S GROCERY COMPANY d/b/a FOOD 4 LESS#780, and CYPRESS CREEK CO., LP d/b/a PTC INVESTMENTS COMPANY,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 07 CV 2301 JLS (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CRATEO INDICATION**<br><br>(Doc. No. 93) |

Presently before the Court is Plaintiff A.J. Oliver's motion for *Crateo* indication. (Doc. No. 93.) Also before the Court is Defendant Cypress Creek Co., LP's ("Cypress Creek") opposition and Plaintiff's reply. (Doc. Nos. 96, 98.) For the reasons stated below, the Court **DENIES** Plaintiff's motion for *Crateo* indication.

## BACKGROUND

On December 7, 2007, plaintiff filed his original complaint alleging the existence of various architectural barriers that prevented him from full and equal enjoyment and access of a Food 4 Less store. (Doc. No. 1 ¶ 10.) Plaintiff alleged a federal cause of action under the Americans with Disabilities Act. (*Id.* ¶ 3.) Plaintiff also alleged state-law causes of action under California's Disabled Persons Act, Unruh Civil Rights Act, and denial of full and equal access to facilities. (*Id.* ¶ 4.)

1    Plaintiff and both defendants filed cross-motions for summary judgment.  Cypress Creek
2 filed its motion for summary judgment on December 3, 2008, and Ralph's Grocery Company filed
3 its motion on January 15, 2008.  (Doc. Nos. 56, 65.)  Plaintiff filed his motion for summary
4 judgment and motion for sanctions on January 19, 2009.  (Doc. No. 66.)
5    On August 26, 2009, the Court denied Plaintiff's motion for summary judgment, granted in
6 part the motions for summary judgment filed by Defendants, dismissed all federal causes of action,
7 and declined supplemental jurisdiction of all state-law causes of action.  (Doc. No. 87.)
8    On September 9, 2009, Plaintiff filed a notice of appeal from the Court's order.  (Doc. No.
9 89.)  The appeal remains pending.  Plaintiff filed the present motion for *Crateo* indication on May
10 11, 2010, asking the Court to indicate whether it would agree to reconsider its order August 26,
11 2009 summary judgment order.  (Doc. No. 93.)

## DISCUSSION

13    A district court is divested of jurisdiction once a notice of appeal is filed.  *Davis v. Yageo*
14 *Corp.*, 481 F.3d 661, 685 (9th Cir. 2007) (citing *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769,
15 772 (9th Cir.1986)).  In order for a district court divested of jurisdiction by a notice of appeal to
16 entertain and decide a Fed. R. Civ. P. 60(b) motion for reconsideration, the movant must first seek
17 an indication from the district court that it wishes to entertain or grant the motion.  *Id.*  Should the
18 district court indicate willingness to entertain the motion, the movant must then move the
19 presiding circuit court for remand of the case.  *Id.*  Plaintiff's motion for *Crateo* indication seeks to
20 initiate this process.  (Doc. No. 93.)

21    Plaintiff supports his motion by submitting appellate briefs in which he claims to have
22 "presented a number of legal arguments, which include[] new authority and arguments this court
23 may not have originally considered."  (Doc. No. 93 at 2.)  Plaintiff does not attempt to set forth
24 any grounds for reconsideration, instead essentially arguing that the Court's summary judgment
25 order was incorrect.  Having reviewed Plaintiff's submissions in support of his motion, the Court
26 finds that Plaintiff has not provided sufficient legal or factual basis for the Court to consent to
27 entertaining reconsideration of the Court's summary judgment order in the instant case.
28 //

**CONCLUSION**

For the reasons stated above, the Court **DENIES** Plaintiff's motion for *Crateo* indication.

IT IS SO ORDERED.

DATED: September 3, 2010

Honorable Janis L. Sammartino
United States District Judge