UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| A.J. OLIVER,<br><br>                              Plaintiff,<br>vs.<br><br>RALPHS GROCERY COMPANY, et al.,<br><br>                              Defendants. | CASE NO. 07CV2301 JLS (POR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO RE-TAX AND REVIEW THE AWARDING OF COSTS TO DEFENDANT**<br><br>(ECF No. 106) |
|---|---|

Presently before the Court is Plaintiff's motion to re-tax and review the awarding of costs to Defendant pursuant to local rule 54.1.h. (Mot. Re-tax, ECF No. 106) Also before the Court is Defendant Ralphs Grocery Company's response in opposition. (Resp. in Opp'n, ECF No. 109) The hearing set for the motion on December 15, 2011, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **GRANTS** Plaintiff's motion to re-tax costs.

## BACKGROUND[1]

Plaintiff A.J. Oliver, a stroke victim who requires the use of a motorized wheelchair, suffers speech impairment, and is unable to see clearly out of his right eye, filed suit against Ralphs Grocery and Cypress Creek alleging eighteen barriers in violation of federal and state

---

[1] This Court's August 26, 2009, Order on the parties' cross-motions for summary judgment provides an accurate recitation of the facts, summarized for convenience here. (Order, Aug. 26, 2009, at 2–3, ECF No. 87)

disability laws at a Food 4 Less grocery store. Although Plaintiff moved to amend his original complaint in order to withdraw certain alleged violations and assert additional others, this Court denied Plaintiff's motion to amend as untimely. (Order, Feb. 18, 2009, ECF No. 71) Prior to the issuance of that Order, the parties filed cross-motions for summary judgment. The Court denied Plaintiff's motion and granted in part Defendant's motion; several of the ADA claims were dismissed as moot, and the Court declined to exercise supplemental jurisdiction over the remaining state-law claims, dismissing them without prejudice. (Order, Aug. 26, 2009, ECF No. 87) The Ninth Circuit affirmed. *Oliver v. Ralphs Grocery Company*, 654 F.3d 903 (9th Cir. 2011).

Subsequently, the clerk of court issued an order taxing costs in favor of Defendant Ralphs Grocery Company in the amount of $633.90. (Order, Sept. 16, 2011, ECF No. 105) Pursuant to Local Rule 54.1.h, Plaintiff filed a motion to re-tax costs, and Defendant opposed.

**LEGAL STANDARD**

Under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205, a court may, in its discretion, award the "prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." However, with regard to ADA litigation, the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Christianburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 418–19 (1978). Thus, as to prevailing defendants, fees and costs should only be awarded "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997).

"An action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith." *Peters v. Winco Foods, Inc.*, 320 F. Supp. 2d 1035, 1037 (E.D. Cal. 2004) (granting in part the motion for attorneys fees and court costs in a case brought by Lynn Hubbard III, plaintiff's counsel in the instant case). "[T]his circuit affords the district court discretion to award attorneys fees, even where plaintiff's action is not wholly frivolous. However, . . . such awards will rarely be appropriate where plaintiff has asserted significant meritorious claims." *Id.* at 1040.

//

**ANALYSIS**

Defendant contends that Plaintiff's suit was frivolous, given Plaintiff's insistence on asserting violations not included in the original complaint, his untenable legal position that state-law accessibility standards are incorporated into the ADA, and his assertion of alleged architectural violations that have been repeatedly held not to be violations of the ADA. (Resp. in Opp'n 2–3, ECF No. 109) To determine whether Plaintiff's complaint was indeed frivolous or whether it asserted significant meritorious claims, the Court will address each of the eighteen barriers alleged in the original complaint to violate state and federal disability laws.

**1. Conceded Claims**

Plaintiff conceded partial summary judgment as to several of the alleged violations. In addition, Plaintiff failed to oppose Defendant's evidence of compliance as to other alleged violations, thereby implicitly conceding summary judgment as to those barriers. That Plaintiff conceded summary judgment as to these barriers does not necessarily suggest that the claims were frivolous; the question is whether Plaintiff knew that Defendants were compliant with the ADA at the time the case was originally filed. *See Martinez v. Home Depot USA, Inc.*, No. S-04-2272, 2007 U.S. Dist. LEXIS 56421, at *3–4 (E.D. Cal. Aug. 2, 2007) ("Home Depot presents no evidence that the barriers in question were clearly ADA-compliant when the claims were filed. Therefore, the court cannot conclude that Martinez's claims were frivolous.").

*A. "There is no stop sign painted on the pavement where the accessible route crosses the vehicular way."*

Without explanation, Plaintiff "acquiesce[d] to partial summary judgment on his request[] for injunctive relief" as to his stop signs at crossings claim. (Resp. in Opp'n to Def. Ralphs Grocery's Mot. Summary J. ("Ralphs MSJ") 18, ECF No. 79) In fact, plaintiff's counsel has asserted and later conceded this claim in prosecuting other ADA cases. *See, e.g.*, *Martinez v. Home Depot USA, Inc.*, No. S-04-2272, 2007 U.S. Dist. LEXIS 21838, at *8 (E.D. Cal. Mar. 27, 2007) ("For Claim 10, concerning stop signs at crossings, Martinez concedes without elaboration that there is no ADA violation."). It is unclear from *Martinez* whether plaintiff's counsel conceded there was no ADA violation because he recognized that there is no requirement for such

a stop sign or because Home Depot took remedial action that mooted the claim. *See Martinez*, 2007 U.S. Dist. LEXIS 56421, at *4 n.2.

If plaintiff's counsel knew that the stop sign at crossings claim was legally untenable but nevertheless asserted it here, the Court would be inclined to find that the claim was frivolous. Indeed, "[g]iven the volume of disabilities litigation filed by plaintiff's counsel, the court must assume a passing familiarity with the law in this area." *Peters*, 320 F. Supp. at 1038. However, the only authority provided by either of the parties as to the merits of Plaintiff's stop signs at crossings claim is Defendant's bare assertion that "there is no requirement for such a stop sign." (Ralphs MSJ 8, ECF No. 65) Thus, the Court declines to go so far as to hold that this claim was frivolous.[2]

### B. "The pay point machine is mounted too high and out of reach."

Plaintiff also conceded that partial summary judgment was appropriate as to his pay point machine claim. In fact, at least as of December 2008, the pay point machines were apparently in compliance with the ADA. (Herrera Decl. ¶ 6, ECF No. 65-1) It is unclear to the Court, however, whether the pay point machines were in compliance at the time the lawsuit was filed in December 2007, or whether Defendant remedied the alleged violation after the original complaint was filed but before December 2008. As such, the Court cannot conclusively hold that this claim was frivolous.[3]

### C. "The signage at the men's restroom's entrance door is incorrect."

The same analysis applies to Plaintiff's restroom signage claim. The sign provided is apparently compliant with the ADA; however, it is unclear whether the sign was in compliance at the time Plaintiff filed the suit or whether Defendant remedied the alleged violation at a later point. Thus, the Court declines to hold that this conceded claim was frivolous.

//

---

[2] Based on a terse review of the ADA Accessibility Guidelines ("ADAAG"), the Court notes that such stop signs at accessible crossings do not appear to be mandated by the ADA.

[3] The Court notes, however, that Plaintiff's own expert left out any indication that the pay point machines were mounted too high in his November 2008 expert report. (*See* Expert Report, ECF No. 55)

### D. "The door into the men's restroom requires too much force to operate and does not completely close."

Plaintiff also conceded the men's restroom door claim. The restroom door is apparently compliant with the ADA. Even if the door was in compliance at the time Plaintiff filed his complaint, however, without more information the Court cannot hold that the claim is frivolous. According to Defendant's own admission, the ADA Accessibility Guidelines ("ADAAG") require that "doors shall have a maximum door opening force of 5 lbf." (Resp. in Opp'n 9, ECF No. 65) An accurate measurement of the force required to open the restroom door may not have been available until after an expert was able to examine the premises, well after the date the claim was filed. This claim was not frivolous.

### E. "The side grab bar is mounted more than 12 inches from the back wall" and "The side grab bar does not extend 24 inches beyond the toilet tissue dispenser."

Though Plaintiff did not explicitly concede partial summary judgment of the side grab bar claims, he did not oppose summary judgment as to these claims, (*see* Resp. in Opp'n to Ralphs MSJ, ECF No. 79), and the expert report did not refer to any noncompliant side bar, (*see* Expert Report, ECF No. 55). Defendant contended in its motion for summary judgment that the side bar claim "fails for several reasons": "[First], the side grab bar is mounted less than 12 inches from the back wall. . . . [Second], there is no requirement that the grab bar extend 24 inches beyond the toilet tissue dispenser. In short, the side grab bar is compliant." (Ralphs MSJ 10, ECF No. 65)

As to the first defect, it is again unclear whether the grab bar was mounted appropriately at the time Plaintiff filed suit or whether Defendant later remedied the alleged violation; thus, the mounting claim cannot be deemed frivolous. As to the second defect, if Plaintiff knew that there was no requirement that the grab bar extend 24 inches beyond the toilet tissue dispenser but nevertheless asserted the claim, the Court may deem the claim frivolous. However, neither party cites to any authority as to the merits of this claim; Defendant merely asserts without support that there is no such requirement.[4] Thus, the Court declines to hold that either claim was frivolous.

---

[4] Based on a review of the applicable ADAAG, it does not appear that this claim is meritorious. *See* ADAAG 4.17.6 (Grab Bars) & figs. 30(a)–(d).

- 5 - 07cv2301

*F. "The handles to operate the lavatory controls require twisting and grasping."*

Finally, Plaintiff conceded without explanation the lavatory controls claim. It appears that at least as of December 2008 the lavatory controls were compliant with the ADA as they are "lever-style single handles," (Ralphs MSJ 12, ECF No. 65), which the ADAAG indicates is an "acceptable design[]," ADAAG 4.19.5 (Faucets). But, the Court declines to hold that the claim was asserted frivolously as it is unclear whether the faucets were in compliance at the time the claim was filed in December 2007.

**2. Mooted Claims**

Several of Plaintiff's claims were deemed moot as Defendant remedied the alleged architectural barrier. That Defendant remedied that alleged violation does not compel the conclusion that the claims were therefore nonfrivolous, however.

*A. "There are no detectable warnings where the accessible route crosses the vehicular way."*

The Court did not consider Plaintiff's detectable warnings claim on the cross-motions for summary judgment because the warnings were in place at the time the motion was decided. (Order, Aug. 26, 2009, 6, ECF No. 87) The Court nevertheless noted that the parties contested Plaintiff's standing to assert such a claim. (*Id.* at 6 n.4) Plaintiff's counsel is undoubtedly aware that bringing such a claim where standing is lacking warrants a finding of frivolousness. *See Peters*, 320 F. Supp. 2d at 1038 (finding, in a case involving Plaintiff's counsel, that the detectable warnings claim was frivolous because the plaintiff was not visually impaired and therefore lacked standing).

The ADAAG defines a "Detectable Warning" as "[a] standardized surface feature built in or applied to walking surfaces or other elements to warn *visually impaired* people of hazards on a circulation path." ADAAG 3.5 (emphasis added). As explained in *Peters*, "Based on clear Ninth Circuit precedent, [a] plaintiff only has standing to assert claims for barriers related to her disability. Detectable warnings are designed to assist the visually impaired." 320 F. Supp. 2d at 1038; *see also Harris v. Costco Wholesale Corp.*, 389 F. Supp. 2d 1244, 1250–51 (S.D. Cal. 2005) (stating, in a case involving Plaintiff's counsel, that "[b]ecause Harris does not suffer from a visual impairment, he does not have standing to challenge the lack of detectable warnings"); *Strong v.*

*Walgreen Co.*, No. 09cv611, 2011 U.S. Dist. LEXIS 129339, at *20–21 (S.D. Cal. Nov. 8, 2011) (stating, in a case involving Plaintiff's counsel, that "Plaintiff is not visually impaired. The Court finds that Plaintiff does not have standing to assert a claim for violation of the ADA based on the allegedly improper location of the detectable warnings because the barrier does not relate to Plaintiff's disability and instead relates to visual impairments").

The complaint alleges that Plaintiff suffered a stroke which "left him paralyzed, speech impaired, and unable to stand or walk." (Compl. ¶ 8, ECF No. 1) The complaint does not allege that Plaintiff suffered from any visual impairment, and Plaintiff admitted in a deposition that he was not sight impaired and that he could see. (Chilleen Decl., Ex. E, ECF No. 65-16 (Plaintiff's September 26, 2008, deposition). In contradiction, however, Plaintiff's motion for summary judgment indicates for the first time that Plaintiff "has 'very limited' vision in his right eye." (Pl.'s MSJ 12, ECF No. 66 (citing Oliver Decl. ¶ 4, ECF No. 66-1 ("I have very limited vision in my right eye."))) Notwithstanding this new, contradictory contention, Plaintiff based his standing to assert the detectable warning claim not on his alleged visual impairment, but rather on the rationale that although "detectable warnings were initially intended to benefit the visually impaired, . . . detectable warnings also benefit[] mobility-impaired individuals," and that therefore Plaintiff has established injury in fact. (Resp. in Opp'n to Ralphs MSJ 13, ECF No. 79)

The Court cannot go so far as to conclude that this claim was frivolous. Because there appears to be some confusion as to whether Plaintiff indeed suffers from a visual impairment, and because Plaintiff's argument regarding mobility-impaired plaintiffs' standing to raise detectable warning claims could ostensibly have merit,[5] the Court deems the detectable warning claim nonfrivolous.

//
//
//

---

[5] The Court notes, however, that at least one court in this district has already held this argument, asserted by Plaintiff's counsel, to lack merit. *Harris*, 389 F. Supp. 2d at 1250 ("While mobility-impaired persons may benefit from the increased traction provided by detectable warnings, there is nothing in the regulation suggesting that is their purpose.").

### B.  *"The trash receptacle protrudes into the clear floor space needed at the water closet."*

The Court did not consider Plaintiff's trash receptacle claim as the trash receptacle was permanently removed and therefore the claim was deemed moot.  Defendant argues that, in addition to being moot, "Courts have repeatedly rejected such claims," (Ralphs MSJ 11, ECF No. 65), bearing on whether the Court should deem the trash receptacle claim frivolous here.

The Court cannot conclude that a trash receptacle claim is always without merit and is therefore frivolous, however.  Defendant itself cited to a case that held that a trash can may be deemed an "on-going barrier" rather than merely a "temporary object that does not violate the ADAAG."  *Chapman v. Pier 1 Imports*, No. S-04-1339, 2006 U.S. Dist. LEXIS 43740, at *35 (E.D. Cal. June 19, 2006), *rev'd on other grounds en banc*, 631 F.3d 939 (9th Cir. 2011).  In fact, here, Plaintiff argues that "waste receptacles were blocking his ability to use the men's restroom on no fewer than ten different occasions," (Resp. in Opp'n to Ralphs MSJ 14, ECF No. 79), suggesting that the waste basket may indeed be an "on-going barrier" in violation of the ADAAG.  Thus, this claim is nonfrivolous.

### C.  *"The pipes underneath the lavatory are not wrapped to prevent burns."*

Plaintiff's final mooted claim concerns the wrapping of the lavatory pipes to prevent burns.  Defendant contested standing as to this claim, arguing that "plaintiff testified that he can stand upright and walk," and therefore Plaintiff lacked standing as to the lavatory pipes claim because "a person who is standing upright in front of the lavatory is not at risk of being burned or cut underneath the lavatory."  (Ralphs MSJ 12, ECF No. 65 (citing Chilleen Decl., Ex. E, ECF No. 65-16 (Plaintiff's September 26, 2008, deposition))

The Court disagrees.  The complaint alleges that Plaintiff is "unable to stand or walk," and that he "requires the use of a motorized wheelchair."  (Compl. ¶ 8, ECF No. 1)  Although Plaintiff testified in his deposition that he is able to walk approximately five to seven feet, (Chilleen Decl., Ex. E, ECF No. 65-16 (Plaintiff's September 26, 2008, deposition), the fact remains that he is primarily confined to a wheelchair, and therefore the Court finds that he had standing to assert the lavatory pipes claim.  This claim is nonfrivolous.

//

**3. Claims Outside Scope of ADA**

For several of Plaintiff's claims, he relied on the California Manual of Uniform Traffic Control Devices ("MUTCD") and Title 24 of the California Code of Regulations ("Title 24"), arguing that the ADAAG incorporated these state-law standards into the substance of the ADA. Those claims included the following: (1) "The tow away signage provided at the facility is incorrect;" (2) "There is no directional signage leading to the accessible restrooms;" (3) "The handle and lock on the stall door requires pinching and twisting to operate;" and (4) "The toilet tissue dispenser protrudes into the clear floor space needed at the water closet." (Compl. ¶ 10, ECF No. 1) As to those claims, the Court deemed them outside the scope of the ADAAG because the ADAAG does not incorporate state-law standards, granting summary judgment in favor of Defendants.

Several district courts in cases involving Plaintiff's counsel have previously held—and just prior to the filing of the instant motion, the Ninth Circuit also held, *see Oliver*, 654 F.3d at 911—that the ADAAG does not incorporate the MUTCD.[6] And yet, Plaintiff's counsel tirelessly pursued this same argument before this Court, boldly stating that "[w]ith all due respect to these district judges, they are wrong." (Resp. in Opp'n 6, ECF No. 79) Despite being on notice that violations of state-law accessibility standards would not constitute violations of the ADA, Plaintiff nevertheless asserted these claims. However, because the Ninth Circuit had not yet directly addressed this issue prior to the filing of the instant complaint, the Court declines to hold that these four claims were frivolous.

//

---

[6] *See, e.g.*, *Oliver v. KFC Corp.*, No. 06cv2273, 2008 U.S. Dist. LEXIS 53576, at *17–18 (S.D. Cal. July 14, 2008) (Sammartino, J.) (declining to incorporate state-law standards into the substance of the ADA); *Martinez*, 2007 U.S. Dist. LEXIS 21838, at *8 n.4 ("[T]he [MUTCD is] not incorporated into the ADA's requirements."); *Sanford v. Roseville Cycle, Inc.*, No. 04-1114, 2007 U.S. Dist. LEXIS 10651, at *5 (E.D. Cal. Feb. 12, 2007) ("The ADA Accessibility Guidelines . . . are the exclusive standards for judging compliance with the ADA."); *Sanford v. Del Taco, Inc.*, No. 04-cv-2154, 2006 U.S. Dist. LEXIS 69475, at *7 (E.D. Cal. Sept. 18, 2006) ("The MUTCD does not establish the guidelines for a violation of the ADA."); *Chapman*, 2006 U.S. Dist. LEXIS 43740, at *20 ("[C]ompliance with the ADAAG, and not another standard, constitutes compliance with the ADA requirements."); *Eiden v. Home Depot USA, Inc.*, No. S-04-977, 2006 U.S. Dist. LEXIS 38423, at *24 (E.D. Cal. May 26, 2006) ("[T]he ADAAG . . . are the exclusive standards by which to establish architectural barriers under [the ADA].").

**4. State-Law Only Claims**

Plaintiff conceded that several of his claims were based purely on state law, and the Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims. Those claims included the following: (1) "The stall door is not self closing;" (2) "The soap dispenser's operable part is mounted at more than 40 inches from the floor;" and (3) "The operable part of the hand dryer is mounted at more than 40 inches from the floor." (Compl. ¶ 10, ECF No. 1)

Because the Court declined to exercise supplemental jurisdiction over these state-law claims, it did not reach the merits of them, and the Court cannot now hold that these claims were asserted frivolously. Although each of the alleged violations apparently complies with the state-law requirements, it is unclear whether they were in compliance at the time the case was filed or were remedied sometime thereafter. These claims are nonfrivolous.

**5. "The signage in the van accessible stall is incorrect."**

The only claim the Court analyzed on the cross-motions for summary judgment was Plaintiff's van accessible sign claim. The Court stated that "defendants' evidence, which has not been refuted by plaintiff, clearly indicates that a separate sign stating 'Van Accessible' was (or at least currently is) present underneath the sign indicating the disabled parking space. (Cypress Mem. ISO MSJ, Ex. G.) Thus, defendants are entitled to summary judgment on this issue." (Order, Aug. 26, 2009, 8, ECF No. 87) Because, as indicated in the prior order, it is unclear whether the sign was in compliance at the time suit was filed or not until after Defendant remedied it at some later point, the Court cannot deem this claim to be frivolous.

**CONCLUSION**

After reviewing each of the claims asserted in the original complaint, the Court finds each claim nonfrivolous. Because Plaintiff asserted "significant meritorious claims," the Court holds that the awarding of costs to Defendant was inappropriate.[7]

---

[7] Defendant argues that the Court should deem Plaintiff's suit frivolous based on Plaintiff's assertion of violations that were identified in the expert report but that were not included in the original complaint. Several courts have previously held that the expert report could not serve as a basis for asserting barriers not identified in the complaint, *see, e.g.*, *Sanford*, 2007 U.S. Dist. LEXIS 10651, at \*6 n.5; *White v. Divine Interests, Inc.*, No. S-04-0206, 2005 U.S. Dist. LEXIS 23018, at \*10–11 (E.D. Cal. Oct. 7, 2005), a point which the Ninth Circuit affirmed in this case on appeal, *Oliver*, 654

The Court therefore **GRANTS** Plaintiff's motion to re-tax costs, and **HEREBY VACATES** the Clerk's order taxing costs.

**IT IS SO ORDERED**.

DATED: January 4, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

F.3d at 909. In light of the fact that the majority of Plaintiff's claims that were asserted in the original complaint were deemed nonfrivolous, however, even if the Court deems Plaintiff's attempt to assert violations not included in the original complaint to be frivolous, it would not change the outcome of the present motion.